IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-452-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| LEONID ISAAKOVICH TEYF, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's request for review of the magistrate judge's pretrial detention order filed December 18, 2018. (DE 75). Review having been undertaken at hearing January 22, 2019, continued upon defendant's request, this opinion memorializes reasons why defendant's plea for release was denied from the bench.

## BACKGROUND

Superceding indictment of defendant Leonid Isaakovich Teyf ("Teyf") was returned December 6, 2018, wherein this defendant is charged with one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956; eighteen counts of aiding and abetting in money laundering, in violation of 18 U.S.C. § 1957; one count of bribery of a public official, in violation of 18 U.S.C. § 201; one count of murder for hire, in violation of 18 U.S.C. § 1958; one count of aiding and abetting others knowingly possessing a firearm shipped in interstate commerce from which the manufacturer's serial number had been obliterated, in violation of 18 U.S.C. §§ 922, 924; one count of conspiring and aiding and abetting to encourage and induce an alien to come to, enter, or reside in the United States, knowing and in reckless disregard of the fact that such coming to,

1

entry, or residence is or will be in violation of law, in violation of 8 U.S.C. § 1324; one count of knowingly using and possessing an immigrant visa known to be procured by means of a false statement, in violation of 18 U.S.C. § 1546; and four counts of deposit, withdrawal, transfer, and exchange of U.S. currency, funds, and monetary instruments having been derived from illegal kickback funds belonging to the government of Russia, in violation of 18 U.S.C. 1957.

Defendant Teyf appeared before a magistrate judge December 18, 2018. The magistrate judge found probable cause for the charged offenses and ordered detention pending trial. (DE 68). Defendant sought review of the magistrate judge's decision on detention in filing made January 3, 2019. (DE 75).

**COURT'S DISCUSSION**

A.  Motion to Revoke Magistrate Judge's Detention Order

If a person is ordered detained by a magistrate judge, the person may file with the district court a motion for revocation of the order. 21 U.S.C. § 3145(b). The district court should conduct a de novo review of the decision by the magistrate judge. United States v. Clark, 865 F.2d 1433, 1437 (4th Cir. 1989); United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985); United States v. Ramey, 602 F. Supp. 821, 822-24 (E.D.N.C. 1985).

In doing so, the court makes an independent determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence before the magistrate judge. See Williams, 753 F.2d at 333-34. The court may conduct a further evidentiary hearing if it is necessary or desirable in carrying out the review. See id., at 333; see also United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990) (district court has discretion on whether to conduct a further evidentiary hearing); United States v. Delker, 757 F.2d 1390, 1393-94 (3rd Cir. 1985); United States

2

v. Fortna, 769 F.2d 243, 249-50 (5th Cir. 1985) (same).

Pre-trial detention must be ordered when, after hearing, a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(e)(1). In determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, the court must take into account the available information concerning

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release . . . .
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at hearing. 18 U.S.C. § 3142(f).

To consider whether any conditions of release reasonably will assure a defendant's attendance at trial, the government need only prove that there are no such conditions by a "preponderance of the evidence." United States v. Stewart, 19 F. App'x 46, 47 (4th Cir. 2001) (citing United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985)).

There is no presumption for detention in this case. However, having reviewed all the evidence before the magistrate judge in addition to the evidence presented to the court at hearing,

3

the court concludes upon <u>de novo</u> review the government has proven by a preponderance of the evidence that defendant Teyf poses a risk of flight, and no condition or combination of conditions will reasonably assure the appearance of defendant Teyf as required. The court incorporates its reasoning as stated on the record January 22, 2019.

B.  Sealing of Hearing Exhibits

During defendant Teyf's detention hearings, defendant Teyf submitted for the court's consideration a police report, marked as exhibit "D9." Upon review of the document at hearing, the court discerned that it reveals the identity of the victim of the murder for hire plot alleged in this case. The court ordered defense exhibit number 9 sealed. Defendant was ordered to submit proposed redactions of defense exhibit 9 excluding identifiers of any alleged victim within 14 days from date of hearing.

Additionally, the court provisionally sealed at hearing defense exhibits 5 and 6, upon the government's request, which exhibits are transcripts of certain discussions which the government complains should not be disclosed. The government was allowed 14 days within which to file a motion to permanently seal the exhibit. If no motion is filed, the exhibits described above will be unsealed.

Finally, defendant relied upon his medical records in furtherance of his request to be released pending trial. Said records are contained within defense exhibit 10. With concurrence of defendant, and hearing no objection from the government, on its own motion the court sealed defense exhibit 10.

C.  Case Scheduling Order

During defendant's detention hearing, the court addressed possible dates for trial. Defendant

was uncertain whether he wished to waive his speedy trial right, and expressed through counsel his concern for his health and safety in prison. In light of these developments, the court modified the deadlines in the case as follows:

1. Pretrial motions shall be filed no later than March 11, 2019, and response are due no later than March 18, 2019;

2. Arraignment is set for March 25, 2019;

3. Proposed jury instructions and voir dire are due no later than March 27, 2019; and

3. Should defendant plead not guilty to the charges raised against him, trial in this matter is set to commence April 8, 2019. The trial shall run from Monday to Thursday each week for the time needed, estimated by counsel to be up to three weeks.

**CONCLUSION**

For the reasons given, defendant is ordered DETAINED pending trial subject to previously announced conditions, including that defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that he shall be afforded reasonable opportunity for private consultation with his counsel; and, that on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility where defendant is confined shall deliver defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

Sealed or proposed sealed materials are addressed as set forth above. The schedule of the case has been modified also as set forth in the court's order, providing that pretrial motions shall

be filed no later than March 11, 2019, and responses are due no later than March 18, 2019. Arraignment is set for March 25, 2019. Proposed jury instructions and voir dire are due March 27, 2019. Should defendant plead not guilty to the charges raised against him, trial in this matter will be set to begin April 8, 2019.

SO ORDERED, this the 28th day of January, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge