DocuSign Envelope ID: 1356B4AE-8E25-4FA9-9C6F-73C1DE2536A8

## Agreement

This agreement (the "Agreement") is entered into by and between the United States Attorney's Office for the Eastern District of North Carolina (the "EDNC") and Lank Ventures LLC ("Lank").

In June of 2017, Lank purchased land at 0 and 9213 Ray Road, Raleigh, in order to develop the land and prepare it for the construction of residential homes (the "Wyndcrest Project"). Lank was organized to implement the Wyndcrest Project. Blue Sky Services Development LLC ("Blue Sky"), through its subsidiary, BSS Holdings 2, LLC, owns twenty-five percent (25%) of the outstanding equity interests in and to Lank. Each of Konstantin Tomilin, Leonid Teyf ("Teyf"), Alexei Polyakov ("Polyakov"), owns twenty percent (20%) of the outstanding equity interests in and to Lank. Mark Lyubinin owns fifteen percent (15%) of the outstanding equity interests in and to Lank.

The EDNC and Lank (each a "Party," and together the "Parties") hereby agree to the following:

1. The EDNC shall return funds in the amount of USD 764,742.42 that was seized pursuant to the Warrant to Seize Property Subject to Forfeiture, No. 5:18-mj-2083-JG, signed by U.S. Magistrate Judge, James E. Gates, and dated December 5, 2018, from BB&T account number XXXXXX4304 (the "BB&T Account"), upon a judicial finding of probable cause that said funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(c)(1)(A) and 982(a)(1), and release these funds for the benefit of Lank for use in completion of the Wyndcrest Project (the "Released Funds").

2. The EDNC agrees that it will take no action to effectuate the civil or criminal forfeiture of the real property involved in the Wyndcrest Project. The EDNC also agrees that it will take no action to effectuate the civil or criminal forfeiture of the other assets of Lank, including without limitation the equity interests of individual Lank members, except to the extent that any such member is implicated (or later discovered to be implicated) in the criminal conduct that led to the Indictments filed in *United States v. Teyf et al., No. 5:18-cr-00452-FL (E.D.N.C. filed Dec. 6, 2018)*, and the complaints filed in *United States v. Polyakov, No. 5:18-mj-02092-JG (E.D.N.C. filed Dec. 6, 2018)* and *United States v. Cotter, No. 5:18-mj-02091-JG (E.D.N.C. filed Dec. 6, 2018)*.

3. The Released Funds shall be placed in the BB&T Account. Lank will withdraw funds from the BB&T Account only to complete the Wyndcrest Project. Such completion includes, but is not limited to, (i) paying outstanding bills from contractors and other creditors (including without limitation legal counsel), and (ii) reimbursing Lank's shareholders who have contributed funds to the Wyndcrest Project as a result of the seizure referenced in Paragraph 1.

4. Lank will complete the Wyndcrest Project and intends to sell all of the lots therefrom. Lank has identified more than one potential buyer represented by Jim Allen Group. However, Lank reserves the right to sell the lots from the Wyndcrest Project to a buyer or buyers other than those mentioned herein if it determines that such sale would be in the best interest of Lank's shareholders.

5. Upon the sale of the Wyndcrest Project, the Parties agree that any proceeds from such sale will be placed in a separate escrow account (the "Escrow Account"). Such proceeds shall be released from the Escrow Account in accordance with a disbursement schedule to be agreed upon by the Parties. The EDNC agrees not to unreasonably withhold consent to any proposed disbursements from the Escrow Account. Lank reserves any and all rights it may have against such proceeds in addition to the rights of the EDNC.

6. A portion of the proceeds in the Escrow Account will include funds that are due to Polyakov and Teyf in their respective capacities as holders of equity interest in and to Lank. Such funds shall remain in the



GOVERNMENT
EXHIBIT
1

DocuSign Envelope ID: 1356B4AE-8E25-4FA9-9C6F-73C1DE2536A8

Escrow Account until the resolution of their respective criminal cases, or until such funds are directed to be released by the EDNC. In the event that forfeiture is ultimately ordered, it is the intent of this agreement that such funds remaining in the Escrow Account shall be substituted for the directly forfeitable property, and shall also be available to satisfy an order forfeiting substitute assets pursuant to 21 U.S.C. § 853(p).

7.  A portion of the proceeds in the Escrow Account will include funds of the principal loan amount owed to Teyf as evidenced by the Promissory Note, executed by Lank and payable to Teyf dated October 26, 2017. Such funds shall remain in the Escrow Account until the resolution of his criminal case, or until such funds are directed to be released by the EDNC. In the event that forfeiture is ultimately ordered, it is the intent of this agreement that such funds remaining in the Escrow Account shall be substituted for the directly forfeitable property, and shall also be available to satisfy an order forfeiting substitute assets pursuant to 21 U.S.C. § 853(p).

8.  Lank releases and forever discharges the United States of America, the U.S. Department of Justice, the Federal Bureau of Investigation, the Internal Revenue Service, and their respective departments, representatives, officers, agents, attorneys, and employees, of and from any and all liabilities, claims or causes of action whatsoever at law or in equity, whether now known or hereinafter discovered, arising out of the seizure of the above-described property.

9.  Notwithstanding anything to the contrary set herein, Lank reserves any and all rights it may have against the amounts to be placed in escrow pursuant to this agreement, including, but not limited to, claims for recoupment of legal costs, late fees, and/or interest resulting from the seizure.

10. This Agreement has been authorized by the shareholders, BSS Holdings LLC, 2, Konstantin Tomilin, and Mark Lyubinin, together representing the majority of the equity interest in and to Lank. This Agreement has also been authorized by Lank's Manager, Nikita Zhitov, in accordance with Lank's Operating Agreement as amended on January 25, 2019.

11. The shareholders of Lank contemplate signing this agreement with electronic signatures via DocuSign. Electronic signatures (including those affixed via DocuSign) shall constitute acceptable, binding signatures for purposes of this Agreement.

DocuSign Envelope ID: 1356B4AE-8E25-4FA9-9C6F-73C1DE2536A8

Representing the Majority Equity Interest in and to Lank Ventures LLC:

Konstantin Tomilin

Name

DocuSigned by:

*Konstantin Tomilin*

2606846052124C6...

Signature

Shareholder

Title

2/13/2019

Date


Mark Lyubinin

Name

DocuSigned by:

*Mark Lyubinin*

39840093F1304FD...

Signature

Shareholder

Title

2/13/2019

Date


Nikita Zhitov

Name

DocuSigned by:

*Nikita Zhitov*

73880AA474204D0...

Signature

Manager of BSS Holdings 2, LLC

Title

2/13/2019

Date


[Continued on Next Page]

EXECUTED VERSION

For Lank Ventures LLC:

Nikita Zhitov
_____
Name

*Nkita Zhitov*
— 73880AA474204D0...
_____
Signature

Manager of Lank Ventures, LLC
_____
Title

2/13/2019
_____
Date


AND


For the United States Attorney's Office for the Eastern District of North Carolina:

_____
Name

_____
Signature

ASSISTANT U.S. ATTORNEY
Title

FEBRUARY 14, 2019
Date

4