IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:18-CR-00452-FL

**UNITED STATES OF AMERICA**

v.

**LEONID ISAAKOVICH TEYF, et al.,**

**ORDER GRANTING JOINT MOTION TO RELEASE FUNDS**

Before the Court is the Joint Motion to Release Funds, agreed to between the U.S. Attorney's Office for the Eastern District of North Carolina ("EDNC") and Lank Ventures LLC ("Lank") (collectively, the "Parties"). The Parties jointly move for the release of seized property in Branch Bank and Trust account XXXXXX4304, as well as reasonable conditions to protect access to the property and its use in later proceedings.

Having reviewed the Joint Motion, the terms of which are memorialized in the Parties' Agreement (Ex. 1), the Parties' Joint Motion is **GRANTED**.

Accordingly, IT IS HEREBY ORDERED THAT:

1. The EDNC shall return funds in the amount of [USD 764,742.42] that was seized pursuant to the Warrant to Seize Property Subject to Forfeiture dated December 5, 2018, from BB&T account number XXXXXX4304 (the "BB&T Account"), upon a judicial finding of probable cause that said funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(c)(1)(A) and 982(a)(1), and release these funds for the benefit of Lank for use in completion of the Wyndcrest Project (the "Released Funds").

2. The Released Funds shall be placed in the BB&T Account. Lank shall withdraw funds from the BB&T Account only to complete the Wyndcrest Project. Such completion includes, but is not limited to, (i) paying outstanding bills from contractors and other creditors, and (ii) reimbursing Lank's shareholders who have contributed funds to the Wyndcrest Project as a result of the seizure referenced in Paragraph 1.

3. Upon the sale of the Wyndcrest Project, the Parties agree that any proceeds from such sale will be placed in a separate escrow account (the "Escrow Account"). Such proceeds shall be released from the Escrow Account in accordance with a disbursement schedule to be agreed upon by the Parties. The EDNC shall not unreasonably withhold consent to any proposed disbursements from the Escrow Account.

4. A portion of the proceeds in the Escrow Account will include funds that are due to Polyakov and Teyf in their respective capacities as holders of equity interest in and to Lank. Such funds shall remain in the Escrow Account until the resolution of their respective criminal cases, or until such funds are directed to be released by the EDNC. In the event that forfeiture is ultimately ordered, such funds remaining in the Escrow Account shall be substituted for the directly forfeitable property, and shall also be available to satisfy an order forfeiting substitute assets pursuant to 21 U.S.C. § 853(p).

5. A portion of the proceeds in the Escrow Account will include funds of the principal loan amount owed to Teyf as evidenced by the Promissory Note,

executed by Lank and payable to Teyf dated October 26, 2017. Such funds shall remain in the Escrow Account until the resolution of his criminal case, or until such funds are directed to be released by the EDNC. In the event that forfeiture is ultimately ordered, such funds remaining in the Escrow Account shall be substituted for the directly forfeitable property, and shall also be available to satisfy an order forfeiting substitute assets pursuant to 21 U.S.C. § 853(p).

**IT IS SO ORDERED.**

Dated: 2/20/2019

LOUISE W. FLANAGAN
United States District Court Judge