IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:18-CR-452-1-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) UNITED STATES' RESPONSE TO |
| | ) DEFENDANT LEONID TEYF's |
| | ) MOTION TO QUASH |
| LEONID ISAAKOVICH TEYF, | ) |
| | ) |
| Defendant. | ) |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds in opposition to Defendant's motion to quash a grand jury subpoena issued him for records that persons who possess foreign bank accounts are required to maintain under 31 C.F.R. § 1010.420 (formerly 31 C.F.R.§ 103.32). The defendant argues the subpoena is unreasonable and oppressive, violates his Sixth Amendment right to counsel, and violates his Fifth Amendment rights against self-incrimination and to due process. Each of these arguments lack support in the law, and are addressed below in turn.

The defendant argues the subpoena is unreasonable and oppressive under Federal Rule of Criminal Procedure 17 because of defendant's inability to speak English, because he nor his attorneys have had the ability to review any documents seized from his home, and because there is the possibility he might not accurately remember what records were kept where, and inadvertently provide an incomplete response. D.E. 175 at 5-6. The defendant cites no case in support, and none of these arguments bear on the unreasonableness or oppressiveness of the subpoena.

"[A] grand jury subpoena issued through normal channels is presumed to be

reasonable, and the burden of showing unreasonableness must be on the recipient who seeks to avoid compliance." United States v. R. Enterprises, 498 U.S. 292, 301 (1991). In R. Enterprises, the Court remarked that "[a]s one pair of commentators has summarized it, the challenging party's 'unenviable task is to seek to persuade the court that the subpoena that has been served on [him or her] could not possibly serve any investigative purpose that the grand jury could legitimately be pursuing.' 1 S. Beale & W. Bryson, Grand Jury Law and Practice § 6:28 (1986)." Id. Cases generally discuss timing of response and the breadth or vagueness of the demand in regard to oppressiveness. See, e.g., United States v. Rand, 835 F.3d 451, 463 (4th Cir. 2016). None of these faults are claimed here.

Indeed, the issued subpoena is narrowly defined in scope, refers to a specific set of records the defendant is required to have or can obtain through his own request of the banks of which he is a customer, and an extension of time to respond was already granted to assist in forming his response. The subpoena is not unreasonable or oppressive under the law, and should not be quashed on this ground.

The defendant also argues that the government could obtain the records through other process, such as through a Mutual Legal Assistance Treaty with other countries. As held in the Fourth Circuit, "the existence of an alternative means of obtaining information is insufficient to render a subpoena unreasonable or subpoenaed material irrelevant to a grand jury investigation." In re Grand Jury, John Doe No. G.J.2005-2, 478 F.3d 581, 587 (4th Cir. 2007). This argument also does not state a ground that the subpoena is unreasonable or oppressive under the law, and should be disregarded.

The defendant next argues that the subpoena violates his sixth amendment

rights as any response to it could not be effectively reviewed by counsel. D.E. 175 at 7-8. In support, the defendant asserts the attorneys have no access to the myriad of documents seized from the defendant's home. Were that true, it would be a very serious charge even without regard to a subpoena. Upon information and belief, however, from the date of the first correspondence to the defendant's attorneys regarding discovery, December 21, 2018, counsel were informed that all physical evidence in possession of law enforcement was available to them for review. Further upon information and belief, not having received a request to view the evidence, counsel were informed in later correspondence on February 1, 2019 that the government had yet to receive a request for their review, and that such could be arranged if they but ask. The defendant's attorneys have had full access to all documents and things seized from the defendant's home since shortly after his arrest. The subpoena, or any other government action, has not violated nor will violate the defendant's sixth amendment right to counsel.

Finally, the defendant argues that the subpoena violates his fifth amendment rights. [1] Specifically, he argues that a case decided by the Supreme Court in 2000 "disaffirmed" the rationale underlying the required records doctrine, and requests this Court reconsider its own application of the doctrine. D.E. 175 at 9-10. While the constitution does guarantee a right against compulsion to be a witness against oneself, "the privilege against self-incrimination does not bar the government from imposing

---

[1] The defendant argues in part that since he does not have access to the records seized from his home, the subpoena violates his fifth amendment right to due process. D.E. 175 at 10-11. As noted above, however, the defendant, through counsel, has full access to all physical evidence against him, including all records seized from his home and this argument is without merit.

recordkeeping and inspection requirements as part of a valid regulatory scheme." United States v. Under Seal, 737 F.3d 330 (4th Cir. 2013), citing Shapiro v. United States, 335 U.S. 1 (1948). The required records doctrine, as this is known, overrides the Fifth Amendment privilege. See, Marchetti v. United States, 390 U.S. 39 (1968) and Grosso v. United States, 390 U.S. 62 (1968). The defendant essentially argues United States v. Hubbell, 530 U.S. 27, 35-36 (2000) undercuts this doctrine by reaffirming the act of production doctrine, without reiterating the exception for required records.

Title 31 subpoenas "meet all the requirements of the required records doctrine [. . . and] the Fifth Amendment privilege is inapplicable." Under Seal, 737 F.3d at 337. To date, at least seven different circuits have affirmed the required records doctrine, all rendered a decade and more after the Hubbell decision, and a writ of certiorari to the Supreme Court was denied in at least two of them. See, Id.; United States v. Zhong H. Chen, 815 F.3d 72, 78 (1st Cir. 2016); United States v. Chabot, 793 F.3d 338 (3d Cir.), cert. denied, ––– U.S. ––––, 136 S.Ct. 559, 193 L.Ed.2d 430 (2015); In re Grand Jury Subpoena Dated Feb. 2, 2012, 741 F.3d 339 (2d Cir.2013); In re Grand Jury Proceedings, No. 4–10, 707 F.3d 1262 (11th Cir.), cert. denied, ––– U.S. ––––, 134 S.Ct. 129, 187 L.Ed.2d 37 (2013); In re Grand Jury Subpoena, 696 F.3d 428 (5th Cir.2012); In re Special Feb. 2011–1 Grand Jury Subpoena Dated Sept. 12, 2011, 691 F.3d 903 (7th Cir.2012), cert. denied, ––– U.S. ––––, 133 S.Ct. 2338, 185 L.Ed.2d 1064 (2013). The required records doctrine has not been disaffirmed or reduced in any manner.

For the above reasons, defendant TEYF's motion to quash the subpoena should be denied.

Respectfully submitted this 12th day of March, 2019.

                        ROBERT J. HIGDON, JR.
                        United States Attorney

By:    */s/ Barbara D. Kocher*
       JASON M. KELLHOFER
       BARBARA D. KOCHER
       Assistant U.S. Attorney
       310 New Bern Avenue, Suite 800
       Raleigh, NC 27601
       Telephone: 919-856-4530
       Fax: 919-856-4487
       E-mail: jason.kellhofer@usdoj.gov
       OH Bar: 0074736
       E-mail: barb.kocher@usdoj.gov
       NC Bar: 16360

CERTIFICATE OF SERVICE

This is to certify that I have this 12th day of March 2019, served a copy of the foregoing filing upon counsel for the defendant in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to:

**Benjamin F. Leighton**
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003

**James P. McLoughlin, Jr.**
Moore & Van Allen
100 N. Tryon St., Suite 4700
Charlotte, NC 28202-4003

**Nathan A. White**
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003

By: */s/ Barbara D. Kocher*
BARBARA D. KOCHER
Assistant U.S. Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
E-mail: barb.kocher@usdoj.gov
NC Bar: 16360