UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:18-CR-00452-FL(3)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | THIRD |
| LEONID ISAAKOVICH TEYF, | ) | SUPERSEDING |
| TATYANA ANATOLYEVNA TEYF, | ) | INDICTMENT |
| a/k/a TATIANA TEYF, | ) | |
| ALEXEY VLADIMIROVICH TIMOFEEV, | ) | |
| OLESYA YURYEVNA TIMOFEEVA, | ) | |
| ALEXEI IZRAILEVICH POLYAKOV, a/k/a | ) | |
| ALEX NORKA | ) | |

The Grand Jury charges:

## INTRODUCTION

1.      LEONID ISAAKOVICH TEYF ("TEYF") was born in Belarus, which at the time was a Slavic Republic within the former Soviet Union. Prior to coming to the United States in 2010, he had been a resident of Russia. While in Russia, TEYF served as President of Fishing Group (FG) Delta Plus (hereinafter "FGDP") for approximately five (5) years. Since arriving in the United States, TEYF reports he has been the President of Delta Plus, LLC (hereinafter "Delta Plus"), the United States based subsidiary of FGDP. TEYF is a current legal resident of the United States.

2.      TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) ("TATYANA"), is the spouse of LEONID ISAAKOVICH TEYF. She is a citizen of Russia and currently a resident legal alien of the United States.

1

3.     ALEXEY VLADIMIROVICH TIMOFEEV ("TIMOFEEV") is a Russian citizen.  He has been in the United States since approximately October 28, 2014. TIMOFEEV entered the United States pursuant to a B-2 Visa, and currently holds an F-2 visa, derivative to his spouse's F-1 student visa.

4.     FGDP is a multinational company headquartered in Volodarskiy, Russia, and was organized on or about April 8, 2002.  It reportedly has over fifteen hundred (1,500) employees, eighty (80) fishing vessels, and annual revenue in excess of $14 Million (USD) and is one of the largest fisheries and fish processing plants in the Volga region of Russia.

5.     Delta Plus is a Limited Liability Company organized in the State of North Carolina for the stated primary purpose of operating an urgent care clinic; and was reported to be an 80% owned subsidiary of FGDP.

6.     CTK Transportation Incorporated (hereinafter "CTK") was incorporated in the State of Illinois, on or about December 27, 2012. According to corporate registration documents, TIMOFEEV is the registered agent of CTK and TEYF is the President of CTK.

7.     While Anatoli Serdyokov was Russia's Minister of Defense, Serdyokov granted the company, VOENTORG, a contract to provide the Russian military with goods and services (e.g., laundry, food, and equipment).  Voentorg, in turn, subcontracted with various other companies to provide these goods and service.

8.     As relevant to this indictment, between 2010 and 2012, exact dates unknown, TEYF was Deputy Director of Voentorg.  As such, TEYF arranged for

2

subcontractors in Russia to fill the various goods and services required of Voentorg's contract with the Russian Ministry of Defense. TEYF and others devised a scheme and artifice that prior to granting a subcontractor the work for Voentorg, the subcontractor had to agree that a certain percentage of the government funds which it would receive for completion of the work would be paid back to TEYF and others involved in that scheme and artifice. These kickbacks of government funds were paid in cash and amounted to more than $150,000,000 over an approximate two-year span. TEYF and others then directed some of the monies be paid to others involved in the scheme, and some of the monies were placed in various accounts over which TEYF had control. Some of the monies belonging to TEYF were transferred to accounts outside of Russia, and ultimately into accounts located in the United States.

9.      Since at least December 2010, TEYF, TATYANA, and others known and unknown to the grand jury have opened at least seventy (70) financial accounts at approximately four (4) domestic financial institutions, in the names of themselves and businesses under their control. TEYF and others received at least 294 wires for an approximate total of $39,500,000 into four (4) accounts held in TEYF's name and the names of co-conspirators at Bank of America, N.A ("BOA"). Foreign corporations and bank accounts in countries commonly known to be used for money laundering are the source of 293 of the wires that total approximately $39,415,000.

10.      Account XXXX XXXX 3905 ("BOA 3905") was opened on a date unknown at Bank of America, N.A. Between January 18, 2011 and March 2, 2013, BOA 3905 received $14,676,107 in wire transfers from accounts in Belize, the British Virgin

3

Islands, Hong Kong, Panama, and Seychelles. Of the accounts from which these funds originated, over $13,000,000 came from Cyprus, and the remainder from Hong Kong. TEYF is currently a signatory on this account.

11.     On September 18, 2012, TEYF opened demand deposit account number XXXX XXXX 9409, (a/k/a LT Revocable Trust "BOA 9409") at Bank of America, N.A. in which TEYF and TATYANA were listed as individual owners and were the only authorized signers on the account. This account received $4,106,952 in wire transfers between January 2011 and December 2013, the majority of which originated in Cyprus.

12.     On a date unknown, account XXXX XXXX 6014 ("BOA 6014") was opened at Bank of America, N.A. As of February 11, 2015, TATYANA was the authorized signer on the account. BOA 6014 received a total of $17,924,909 in wire transfers, over $15,000,000 originating in Cyprus, and approximately $2,000,000 in Hong Kong.

13.     In October 2012, account XXX XXXX 1736 was opened by TEYF and TATYANA in the name "New Market Way LLC." This account received $1,200,000 in transfers from BOA 6014.

14.     On a date unknown, account XXXX XXXX 3285 ("BOA 3285") was opened at Bank of America, N.A. Statements from January 2011 reflect the names of both TEYF and TATYANA; as of June 23, 2015, TEYF relinquished all interest in the account and TATYANA remained the sole signatory. Forty-four transfers were made from BOA 3905 into BOA 3285 for approximately $2,972,000.

4

15. On a date unknown, account XXXX XXXX 1991 ("BOA 1991") was opened at Bank of America, N.A. Statements from June 2011 reflect the names of both TEYF and TATYANA on the account; in June 2015, TATYANA relinquished all interest in the account and TEYF became the sole signatory. Between August 11, 2011 and March 23, 2012, TEYF made thirteen transfers from BOA 3905 to BOA 1991 for a total of $10,807,000.

16. On June 22, 2016, TATYANA opened demand savings account number XXXX XXXX 9748 ("BOA 9748") at Bank of America, N.A. in which TATYANA was listed as sole owner and as the only authorized signer on the account. On the same day, $9,000,000 was transferred from BOA 6014 to BOA 9748.

## COUNT ONE

17. The grand jury realleges and incorporates by reference herein all of the allegations contained in paragraphs one (1) through sixteen (16) of the Introduction to the Indictment, and further alleges that:

18. Beginning on a date no later than on or about March 2, 2011, and continuing through the present, in the Eastern District of North Carolina and elsewhere, the defendants, LEONID ISAAKOVICH TEYF, TATYANA ANATOLYEVNA TEYF (also known as TATIANA TEYF), ALEXEY VLADIMIROVICH TIMOFEEV, and others known and unknown to the Grand Jury, knowingly combined, conspired and agreed among themselves to commit offenses against the United States in violation of Title 18, United States Code, Section 1957, to wit: by knowingly engaging and attempting to engage in monetary transactions by,

5

through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, theft of funds belonging to the government of Russia in the form of kickbacks, a crime in that country, in violation of Title 18, United States Code, Section 1957.

19.     All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS TWO THROUGH TWENTY-SIX

20.     The grand jury realleges and incorporates by reference herein all of the allegations contained in paragraphs one (1) through sixteen (16) of the Introduction to the Indictment, and further alleges that:

21.     On or about the dates set forth below, in the Eastern District of North Carolina and elsewhere, the defendants, LEONID ISAAKOVICH TEYF, TATYANA ANATOLYEVNA TEYF (also known as TATIANA TEYF), ALEXEY VLADIMIROVICH TIMOFEEV, aiding and abetting each other, did knowingly engage and attempt to engage in the following monetary transactions by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the deposit, withdrawal, transfer, and exchange of U.S. currency, funds, and monetary instruments, such property having been derived from a specified unlawful activity, that is, illegal kickback of funds belonging to the government of Russia.

6

| COUNT | DEFENDANT(S) | ON OR ABOUT DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 2 | LEONID ISAAKOVICH TEYF, TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf), and ALEXEY TIMOFEEV | August 11, 2017 | Transfer of $260,000 from Bank of America Account XXXX XXXX 1736 to Bank of America Account XXXX XXXX 4884 |
| 3 | LEONID ISAAKOVICH TEYF | November 29, 2016 | Check #1075 written on Bank of America Account XXXX XXXX 1736 in the amount of $21,857.13 and deposited in Bank of America Account XXXX XXXX 4981 |
| 4 | LEONID ISAAKOVICH TEYF | November 29, 2016 | Check #1074 written on Bank of America Account XXXX XXXX 1736 in the amount of $50,000.00 and deposited in Bank of America Account XXXX XXXX 4981 |
| 5 | LEONID ISAAKOVICH TEYF and TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | January 26, 2015 | Transfer of $2,000,000 from Bank of America Account XXXX XXXX 1991 to Bank of America Account XXXX XXXX 6014 |
| 6 | LEONID ISAAKOVICH TEYF | February 14, 2018 | Transfer of $5,035,006.69 from Bank of America Account XXXX XXXX 1991 to Account XXXX XXXX 3812 at First Citizen's Bank |

| COUNT | DEFENDANT(S) | ON OR ABOUT DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 7 | LEONID ISAAKOVICH TEYF | February 14, 2018 | Transfer of $5,035,000.00 from Bank of America Account XXXX XXXX 1991 to Account XXXX XXXX 1502 at BB&T |
| 8 | LEONID ISAAKOVICH TEYF | February 14, 2018 | Transfer of $5,035,000.00 from Bank of America Account XXXX XXXX 1991 to Account XXXX XXXX 4726 at PNC bank |
| 9 | LEONID ISAAKOVICH TEYF, TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | October 12, 2016 | Payment of real estate taxes in the amount of $50,662.33 from Bank of America Account XXXX XXXX 3285 |
| 10 | TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | January 20, 2015 | Transfer of $200,000 from Bank of America Account XXXX XXXX 3844 to Bank of America Account XXXX XXXX 6014 |
| 11 | LEONID ISAAKOVICH TEYF and TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | April 23, 2018 | Purchase of a counter check in the amount of $1,087,804.34 using funds from Bank of America Account XXXX XXXX 3905 |
| 12 | LEONID ISAAKOVICH TEYF and ALEXEY VLADIMIROVICH TIMOFEEV | May 10, 2018 | Transfer of $30,000 from Bank of America Account XXXX XXXX 3905 to Bank of America Account XXXX XXXX 1314 |

| COUNT | DEFENDANT(S) | ON OR ABOUT DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 13 | LEONID ISAAKOVICH TEYF and TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | February 3, 2016 | Transfer of $100,000 from Bank of America Account XXXX XXXX 6014 to Bank of America Account XXXX XXXX 1736 |
| 14 | TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | November 2, 2017 | Transfer of $25,000 from Bank of America Account XXXX XXXX 6014 to Bank of America Account XXXX XXXX 7892 |
| 15 | TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | June 14, 2016 | Transfer of $300,000 from Bank of America Account XXXX XXXX 6014 to Bank of America Account XXXX XXXX 3844 |
| 16 | TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) and ALEXEY VLADIMIROVICH TIMOFEEV | August 30, 2016 | Transfer of $40,000 from Bank of America Account XXXX XXXX 6014 to Bank of America Account XXXX XXXX 1563 |
| 17 | LEONID ISAAKOVICH TEYF and TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | February 12, 2015 | Transfer of $450,000 from Bank of America Account XXXX XXXX 6014 to Bank of America Account XXXX XXXX 1736 |
| 18 | LEONID ISAAKOVICH TEYF and TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | November 6, 2015 | Transfer of $700,000 from Bank of America Account XXXX XXXX 6014 to Bank of America Account XXXX XXXX 1736 |
| 19 | LEONID ISAAKOVICH TEYF and TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | May 29, 2014 | Transfer of $9,000,000 from Bank of America Account XXXX XXXX 6014 to Bank of America Account XXXX XXXX 1991 |

9

| COUNT | DEFENDANT(S) | ON OR ABOUT DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 20 | TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | June 22, 2016 | Transfer of $9,000,000 from Bank of America Account XXXX XXXX 6014 to Bank of America Account XXXX XXXX 9748 |
| 21 | LEONID ISAAKOVICH TEYF, TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf), and ALEXEY VLADIMIROVICH TIMOFEEV | February 19, 2015 | Transfer of $132,000 from Bank of America Account XXXX XXXX 9409 to Wells Fargo Bank Account XXXX XXXX 1952 |
| 22 | LEONID ISAAKOVICH TEYF, TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) and ALEXEY VLADIMIROVICH TIMOFEEV | November 4, 2014 | Transfer of $19,000 from Bank of America Account XXXX XXXX 9409 to PNC Bank Account XXXX XXXX 5564 |
| 23 | LEONID ISAAKOVICH TEYF, TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) and ALEXEY VLADIMIROVICH TIMOFEEV | September 25, 2014 | Transfer of $30,000 from Bank of America Account XXXX XXXX 9409 to PNC Bank Account XXXX XXXX 5564 |
| 24 | LEONID ISAAKOVICH TEYF and TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | September 2, 2014 | Transfer of $50,000 from Bank of America Account XXXX XXXX 9409 to Bank of America Account XXXX XXXX 0990 |

| COUNT | DEFENDANT(S) | ON OR ABOUT DATE | MONETARY TRANSACTION |
|-------|--------------|------------------|---------------------|
| 25 | TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | April 4, 2018 | Transfer of $1,000,000 from Bank of America Account XXXX XXXX 9748 to First Citizen's Bank Account XXXX XXXX 3951 |
| 26 | TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | April 2, 2018 | Transfer of $50,000 from Bank of America Account XXXX XXXX 9748 to First Citizen's Bank Account XXXX XXXX 3951 |

22.     Each entry in the above table constituting a separate violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT TWENTY-SEVEN

23.     On or about May 23, 2018, in the Eastern District of North Carolina, the defendant, LEONID ISAAKOVICH TEYF, did, directly and indirectly, corruptly give, offer, and promise a thing of value to a public official, with intent to induce a public official to do an act and omit to do an act in violation of his official duty, that is, by giving $10,000 to an employee of the United States Department of Homeland Security to cause an individual to be deported from the United States, in violation of Title 18, United States Code, Section 201(b)(1).

## COUNT TWENTY-EIGHT

24.     On or about June 20, 2018, in the Eastern District of North Carolina and elsewhere, the defendant, LEONID ISAAKOVICH TEYF, did knowingly use or cause another to use a facility of interstate commerce, to wit, a cellular telephone,

11

with intent that the murder of A.G. be committed in violation of the laws of North Carolina as consideration for an agreement to pay things of pecuniary value, to wit: a sum of U.S. currency.

25.    All in violation of Title 18, United States Code, Section 1958.

## COUNT TWENTY-NINE

26.    On or about June 20, 2018, in the Eastern District of North Carolina, the defendant, LEONID ISAAKOVICH TEYF, aiding and abetting others known and unknown to the grand jury, knowingly possessed a firearm that had been shipped and transported in interstate commerce from which the manufacturer's serial number had been removed, altered and obliterated.

27.    All in violation of Title 18, United States Code, Sections 922(k), 924(a)(1)(B) and 2.

## COUNT THIRTY

28.    From or about October 28, 2014, and continuing through in or around October 28, 2018, in the Eastern District of North Carolina and elsewhere, the defendants, LEONID ISAAKOVICH TEYF, TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf), ALEXSY VLADIMIROVICH TIMOFEEV, and OLESYA YURYEVNA TIMOFEEVA and others known and unknown to the Grand Jury conspired and aided and abetted one another to encourage and induce an alien to come to, enter, or reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law.

29.    All in violation of Title 8 United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(A)(v)(II).

## Object of the Conspiracy

30.  The object of the conspiracy was to encourage and induce an alien to reside in the United States knowing that it was illegal to engage in employment and aid and abet one another to encourage or induce an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law.

## Manner and Means of the Conspiracy

31.  The conspiracy was carried out by defendants LEONID ISAAKOVICH TEYF, TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf), ALEXSY VLADIMIROVICH TIMOFEEV, and OLESYA YURYEVNA TIMOFEEVA, in the Eastern District of North Carolina and elsewhere by filing applications and supporting documents with United States Citizenship and Immigration Services (USCIS), and employment of aliens that were not authorized to be employed in the United States, knowing or in reckless disregard of that fact is or will be in violation of law.

## Overt Acts

32.  In furtherance of the conspiracy and to affect the illegal object thereof, the following overt acts, among others, were committed in the Eastern District of North Carolina and elsewhere:

13

33. On September 7, 2012, New Market Way, Limited Liability Company (LLC) was registered with the North Carolina Secretary of State, and currently has a filing status as dissolved. New Market Way LLC listed defendant TATIANA ANATOLYEVNA TEYF as registered agent and President of the company, with an address of XXXX New Market Way, Raleigh, NC 27615.

34. On December 27, 2012, CTK Transportation Incorporated was registered in the State of Illinois, and currently has a filing status listed as active. CTK Transportation Incorporated listed defendant LEONID ISAAKOVICH TEYF as the President of the company, with an address of XXXX Glenwood Avenue, Raleigh, North Carolina 27603.

35. On August 25, 2014, Carolina Transportation Group Incorporated, was registered in the State of Illinois, and currently has a filing status listed as, dissolved as of January 12, 2018. Carolina Transportation Group listed A.S. as the Secretary, and defendant TATYANA ANATOLYEVNA TEYF as the President of the company, with an address of XXXX West 47th Street, Chicago, Illinois 60638.

36. On or about October 28, 2014, defendants ALEXSY VLADIMIROVICH TIMOFEEV, and OLESYA YURYEVNA TIMOFEEVA entered the United States at New York, New York with nonimmigrant visitor visas (B-2 Visa) and were authorized to remain in the United States for a period not to exceed April 27, 2015.

37. On or about October 29, 2014 through November 29, 2014, defendants ALEXSY VLADIMIROVICH TIMOFEEV, and OLESYA YURYEVNA TIMOFEEVA

resided at the home of defendants LEONID ISAAKOVICH TEYF, TATYANA ANATOLYEVNA TEYF at XXXX New Market Way, Raleigh, North Carolina.

38.    Sometime in or about November 29, 2014, defendants ALEXSY VLADIMIROVICH TIMOFEEV, and OLESYA YURYEVNA TIMOFEEVA moved to the Chicago, Illinois area for providing bookkeeping and auditing services for defendants LEONID ISAAKOVICH TEYF and TATYANA ANATOLYEVNA TEYF at CTK Transportation and Carolina Transportation respectively.

39.    On or about February 28, 2015, defendant OLESYA YURYEVNA TIMOFEEVA applied to Computer Systems Institute (CSI) at the Lombard Campus, Lombard, Illinois as an F-1 student.

40.    On March 25, 2015, defendant OLESYA YURYEVNA TIMOFEEVA was provided a letter from CSI stating that she met the entrance requirements for full-time enrollment in the Intermediate English as a Second Language (ESL) program. As a result, CSI issued a Certificate of Eligibility for Nonimmigrant Student Status – For Academic and Language Students (Form I-20) in the name of TIMOFEEVA valid from September 28, 2015 to September 28, 2016.

41.    On or about March 4, 2015, defendant TATYANA ANATOLYEVNA TEYF prepared an Affidavit of Support (Form I-134) in support of the filing of the Application to Change Nonimmigrant Status (Form I-539) filed by defendant OLESYA YURYEVNA TIMOFEEVA.

42.    As part of the I-539 application, OLESYA YURYEVNA TIMOFEEVA claimed that neither she nor anyone else within the application had done anything

15

that violated the terms of the nonimmigrant status and explicitly claimed that neither she nor any other person included in this application had been employed in the United States since last admitted or granted extension or change of status. She made these claims, when she knew that both she and her husband, ALEXSY VLADIMIROVICH TIMOFEEV, were unlawfully employed by LEONID ISAAKOVICH TEYF in violation of their nonimmigrant status.

43.     On or about March 10, 2015, OLESYA YURYEVNA TIMOFEEVA filed two (2) Applications to Extend/Change Nonimmigrant Status (Form I-539) with USCIS requesting that her immigration status be changed from a nonimmigrant visitor for pleasure (B-2) to that of a nonimmigrant student (F-1). Additionally, applications were filed for her husband, ALEXSY VLADIMIROVICH TIMOFEEV, and her minor child for their status to be changed from nonimmigrant visitors for pleasure (B-2) to that of nonimmigrant dependents (F-2'S) of an (F-1). These changes were granted on or about August 28, 2015.

44.     On or about June 27, 2016, defendant OLESYA YURYEVNA TIMOFEEVA's school session ended, and on September 26, 2016 CSI granted her authorization to remain in the United States until March 27, 2017. At the time of her application to apply for an extension of status, defendant TATYANA ANATOLYEVNA TEYF submitted an affidavit of support (Form I-134) on behalf of TIMOFEEVA indicating that TEYF has $136,829.00 in funding. At no time during this semester were OLESYA YURYEVNA TIMOFEEVA, or any of her dependents authorized to be employed in the United States.

16

45.    On April 15, 2016, the United States Department of Education cut off federal student grants and loans to the Skokie, Illinois-based for-profit college chain Computer Systems Institute (CSI), citing detailed evidence of fraudulent conduct.

46.    From on or about December 2014 through October 29, 2018, LEONID ISAAKOVICH TEYF continued to employ and provide monetary payments to ALEXSY VLADIMIROVICH TIMOFEEV in exchange for his auditor duties for Carolina Transportation Group, and CTK Trucking located in Chicago, Illinois.

47.    ALEXSY VLADIMIROVICH TIMOFEEV registered a vehicle in his name at the request of defendant LEONID ISAAKOVICH TEYF.

48.    On or about April of 2015, defendant, LEONID ISAAKOVICH TEYF directed ALEXSY VLADIMIROVICH TIMOFEEV to run the finances of CTK Trucking on behalf of TEYF.

49.    From on or about April of 2015 through October 29, 2018, LEONID ISAAKOVICH TEYF directed defendant ALEXSY VLADIMIROVICH TIMOFEEV to email daily financial transactions concerning CTK Trucking to TEYF.

50.    In or about January of 2017, LEONID ISAAKOVICH TEYF directed. ALEXSY VLADIMIROVICH TIMOFEEV to create TALV LLC as a company to register the semi-trucks in the state of Illinois. On or about January 18, 2017, defendant ALEXSY VLADIMIROVICH TIMOFEEV created TALV LLC with the Illinois, Secretary of State and listed himself as the manager. Thereafter defendant ALEXSY VLADIMIROVICH TIMOFEEV registered approximately twenty semi-trucks in his name in the state of Illinois.

17

51.     On or about March 27, 2017, OLESYA YURYEVNA TIMOFEEVA's school session ended, and on May 1, 2017 CSI granted her authorization to remain in the United States until July 9, 2018. At the time of her application to apply for an extension of status, TATYANA ANATOLYEVNA TEYF submitted an affidavit of support (Form I-134) on behalf of TIMOFEEVA indicating that TEYF has $314,724.00 in funding. The affidavit of support indicated that the source of the funds were with New Market Way LLC. At no time during this semester were OLESYA YURYEVNA TIMOFEEVA, or her dependents authorized to be employed in the United States.

52.     On or about July 9, 2018, OLESYA YURYEVNA TIMOFEEVA's school session ended, and on September 24 2018, CSI granted her authorization to remain in the United States until December 16, 2018. At the time of her application to apply for an extension of status, TATYANA ANATOLYEVNA TEYF submitted an affidavit of support (Form I-134) on behalf of TIMOFEEVA indicating that TEYF has $313,373.00 in funding. At no time during this semester was OLESYA YURYEVNA TIMOFEEVA, nor her dependents authorized to be employed in the United States.

53.     On or about September 24, 2018, OLESYA YURYEVNA TIMOFEEVA applied for and was authorized "curriculum practical training" (CPT) (8 C.F.R. 214.2(f)(10)) valid until September 15, 2019.    At the time CSI approved the application for CPT, OLESYA YURYEVNA TIMOFEEVA stated that she would be employed at CKT (sic) Transportation Inc. At no time during this approved CPT were

18

the dependents of OLESYA YURYEVNA TIMOFEEVA authorized to be employed in the United States.

54. From on or about May of 2015 through October 29, 2018, LEONID ISAAKOVICH TEYF paid ALEXEY VLADIMIROVICH TIMOFEEV $1600 per week from the account of CTK Trucking.

55. Since May of 2015 through October 29, 2018, ALEXSY VLADIMIROVICH TIMOFEEV has earned approximately $83,200 per year from LEONID ISAAKOVICH TEYF and CTK Trucking.

56. Since on or about May of 2015 through October 29, 2018, OLESYA YURYEVNA TIMOFEEVA has been paid approximately $1100 per week from LEONID ISAAKOVICH TEYF and CTK Trucking and has earned approximately $57,200 per year from TEYF and CTK Trucking.

57. All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(A)(v)(II).

## COUNT THIRTY-ONE

58. On or about August 10, 2018, within the Eastern District of North Carolina the defendant, LEONID ISAAKOVICH TEYF did knowingly use and possess an immigrant visa in the name of LEONID ISAAKOVICH TEYF, which the defendant knew to be procured by means of a false claim and statement, in that the defendant did falsely claim on an I-140 application that he was entering the United States to be a multinational executive employee of Delta Plus, LLC, making $110,000

19

annually, and LEONID ISAAKOVICH TEYF was in possession of and used the resulting visa at the Raleigh-Durham International Airport.

59. All in violation of Title 18, United States Code, Sections 1546(a).

## COUNT THIRTY-TWO

60.     On or about October 10, 2016, in the Eastern District of North Carolina and elsewhere, the defendant, ALEXEI IZRAILEVICH POLYAKOV, a/k/a ALEX NORKA, knowingly procured and attempted to procure, contrary to law, naturalization for himself, to wit: by willful misrepresentation and concealment of material facts on the Form N-400, application for naturalization, when he did fail to assert under penalty of perjury that he had previously use the name "Alex Norka," when he failed to assert that he had been arrested on at least 10 occasions in addition to the five reported occasions; and when he reported that he had served six (6) days in jail prior to the application, when he knew he had spent more days in jail than that reported.

61.     All in violation of Title 18, United States Code, Section 1425(a).

## COUNTS THIRTY-THREE THROUGH FORTY-ONE

62.     The grand jury realleges and incorporates by reference herein all of the allegations contained in paragraphs one (1) through sixteen (16) of the Introduction to the Indictment, and further alleges that:

63.     On or about the dates set forth below, in the Eastern District of North Carolina and elsewhere, the defendants, LEONID ISAAKOVICH TEYF and TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf), did knowingly

20

engage and attempt to engage in the following monetary transactions by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the deposit, withdrawal, transfer, and exchange of U.S. currency, funds, and monetary instruments, such property having been derived from a specified unlawful activity, that is, illegal kickback of funds belonging to the government of Russia.

| COUNT | DEFENDANT(S) | ON OR ABOUT DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 33 | TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | February 3, 2014 | Official check from Bank of America for $114,106.95 drawn on Account XXXX XXXX 6014 for the purchase of a Mercedes Benz S550, with VIN # WDDUG8CB9EA009828 |
| 34 | TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | June 4, 2018 | Official check from Bank of America for $118,000.00 drawn on Account XXXX XXXX 6014 for the purchase of a Mercedes Benz S560, with VIN # WDDUG8DB8JA368001 |
| 35 | LEONID ISAAKOVICH TEYF | February 27, 2018 | Official check from PNC Bank for $163,000.00 drawn on Account XXXX 4726 for the purchase of a Mercedes Benz S63 AMG 4MA, VIN # WDDUG8JB0JA394158 |

| COUNT | DEFENDANT(S) | ON OR ABOUT DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 36 | LEONID ISAAKOVICH TEYF | September 22, 2015 | Transfer of $2,600,000 from Bank of America Account XXXX XXXX 1991 to ABA Gallery, Inc. for the purchase of artwork. |
| 37 | TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | September 25, 2018 | Transfer of $2,750,000 from Bank of America Account XXXX XXXX 9748 to Merrill Lynch Account XXX-X0857. |
| 38 | TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | November 28, 2018 | Transfer of $750,000 from Merrill Lynch Account XXX-X0857 to Merrill Lynch account XXX-X1096. |
| 39 | TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | November 5, 2018 | Transfer of $250,000 from Merrill Lynch Account XXX-X0857 to Merrill Lynch account XXX-X0890. |

| COUNT | DEFENDANT(S) | ON OR ABOUT DATE | MONETARY TRANSACTION |
|---|---|---|---|
| 40 | LEONID ISAAKOVICH TEYF and TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf) | April 23, 2018 | Purchase of 133 Hargett St, Raleigh, NC, with funds from Bank of America Accounts XXXX XXXX 6014 and XXXX XXXX 3905 |
| 41 | LEONID ISAAKOVICH TEYF | February 23, 2017 | Purchase of 510 Glenwood Ave, Unit #503, Raleigh, NC, with funds from Bank of America Account XXXX XXXX 1991 |

64. Each entry in the above table constituting a separate violation of Title 18, United States Code, Section 1957.

23

## FORFEITURE NOTICE

Each named defendant is given notice that all of the defendant's interest in all property specified herein is subject to forfeiture.

Upon conviction of one or more of the offense(s) set forth in Count(s) One through Twenty-Six and Counts Thirty-Three through Forty-One, the defendant shall forfeit to the United States, pursuant to Title 18 United States Code, Section 982(a)(1), any property, real or personal, involved in such offense(s), or any property traceable to such property.

Upon conviction of one or more of the offense(s) set forth in Count(s) Twenty-Seven and Twenty-Eight, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the said violation(s).

Upon conviction of the offense(s) set forth in Count Twenty-Nine, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), as made applicable by Title 28, United States Code, Section 2461(c), any and all firearms or ammunition involved in or used in a knowing commission of the said offense(s).

The forfeitable property includes, but is not limited to, the following:

(a)     Real property having the physical address of 6510 New Market Way, Raleigh, North Carolina, including all appurtenances and improvements thereto, being legally described in deed book 017100 page

24

01227 of the Wake County Registry, North Carolina; and any and all proceeds from the sale of said property.

(b) Real property having the physical address of 7900 Hardwick Drive, Raleigh, North Carolina, including all appurtenances and improvements thereto, being legally described in deed book 017105 page 00839 of the Wake County Registry, North Carolina; and any and all proceeds from the sale of said property.

(c) Real property having the physical address of 133 Hargett St., Raleigh, North Carolina, including all appurtenances and improvements thereto, being legally described in deed book 017105 page 928-31 of the Wake County Registry, North Carolina; and any and all proceeds from the sale of said property.

(d) Real property having the physical address of 510 Glenwood Ave., Unit #503, Raleigh, North Carolina, including all appurtenances and improvements thereto, being legally described in deed book 16702 page 01356 of the Wake County Registry, North Carolina; and any and all proceeds from the sale of said property.

(e) A Ruger P94 .40 caliber pistol with obliterated serial number, marked "Sturm, Ruger & Co. Inc. Southport, CONN, U.S.A.";

(f) 2018 Toyota Landcruiser, with VIN # JTMCY7AJ2J4069983;

(g) 2014 Mercedes Benz S550, with VIN #WDDUG8CB9EA009828;

25

(h) 2014 Mercedes Benz S550V, with VIN # WDDUG8CB9EA008419;

(i) 2018 Mercedes Benz S560, with VIN # WDDUG8DB8JA368001;

(j) 2018 Mercedes Benz S63 AMG 4MA, with VIN # WDDUG8JB0JA394158;

(k) Artwork purchase by LEONID I. TEYF, on or about August 14, 2015, from ABA Gallery, Inc. located at 7 East 17th Street, New York, New York 1003 for a total amount of $2,600,000;

(l) All funds held in Bank of America Account No. XXXX XXXX 3905;

(m) All funds held in Bank of America Account No. XXXX XXXX 6014;

(n) All funds held in Bank of America Account No. XXXX XXXX 3844;

(o) All funds held in Bank of America Account No. XXXX XXXX 9409;

(p) All funds held in Bank of America Account No. XXXX XXXX 1314;

(q) All funds held in Bank of America Account No. XXXX XXXX 1991;

(r) All funds held in Bank of America Account No. XXXX XXXX 9748;

(s) All funds held in Bank of America Account No. XXXX XXXX 3285;

(t) All funds held in Bank of America Account No. XXXX XXXX 4981;

(u) All funds held in Bank of America Account No. XXXX XXXX 1292;

(v) All funds held in Bank of America Account No. XXXX XXXX 3691;

(w) All funds held in Bank of America Account No. XXXX XXXX 1563;

(x) All funds held in Bank of America Account No. XXXX XXXX 7892;

(y) All funds held in Bank of America Account No. XXXX XXXX 4884;

(z) All funds held in Branch Bank and Trust Account No. XXXX XXXX

26

2890;

(aa) All funds held in Branch Bank and Trust Account No. XXXX XXXX 1502;

(bb) All funds held in First Citizen's Bank Account No. XXXX XXXX 0918;

(cc) All funds held in First Citizen's Bank Account No. XXXX XXXX 3951;

(dd) All funds held in PNC Bank Account No. XXXX XXXX 4742;

(ee) All funds held in PNC Bank Account No. XXXX XXXX 4726;

(ff) All funds held in PNC Bank Account No. XXXX XXXX 5564;

(gg) All funds held in Wells Fargo Bank Account No. XXXX XXXX 1952;

(hh) All funds held in Merrill Lynch Account No. XXX-X0857;

(ii) All funds held in Merrill Lynch Account No. XXX-X1096;

(jj) All funds held in Merrill Lynch Account No. XXX-X0890;

(kk) Miscellaneous Jewelry;

(ll) $50,000.00 in United States Currency;

(mm) $28,909.09 in United States Currency;

(nn) $10,000.00 in United States Currency;

(oo) $10,700.00 in United States Currency; and

(pp) All undisbursed funds to be deposited in escrow by Lank Ventures LLC pursuant to the Order Granting Joint Motion to Release Funds entered on February 20, 2019 [DE-156].

If any of the above-described forfeitable property, as a result of any act or omission of a defendant --

27

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with, a third party;

(3)     has been placed beyond the jurisdiction of the court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be divided without

        difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), to seek forfeiture of any other property of said defendant up to the value of

the forfeitable property described above.

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the
federal rules, the unredacted version of
this document has been filed under seal.

Date: 4/4/19

ROBERT J. HIGDON, JR.
United States Attorney


JASON M. KELLHOFER
Assistant United States Attorney


BARBARA D. KOCHER
Assistant United States Attorney

28