UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-452-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | MOTION FOR STIPULATED |
| v. | ) | PROTECTIVE ORDER |
| | ) | REGARDING DISCOVERY |
| LEONID ISAAKOVICH TEYF, et. al. | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, with consent of counsel for defendants LEONID ISAAKOVICH TEYF, ALEXEY VLADIMIROVICH TIMOFEEV, OLESYA YURYEVNA TIMOFEEVA, and ALEXEI IZAILEVICH POLYAKOV, a/k/a ALEX NORKA, hereby moves the Court for a protective order pursuant to Federal Rule of Criminal Procedure 16(d).

As the documents and information produced and to be produced to the defendants in the course of this case (hereinafter, "Discovery Material") are voluminous and may contain references to information that can be used to trace an individual's identity (personal identifying information (hereinafter as defined in footnote 1, "PII"[1]) of persons relevant to, but also others irrelevant to, the prosecution and defense of the above-captioned case and any associated proceedings for seizure or forfeiture of property or the assessment and collection of tax (hereinafter the "Cases")) as well as nonpublic information regarding the defendants' personal and business affairs (hereinafter, "Confidential Information");

---

[1] PII is personal identification numbers (such as Social Security, passport, driver's license, taxpayer identification, financial account, or credit card numbers), personal street and email addresses, personal telephone numbers, date and place of birth, and biometric records.

1

In an effort to produce as much Discovery Material as possible to defendants and their defense counsel, particularly leaving the right of choice as to who and what Discovery Material may be relevant or material to their preparation for and litigation of the Cases;

The government seeks a STIPULATED ORDER from the Court protecting such PII and Confidential Information from further disclosure or use by any person, except as authorized by this STIPULATED ORDER or further order of the Court, and, therefore, requests the Court order that:

1. Except as provided in Paragraph 3 below, Discovery Material produced to the defendants and Defense Counsel by the Government in the above-captioned case and the Cases is subject to this STIPULATED ORDER and may be used by the defendants and their Defense Counsel (herein defined as counsel of record, any attorney or other staff who is assisting in the representation of the defendant, and any expert, investigator, or attorney retained by counsel of record to assist in the defense of the Cases) solely in connection with the preparation for and litigation of the Cases, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. The Discovery Material subject to this STIPULATED ORDER includes all documents and information produced by the Government in connection with Cases.

3. This STIPULATED ORDER does not restrict or limit in any way the use of or rights of any defendant or that defendant's Defense Counsel with respect to Discovery Material that was in the possession, custody, or control of that defendant prior to the commencement of the Cases, including information that would otherwise be defined as Confidential Information, or that was available in the public domain prior to the commencement of the Cases or become publicly available during the pendency of the Cases.

4. The defendants and Defense Counsel shall not disclose the Discovery Material to any person other than an Authorized Person as defined in this Paragraph 4 or make other use of Discovery Material except as authorized by this STIPULATED ORDER. Prior to disclosing any portion of the Discovery Material to an Authorized Person, defendants and Defense Counsel will first assure that either (a) the material to be so disclosed does not contain PII or Confidential

Information as defined above, or (b) that all PII and Confidential Information has been redacted from the material to be so disclosed. "Authorized Person" shall mean: (a) a person who is interviewed or contacted by Defense Counsel in connection with litigation of the Cases and the counsel for such person; and (b) any other person to whom the Court may authorize disclosure.

5. The defendants, Defense Counsel, and other Authorized Persons shall not copy or reproduce the Discovery Material except for use in preparation for and litigating the Cases. Such copies and reproductions shall be treated in the same manner as the original Discovery Material.

6. The defendants, Defense Counsel, and other Authorized Persons shall not disclose any notes, transcripts, documents, or other information that they derive or prepare from the discovery material other than to Authorized Persons, and all such notes, transcripts, documents, or other information are to be treated in the same manner as the original Discovery Material.

7. Each of the Authorized Persons to whom disclosure is made, shall be provided a copy of this STIPULATED ORDER and will be advised that he or she shall not further disseminate any portion of the Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Discovery Material except in conformity with this STIPULATED ORDER.

8. Defense Counsel shall maintain a list of the Authorized Persons to whom disclosure is made and provide this list to the Court on an *ex parte* basis upon request.

9. Where the defendants or Defense Counsel wish to disclose any portion of the Discovery Material or any copies, notes, transcripts, documents, or other information derived or prepared from the discovery material to any individual who is not an Authorized Person under Paragraph 4, the defendant must make application to the Court for authorization, including *ex parte* application to preserve work product protection, to make such disclosure.

10. The parties shall comply with Federal Rule of Criminal Procedure 49.1, and the Government shall additionally comply with all statutes, regulations, and rules pertaining to the disclosure of personal identity information (as defined in the relevant statutes, rules, or regulations) applicable to federal agencies, including the Privacy Act of 1974, 5 U.S.C. § 552a.

11. The parties shall not publish or file PII or Confidential Information with or submit such PII or Confidential Information to

the Court or reproduce such PII or Confidential Information in any court filing unless the filing is placed under seal, with the Court's consent, or as otherwise determined by the Court, or otherwise complies with Federal Rule of Criminal Procedure 49.1. If any information about the actual or covert PII or Confidential Information of any FBI, HSI, IRS, or Raleigh Police Department Confidential Human Source (CHS) is included within the Discovery Material, the defendants and Defense Counsel will not publicly disclose nor share such information with any person or entity, even those who are Authorized Persons under Paragraph 4, excepting only those authorized persons and entities investigating the background or other aspects of any such person for use in the preparation for and litigation of the Cases. 12. Nothing in this STIPULATED ORDER shall preclude any party hereto from seeking a further protective order pursuant to Rule 16(d) to particular items of Discovery Material.

13. If any defendant obtains substitute counsel, the current Defense Counsel will not transfer any portion of the Discovery Material or any copies, notes, transcripts, documents or otherwise disclose Confidential Information from the Discovery Material unless and until substitute counsel enters into this STIPULATED ORDER.

14. This STIPULATED ORDER is entered without prejudice to the parties' right to seek a revision of this STIPULATED ORDER by appropriate motion to the Court. Further, this STIPULATED ORDER does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material. The provisions above shall have effect from the date of entry of the STIPULATED ORDER, but to the extent PII or Confidential Information has been shared or disclosed prior to

[Remainder of Page Left Intentionally Blank]

the entry of this Order, Defense Counsel who made such disclosure will provide the recipient of such PII or Confidential Information a copy of this Order.

Respectfully submitted this 30th day of April, 2019.

ROBERT J. HIGDON, JR.
United States Attorney

BY: /s/ Barbara D. Kocher
BARBARA D. KOCHER
Assistant U.S. Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
E-mail: barb.kocher@usdoj.gov
NC Bar: 16360

With concurrence of:

**James P. McLoughlin, Jr.**
**Counsel for Leonid Teyf**
100 N. Tryon St., Suite 4700
Charlotte, NC 28202-4003

**James E. Hairston, Jr.**
**Counsel for Alexei Polyakov**
434 Fayetteville St.
Raleigh, NC 27602

**Robert Julius Lane, III**
**Counsel for Alexei Polyakov**
Two Hanover Square
434 Fayetteville Street, Suite 2350
Raleigh, NC 27601

**Elliot S. Abrams**
**Counsel for Alexey Timofeev**
P. O. Box 1029
Raleigh, NC 27602

CERTIFICATE OF SERVICE

This is to certify that I have this 30th day of April 2019, served a copy of the foregoing Motion for a Stipulated Protective Order upon the defendants by filing the foregoing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to the defendant's counsel of record.

**Benjamin F. Leighton**
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC  28202-4003

**James P. McLoughlin, Jr.**
Moore & Van Allen
100 N. Tryon St., Suite 4700
Charlotte, NC  28202-4003

**Nathan A. White**
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC  28202-4003

**Laura E. Beaver**
The Beaver Law Firm
P.O. Box 1857
Raleigh, NC 27602

**James E. Hairston, Jr.**
Hairston Lane Brannon, PA
434 Fayetteville St.
Raleigh, NC  27602

**Robert Julius Lane, III**
Hairston Lane, PA
Two Hanover Square
434 Fayetteville Street, Suite 2350
Raleigh, NC  27601

**Elliot S. Abrams**
Cheshire Parker Schneider, PLLC
133 Fayetteville Street, Suite 200
Post Office Box 1029
Raleigh, North Carolina 27602

     /s/ Barbara D. Kocher
    BARBARA D. KOCHER
    Assistant United States Attorney