UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-452-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | PROTECTIVE ORDER |
| v. | ) | |
| | ) | |
| LEONID ISAAKOVICH TEYF | ) | |
| ALEXEY VLADIMIROVICH TIMOFEEV | ) | |
| OLESYA YURYEVNA TIMOFEEVA | ) | |
| ALEXEI IZRAILEVICH POLYAKOV | ) | |

The parties having stipulated to the terms of a protective order regarding personal identifying information (personal identification numbers (such as Social Security, passport, driver's license, taxpayer identification, financial account, or credit card numbers), personal street and email addresses, personal telephone numbers, date and place of birth, and biometric records, "PII") as well as nonpublic information regarding the defendants' personal and business affairs (hereinafter, "Confidential Information") which may be contained in the discovery material, the Court hereby

ORDERS, pursuant to Federal Rule of Criminal Procedure 16(d), the following:

1.     Except as provided in Paragraph 3 below, Discovery Material produced to the defendants and Defense Counsel by the Government in the above-captioned case and the Cases is subject to this STIPULATED ORDER and may be used by the defendants and their Defense Counsel (herein defined as counsel of record, any attorney or other staff who is assisting in the representation of the defendant, and any expert, investigator, or attorney retained by counsel of record to assist in the defense of the Cases) solely in connection with the preparation for

and litigation of the Cases, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2.      The Discovery Material subject to this STIPULATED ORDER includes all documents and information produced by the Government in connection with Cases.

3.      This STIPULATED ORDER does not restrict or limit in any way the use of or rights of any defendant or that defendant's Defense Counsel with respect to Discovery Material that was in the possession, custody, or control of that defendant prior to the commencement of the Cases, including information that would otherwise be defined as Confidential Information, or that was available in the public domain prior to the commencement of the Cases or become publicly available during the pendency of the Cases.

4.      The defendants and Defense Counsel shall not disclose the Discovery Material to any person other than an Authorized Person as defined in this Paragraph 4 or make other use of Discovery Material except as authorized by this STIPULATED ORDER.  Prior to disclosing any portion of the Discovery Material to an Authorized Person, defendants and Defense Counsel will first assure that either (a) the material to be so disclosed does not contain PII or Confidential Information as defined above, or (b) that all PII and Confidential Information has been redacted from the material to be so disclosed.   "Authorized Person" shall mean: (a) a person who is interviewed or contacted by Defense Counsel in connection with litigation of the Cases and the counsel for such person; and (b) any other person to whom the Court may authorize disclosure.

5.      The defendants, Defense Counsel, and other Authorized Persons shall not copy or reproduce the Discovery Material except for use in preparation for and litigating the Cases.  Such copies and reproductions shall be treated in the same manner as the original Discovery Material.

6.      The defendants, Defense Counsel, and other Authorized Persons shall not disclose any notes, transcripts, documents, or other information that they derive or prepare from the discovery material other than to Authorized Persons, and all such notes, transcripts, documents, or other information are to be treated in the same manner as the original Discovery Material.

7.      Each of the Authorized Persons to whom disclosure is made, shall be provided a copy of this STIPULATED ORDER and will be advised that he or she shall not further disseminate any portion of the Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Discovery Material except in conformity with this STIPULATED ORDER.

8.      Defense Counsel shall maintain a list of the Authorized Persons to whom disclosure is made and provide this list to the Court on an *ex parte* basis upon request.

9.      Where the defendants or Defense Counsel wish to disclose any portion of the Discovery Material or any copies, notes, transcripts, documents, or other information derived or prepared from the discovery material to any individual who is not an Authorized Person under Paragraph 4, the defendant must make application to the Court for authorization, including *ex parte* application to preserve work product protection, to make such disclosure.

10.     The parties shall comply with Federal Rule of Criminal Procedure 49.1, and the Government shall additionally comply with all statutes, regulations, and rules pertaining to the disclosure of personal identity information (as defined in the relevant statutes, rules, or regulations) applicable to federal agencies, including the Privacy Act of 1974, 5 U.S.C. § 552a.

11.     The parties shall not publish or file PII or Confidential Information with or submit such PII or Confidential Information to the Court or reproduce such PII or Confidential Information in any court filing unless the filing is placed under seal, with the Court's consent, or as otherwise determined by the Court, or otherwise complies with Federal Rule of Criminal Procedure 49.1.   If any information about the actual or covert PII or Confidential Information of any FBI, HSI, IRS, or Raleigh Police Department Confidential Human Source (CHS) is included within the Discovery Material, the defendants and Defense Counsel will not publicly disclose nor share such information with any person or entity, even those who are Authorized Persons under Paragraph 4, excepting only those authorized persons and entities investigating the background or other aspects of any such person for use in the preparation for and litigation of the Cases.   12. Nothing in this STIPULATED ORDER shall preclude any party hereto from seeking a further protective order pursuant to Rule 16(d) to particular items of Discovery Material.

13.     If any defendant obtains substitute counsel, the current Defense Counsel will not transfer any portion of the Discovery Material or any copies, notes, transcripts, documents or otherwise disclose Confidential Information from the

Discovery Material unless and until substitute counsel enters into this STIPULATED ORDER.

14. This STIPULATED ORDER is entered without prejudice to the parties' right to seek a revision of this STIPULATED ORDER by appropriate motion to the Court. Further, this STIPULATED ORDER does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material. The provisions above shall have effect from the date of entry of the STIPULATED ORDER, but to the extent PII or Confidential Information has been shared or disclosed prior to the entry of this Order, Defense Counsel who made such disclosure will provide the recipient of such PII or Confidential Information a copy of this Order.

So ORDERED this 1st day of May, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge