UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-00452-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **DEFENDANT'S REQUEST FOR** |
| | ) | **DISCOVERY AND FOR DISCLOSURE** |
| v. | ) | **OF ALL EXCULPATORY EVIDENCE** |
| | ) | **AND INCORPORATED STATEMENT** |
| LEONID ISAKKOVICH TEYF | ) | **OF AUTHORITY** |

     The above-named defendant hereby respectfully requests, pursuant to Fed.R.Crim.P. 16 and the principles of <u>Brady v. Maryland,</u> 373 U.S. 83 (1963) , <u>Giglio v. United States,</u> 405 U.S. 150 (1972), and their progeny, that counsel for the Government make inquiry forthwith and disclose the following information that is either within the possession, custody, or control of the Government, or the existence of which is known or through the exercise of due diligence could become known to the Government: This request is made in order to preserve, on the record, the defendant's requests for discovery. THIS REQUEST DOES NOT REQUIRE ACTION BY THE COURT. For that reason,  the requirements of Local Rule 12.2 are not applicable.

     1.    Reveal and disclose every transcription or recordation of any type of all statement(s) made by the defendant, or by any person whom the Government contends is an agent of the defendant. The defendant further requests that the Government reveal and disclose the substance of any oral statement made by the defendant in response to questioning by any person then known by the defendant to be a Government agent, regardless of whether the statement was made before or after arrest. With regard to the foregoing

requests, the defendant specifically contends that Fed. R. Crim. P. 16(a)(l)(A) encompasses statements of the defendant that are made directly to an agent of the Government, or to a third party who then makes a statement to an agent of the Government in which the defendant's remarks are attributed and included within the third party's statement. The defendant further contends that any statement of an alleged co-conspirator or codefendant concerning any activity connected with the crime(s) alleged in the above-styled indictment should be disclosed under Rule 16(a)(l)(A).

2.     Reveal and disclose the nature, results and reports of any scientific tests, physical or mental examinations or tests, or measures or experiments made in connection with this case, whether completed or not, including, but not limited to, analysis of tape recordings or wiretaps, handwriting analysis, fingerprint comparisons and/or voice identifications. The defendant also requests that the defendant or the defendant's representative(s) be permitted to personally examine, inspect, and photograph all pieces of physical evidence that were obtained during the Government's investigation of this case and that have been scientifically examined on behalf of the Government. The defendant also requests that the Government reveal and disclose (1) all data underlying any expert or scientific testimony that the Government will offer at trial; and (2) any documents, data, or other material upon which any expert witness who will testify at trial relies in forming his or her opinion. The defendant further specifically reserves the right to move this Court to have a competent expert of the defendant's own choosing perform scientific testing on any of the physical evidence scientifically examined by the Government if the defendant deems it desirable or necessary, under appropriate and reasonable safeguards imposed by the Court.

3.     Permit the defendant's attorney(s) to inspect and copy or photograph all books,

papers, documents, reports, photographs, videotapes, motion pictures, mechanical or electronic recordings, buildings and places, crime scene(s), or tangible objects, whether classified or not, and all copies and portions thereof which are within the possession, custody, or control of the Government and which are material to the preparation of the defendant's defense, or might possibly be used by the Government as evidence during the presentation of its case-in-chief or its rebuttal case, or which were obtained from or belong to the defendant.

4.      Reveal and disclose a complete and exact copy of the defendant's entire criminal record, both as an adult and a juvenile.

5.      Reveal and disclose whether there has been any electronic surveillance, eavesdropping, interceptions of communications, wiretapping, listening, or any similar investigative techniques, whether classified or not, used or relied upon during the course of the investigation of this case. If such techniques have been used, the defendant requests that the Government provide the defendant's attorney(s) with a true, complete and correct copy of any such recordings or interceptions, together with an accurate transcript thereof, and with any log reflecting the date that the recordings or interceptions were made, the names of the government agents who participated in the recordings or interceptions, and the identity of all speakers on the recordings or interceptions.

6.      Reveal and disclose whether any conversation entered into by the defendant has been electronically recorded. If so, the defendant specifically requests the following:

       a.      An exact and complete copy of such tape or recording;

       b.      The authority for making such interception or recording; and

       c.      The date that the recording was made and the identity of all speakers therein.

3

7.     Reveal and disclose the date, place, circumstances, and names of all individuals involved in any identification procedures (photographic, corporeal, or any other type), interrogations, searches, or seizures of any type that were conducted in connection with the investigation of this case.

8.     Reveal and disclose any evidence that the Government has within its possession, custody or control, or the existence of which is known, or can become known through the exercise of due diligence, to the Government, whether classified or not, concerning any identification procedure, interrogation, search, or seizure conducted by the Government, its agents, or employees that tends, however slightly, to taint or make illegal the identification procedure, interrogation, search, or seizure.

9.     Reveal and disclose the names, addresses, telephone numbers, backgrounds, and criminal records of all witnesses to be presented on the witness stand during the trial of this case by the Government.

10.     Reveal and disclose the names, addresses, telephone numbers, backgrounds, and criminal records of all persons who have any knowledge whatsoever regarding this case and/or were interviewed by any government employee or agent in connection with or leading up to this case.

11.     Produce copy of any videotape recordings of the defendant or others, whether classified or not, made in connection with the investigation of this case.

12.     Produce copy of any and all audio and/or video recordings, whether "body-cam" or "dash-cam" or other source, whether classified or not, depicting or capturing the defendant, his location(s), his vehicle, and/or any pursuit, stop, questioning, interaction with and search of defendant and/or his vehicle.

4

13.     Reveal and disclose the names, addresses, background, and entire criminal record of any informants, confidential human sources, special employees, alleged co-conspirators (whether indicted or unindicted), alleged accomplices, (whether indicted or unindicted), alleged aiders and abettors (whether indicted or unindicted), cooperating witnesses or defendant, and special investigators used in this investigation or any investigation leading up to the investigation of this case, or who may be called as Government witnesses during any phase of the trial of this case, and reveal and disclose the same information regarding any persons hired, directed, requested, and/or paid by the Government to investigate, "snoop," or otherwise obtain information in any manner whatsoever in the investigation of this case.

14.     Produce copy of the Federal Bureau of Investigation, Department of Homeland Security, Internal Revenue Service or other investigative agency participating in this investigation, departmental rules or regulations pursuant to which any informant, confidential human source, cooperating witness or defendant, special employees, alleged co-conspirator (whether indicted or unindicted), alleged accomplice (whether indicted or unindicted), or alleged aider and abettor (whether indicted or unindicted) was hired, employed or requested to participate in the investigation of this case.

15.     Produce all records depicting or disclosing the amounts of money paid out to any informant, confidential human source, cooperating witness or defendant, special employee, alleged co-conspirator (whether indicted or unindicted), alleged accomplice (whether indicted or unindicted), alleged aider and abettor (whether indicted or unindicted), or tipster, who was interviewed in connection with this case or who may be called as a Government witness during any phase of the trial of this case, as well as the dates of payment,

5

payment method, where made, to whom made, and the reasons for payment of such sums. This request specifically embraces any payment made under any witness protection program. The defendant further requests the production of all receipts, vouchers, or other books and records concerning money expended for, to, or on behalf any of the above-referenced individuals.

16.     Produce copy of all transcriptions of any kind, whether recorded or written, whether classified or not, regarding any conversations with, discussions with, or statements made by informants, special employees, alleged co-conspirators, (whether indicted or unindicted), alleged accomplices, (whether indicted or unindicted), cooperating witness or defendant, alleged aiders and abettors (whether indicted or unindicted), or tipsters, of the Government who have been involved in any manner whatsoever in the investigation of this case or any investigation leading up to the investigation of this case, who may be called as a Government witness during any phase of the trial of this case.

17.     State the names and title of any and all Federal Bureau of Investigation agents, Department of Homeland Security agents, Internal Revenue Service agents, Department of Justice attorneys, or other Government employees who met with, talked to, or were present at any meeting, telephone conversation, or discussion held with any informants, special employees, alleged co-conspirators, (whether indicted or unindicted), alleged accomplices, (whether indicted or unindicted), cooperating witness or defendant, alleged aiders and abettors (whether indicted or unindicted), or tipsters, during the investigation of this case.

18.     Produce copy of all expert reports of conclusions and analysis concerning any records, papers, documents, or physical evidence that may have been seized or obtained by the Government during the course of the investigation of this case and any investigation

leading to this case .

19.     Produce copy of the curriculum vitae depicting the name, address, and qualifications of any expert witness the Government intends to call at trial.

20.     Produce immediately all statements, memoranda, and/or documents discoverable under the Jencks Act, 18 U.S.C.A. §3500, et seq., regardless of whether they are classified.

21.     Produce a copy of all original notes, statements, and memoranda (whether handwritten, electronic, recorded, or otherwise) that were made by any and all Government agents investigating this case, including by any person who was acting as an informant, special employee, alleged co-conspirator, (whether indicted or unindicted), alleged accomplice, (whether indicted or unindicted), cooperating witness or defendant, alleged aider and abettor (whether indicted or unindicted), tipsters, , or in an undercover capacity.

22.     Produce copy of all communications (written, electronic, text and WhatsApp) between informants, cooperating witnesses and defendants, cooperating human sources, tipsters and anyone acting in an undercover capacity **and** agents, task force agents analysts, forfeiture specialists and auditors working in this case and the investigation leading up to this investigation law enforcement agents, or working at the request of federal, state and local law enforcement agencies including the Federal Bureau of Investigations, Department of Homeland Security, Internal Revenue Service and any other federal, state and local law enforcement agency.

23.     Provide copy of all title searches, tracing and background checks conducted by the U.S. Marshals Service, the investigative agencies, the Department of Justice, Department of the Treasury and their subcontractors, regarding the assets subject of the five indictments returned

7

in this case. Produce a copy of all law enforcement reports and original notes concerning, related or leading to the investigation, pursuit, stop, search, seizure, arrest, interrogation, questioning or other interaction with or of defendant, regardless of whether they are classified.

24. State and reveal whether any classified or non-classified notes, documents, or recordings relating to the investigation of this case that were made by any agents of the Government, including any person who was acting as an informer, special employee, alleged accomplice (whether indicted or unindicted), alleged co-conspirator (whether indicted or unindicted), tipster, or in any undercover capacity, have been totally or partially destroyed or altered, and, if so, reveal the following with reference thereto:

    a. The substance of the note, document, or recording that was destroyed;

    b. The substance of the alteration;

    c. The name, address, and telephone number of all persons involved in the destruction or alteration;

    d. The reason for the destruction or alteration;

    e. Whether the note, document, or recording was destroyed or altered pursuant to an existing policy, or federal regulation or for some other reason;

    f. When the destruction or alteration occurred; and

    g. Whether it is the policy and custom of such agent(s) to destroy or alter such notes and memoranda and, if so, who initiated such policy.

25. Produce copy of all classified and non-classified polygraph reports administered in this case or any investigation leading up to this investigation which identifies the name of the individual(s) examined, name and address of the operator, the date of the examination, as well as a copy of the questions and answers posed, and interpretative results.

26. Reveal and disclose any classified or non-classified impeachment information

8

known to the Government regarding any of its potential witnesses, including but not limited to whether any suffer from delusion, emotional difficulty, alcoholism, narcotics addiction, the use or abuse of controlled substances, psychological or psychiatric imbalance, or any other physical or mental disability that might possibly affect, impair, or influence the competency of their testimony and/or reasonably affect their credibility or memory.

27.     Reveal and disclose whether any person who has been interviewed in connection with this case has undergone hypnosis, age regression, or a similar procedure; and, if so, list the name of such person, the date they underwent the procedure, the name and address of the hypnotist or psychologist administering the procedure, and copy of any report containing the results thereof.

28.     State whether any Government agent or any one acting at the direction or behest of the Government (informant, special employee, cooperating witness or defendant, prison inmate, etc.) has communicated with the defendant in order to attempt to obtain any information or facts from the defendant pertaining to this case or his defense thereof; and if so, produce copy of any classified and non-classified reports and notes identifying the name, address and telephone number of such agent, informant, special employee, cooperating witness or defendant, or prison inmate, together and the circumstances pertaining thereto.

29.     State whether the Government has paid money or the like for any piece of tangible or physical evidence that may be used in connection with this case, and, if so, produce copy of any classified and non-classified reports identifying the chain of custody, the name, address, and telephone number of the person(s) to whom payment was made; the amount thereof; the date thereof; and the tangible or physical evidence obtained.

30.     Produce copy of the official transcript of proceedings before the grand jury

leading up to the return of the five indictments returned in this case.

31.    Produce all Jencks Act and <u>Giglio</u> material regarding all witnesses whom the Government anticipates calling to testify at trial, including but not limited to the following:

    a.    All promises, agreements, understandings, and arrangements, either verbal or written, between the Government and any such individual(s) or their attorney(s), agent(s), or representative(s) wherein the Government has agreed, either expressly or impliedly, as follows:

      i.    not to prosecute the person for any crime or crimes;

      ii.    not to prosecute a third party for any crime or crimes;

      iii.    to provide a formal grant of statutory immunity or to provide an informal assurance that the person will not be prosecuted in connection with any testimony given by him or her;

      iv.    to recommend leniency in sentencing or to recommend a particular sentence for any crime or crimes for which the person is convicted;

      v.    to provide favorable treatment or consideration - that is, money or the like to the person or to friends or relatives of the person in return for the person's cooperation and testimony;

      vi.    to compromise or diminish, or to recommend the compromise or diminution of any federal, state or local taxes which the person or friends or relatives of the person owe or claim to owe; and

      vii.    to make any other recommendation of any benefit, however slight, or to give any other consideration to the person or to friends or relatives of the person.

32.    Reveal and disclose whether the Government has made any attempt or has in fact gained any information from the defendant since the return of any indictment charging him with an offense by sending, counseling, or advising persons (whatever their classification may be) to speak with the defendant or his counsel, and, if so, describe all of such activity in detail and the authorization, if any, for such a procedure.

33.    Permit the defendant to copy any classified and non-classified document or statement that might be arguably admissible under Fed. R. Evid. 801(d)(l)(B) to rebut an express or implied charge against any Government witness of recent fabrication or improper

influence or motive. These documents or statements are required to be produced because they are evidence that the Government may attempt to introduce in this case and because they are material to the preparation of the defense as to the method of defense and as to the defendant's approach to the issue of credibility. This request includes any document that might reasonably be foreseen for use during the government's case-in-chief or its rebuttal case.

34.     Pursuant to Fed.R.Crim.P. 16(a)(l)(A), the defendant requests the production of the recorded testimony of any witness who appeared before the grand jury and who:

      a.  was, at the time of his testimony, so situated as an officer or employee of the defendant as to have been able to legally bind the defendant with respect to conduct constituting the offense(s) at issue in this case, or

      b.  was, at the time of the offense(s), personally involved in the alleged conduct constituting the offense(s) and so situated as an officer or employee as to have been able to legally bind the defendant with respect to the alleged conduct in which the witness was involved.

If the testimony of any such person was not recorded, then the defendant requests the production of any notes or summaries of the testimony of the witness.

35.     Reveal and disclose any statements of any type whatsoever made by any individuals who were contacted in connection with or involved in the investigation of this case, or any investigation leading up to the investigation of the defendant, that may be inconsistent, in whole or in part, with any other statement made by the same individual; and any statements made by such individuals that are inconsistent, in whole or in part, with any statements made by other individuals who have given statements relevant to the charge(s) against the defendant or with any knowledge held by such individuals.

36.     Reveal and disclose:

11

a. The names addresses and telephone numbers of all witnesses appearing before the grand jury in connection with the return of the indictment;

b. The names, addresses, and telephone numbers of all persons whose testimony was given to the grand jury by or through someone else in connection with the return of said indictment;

c. Copies of all documents and exhibits presented to the grand jury;

d. Transcripts of the testimony of all witnesses appearing before the grand jury, and, if no transcripts or minutes exist, then reveal and disclose any notes or summaries regarding the testimony;

e. Summaries and copies of all statements of witnesses potentially relevant to the charge(s) in issue in this case that were not presented or conveyed to the grand Jury;

f. Copies of all documents, notes, transcripts, or memoranda that are in the possession, custody, or control of the Government and are potentially relevant to the charges in the indictment, and which the Government did not present to the grand jury at the time that this case was presented for grand jury consideration;

g. A list of the names and titles of all Government employees or other persons, other than the grand jurors, who were present in the grand jury room during the taking of any testimony (other than his or her own) or who were present during any other portion, including deliberations, of the grand jury proceedings.

h. A list of the names and titles of each Government employee or agent who, prior to the return of the indictment herein, examined out of the grand jury's presence any witness, document, or other item obtained by means of any grand jury subpoena;

i. A copy of any letter or other document authorizing the examination of the grand jury materials by any of the Government employees or agents mentioned above;

j. A list of all grand jury subpoenas issued for documents and/or testimony in this case;

k. The existence of any orders issued pursuant to Fed. R. Crim. P. 6(e) relating to grand juries that met concerning this matter;

l. The name of any person offering any immunity, whether legally valid or not, of any type whatsoever to any person requested to appear before the

12

grand jury or to talk with any Government agent or representative involved in the investigation of this case;

m. The transcripts of any and all statements made to the grand jury by any United States Attorney, Assistant United States Attorney, or other prosecutorial official associated with the prosecution of this case or the presentation of evidence to the grand jury in this case. This request concerns, but is not limited to, any instructions regarding the law relevant to this case or pertaining to legal advice that were given by the aforementioned class of persons; and

n. All records and logs reflecting when any grand jury involved in the investigation of this case or in the handing down of the bill of indictment in this case met, and all records and logs reflecting the composition of each such grand jury (or grand juries).

37.    Reveal and disclose all consideration or promises of consideration given to or on behalf of any witness by the Government, or expected or hoped for by the witness. "Consideration" refers to absolutely anything of value or use, including, but not limited to, criminal, civil, or tax immunity grants; relief from forfeiture; assistance or favorable treatment or recommendations with respect to any criminal, parole, probation, civil, administrative, immigration or other legal dispute with the Government or any other parties; payments of money or fees; witness fees and special witness fees; immigration or residential benefits; provisions of food, clothing, shelter, transportation, or other like benefits to the witness, his or her family or other associate; placement in a witness protection program or anything else that could arguably reveal an interest or bias of the witness in favor of the Government or against the defense or act as an inducement to testify or to color testimony.

38.    Reveal and disclose all threats and coercive tactics of any type directed at any person interviewed by the Government in connection with this case or at any witness or potential witness for the Government in this case.

13

39.     Reveal and disclose all threats, express or implied, made against any person interviewed by the Government in connection with this case and any investigation leading up to this case, or any potential witness for the Government in this case of criminal prosecutions or investigations relating to any probationary or deferred prosecution status or any civil, administrative, or other pending or potential legal disputes or transactions with the Government.

40.     Reveal and disclose the existence and identification of each occasion on which each potential witness for the Government has testified before any court, grand jury, or other tribunal or body with regard to the defendant or the investigation of this case.

41.     Reveal and disclose the existence and identification of each occasion in which a witness or potential witness for the Government, especially a witness who is an accomplice, co-conspirator or expert, has testified before any court, grand jury, other tribunal, stenographer, or court reporter.

42.     Produce copy of any and all personnel files for any witness, including law enforcement agents and task force officers, who may potentially be called by the Government in this case and the existence and identity of all Government files for the witness.

43.     Reveal and disclose any and all classified and non-classified records, criminal or otherwise, or information that can arguably be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of any potential Government witness or of the Government's evidence, or that can arguably lead to any records or information that might be used to so impeach.

44.     Produce all classified and non-classified evidence and information has been

14

obtained by the Government from the defendant, the defendant's attorney(s), or such attorney(s)' agents that might arguably or potentially be in violation of the attorney/client privilege, and state in detail how this information was obtained and the names, addresses, and telephone numbers of all Government representatives involved in obtaining this information.

45.     Produce all classified and non-classified evidence and information the Government or any of its agents or attorneys has attempted to obtain information from any potential witness arguably in violation of the attorney/client privilege in connection with the investigation of this case, and state in detail when, where and how such attempt took place and the names, addresses and telephone numbers of all individuals involved in the attempt.

46.     Reveal and disclose all classified and non-classified FRE 404(b) evidence of transactions or conduct of the defendant and his or her agents, any co-defendant and his or her agents, or any alleged co-conspirator and his or her agents which the Government might offer as evidence on the question of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

47.     Produce all classified and non-classified statements, recorded, written, or oral made by any alleged coconspirators or co-defendants of the defendant in this case.

48.     Reveal and disclose any classified and non-classified evidence or information obtained or learned of by the Government in connection with the investigation of this case that establishes the defendant's good character or his lack of reputation for committing the act(s) that constitute the crime(s) in question in this case.

49.     Produce all classified and non-classified evidence or information linking the commission of the crime(s) charged in the latest indictment to individual(s) other than the defendant.

50.     Produce all inventory reports identifying all evidence seized or secured from the defendant or from any other individual linked to this investigation, regardless of whether the Government intends to introduce it into evidence during any phase of the trial of this case. This request includes, but is not limited to, all evidence seized or secured from the defendant's person or from any other individual's person or from any locations or premises during an arrest of the defendant or any other person; all evidence seized or secured from the defendant's person or from any other individual's person or from any locations or premises during any other type of search, whether conducted pursuant to a warrant or otherwise. This request also applies to any seizure, regardless of how temporary or permanent it may have been.

51.     Reveal and disclose any and all classified and non-classified evidence of any type which the Government is aware of, or which the Government could become aware of by the exercise of reasonable diligence, which indicates that any of the individuals whom it has interviewed, debriefed, or contacted in connection with the investigation of this case or any investigation leading up to this case, has been involved, however, remotely, in any criminal conduct, at any time up to the present date, whether or not such conduct resulted in criminal charges being brought against the individual. This request applies to, but is not limited to, any and all informants, special employees, alleged accomplices, (whether indicted or unindicted), alleged conspirators (whether indicted or unindicted), alleged aiders

16

and abettors (whether indicted or unindicted), tipsters, cooperating witnesses or defendants, or individuals acting in any undercover capacity who possess material and relevant information, as well as to all other individuals of any type who were involved in any manner, regardless of how remote it may be, in the investigation of this case.

52.     Produce copy of any and all subscriber information and toll records depicting any communications between any devices owned, used or possessed by the defendant obtained by the Government throughout the course of the investigation leading up to this case, as well as copy of any and all subscriber information in the Government's possession identifying the owners, users and individuals in possession of the devices with which the defendant's device(s) communicated.

53.     Produce copy of any and all executed and unexecuted search warrants, search warrant applications, and underlying affidavits relying upon classified and/or non-classified information or evidence provided by any informant, special employee, alleged co-conspirator (whether indicted or unindicted), alleged accomplice (whether indicted or unindicted), alleged aider and abettor (whether indicted or unindicted), tipster, cooperating witness or defendant, or investigator in this case, any investigation leading to the investigation of this case, including information or classified and/or non-classified evidence produced by anyone or who may be called as a witness by the Government during any phase of the trial of this case.

54.     Reveal, disclose, and allow the inspection and re-recording or photocopying of any and all mechanical or electronic recordings or transcriptions thereof that involved any individual who has acted in any capacity as an informant, special employee, alleged co-

conspirator (whether indicted or unindicted), alleged accomplice (whether indicted or unindicted), alleged aider and abettor (whether indicted or unindicted), tipster, snoop, or investigator in this case or who may be called as a witness by the Government during any phase of the trial of this case. This request is not limited to mechanical or electronic recordings or transcripts thereof that involve the defendant, but seeks the disclosure of all recordings or transcripts or any type that involve the aforementioned class of persons.

55.    Reveal and disclose any and all inculpatory evidence of any type that concerns or relates to any individual who has acted in any capacity as an informant, special employee, alleged co-conspirator (whether indicted or unindicted), alleged accomplice (whether indicted or unindicted), alleged aider and abettor (whether indicted or unindicted), tipster, snoop,  or investigator in this case or who may be called as a witness by the Government during the trial of this case. This request specifically includes, but is not limited to, any charges that were the subject of any plea bargains, and/or any prosecutorial proceedings of any nature involving the aforementioned class of persons.

56.    List the date, place, and the names and addresses of all persons present when any informer, special employee, alleged accomplice (whether indicted or unindicted), alleged co-conspirator (whether indicted or unindicted), alleged aider and abettor (whether indicted or unindicted), tipster, snoop, or individual acting in an undercover capacity who has been involved in any capacity in the investigation or preparation of this case or who may be called as a witness by the Government during any phase of the trial of this case has given sworn testimony (whether during a trial or during pre-trial proceedings) or has given a sworn statement of any type. These sworn statements include, but are not limited to, affidavits, tax returns, firearms, records, and loan applications.

57.     Produce copy of all pleadings, reports, communications (letters, emails, text messages), memoranda regarding the investigation conducted by the Office of the Prosecutor General in Russia, or any prosecutorial office, law enforcement agency, of the defendant in connection with the facts alleged in the five indictments.

58.     Produce copy of all pleadings, reports, communications (letters, emails, text messages), memoranda regarding the investigation conducted by the Office of the Prosecutor General in Russia, or any prosecutorial office, law enforcement agency, of Voentorg in connection with the facts alleged in the five indictments.

59.     Produce copy of all pleadings, reports, communications (letters, emails, text messages), memoranda regarding the investigation conducted by the Office of the Prosecutor General in Russia, or any prosecutorial office, law enforcement agency, of Sergeii Serdyukov in connection with the facts alleged in the five indictments.

60.     Produce copy of all pleadings, reports, statements, receipts, invoices, communications (letters, emails, text messages), and memoranda regarding the bribe payments subject of the five indictments returned against the defendant.

61.     Produce copy of all pleadings, reports, statements, receipts, invoices, communications (letters, emails, text messages), and memoranda depicting each transaction involving the proceeds of bribery of a public official.

62.     Produce copy of all pleadings, reports, statements, receipts, invoices, communications (letters, emails, text messages), and memoranda depicting each transaction involving the proceeds of misappropriation of public funds by or for the benefit of a public official.

63.     Produce copy of all pleadings, reports, statements, receipts, invoices,

communications (letters, emails, text messages), and memoranda depicting each transaction involving the proceeds of theft of public funds by or for the benefit of a public official.

64.    Produce copy of all pleadings, reports, statements, receipts, invoices, communications (letters, emails, text messages), and memoranda depicting each transaction involving the proceeds of embezzlement of public funds by or for the benefit of a public official.

65.    In addition to all of the items specifically mentioned and listed herein, the defendant requests that the Government furnish to the defendant's attorney(s) any and all evidence of whatever type and kind that is within its possession, custody or control, or the existence of which is known or through the exercise of due diligence could become known to it, that may be materially favorable to the defendant, either directly, indirectly or in an impeaching manner, within the purview of **Brady, Giglio** and their  progeny.

This Request for Discovery and for the Disclosure of Exculpatory Evidence is continuing in nature.

This the 13th day of November, 2019.

/s/ F. Hill Allen
F. Hill Allen
THARRINGTON SMITH, L.L.P.
P.O. Box 1151
Raleigh, NC 27602
Phone:  (919) 821-4711
Fax:  (919) 829-1583
hallen@tharringtonsmith.com
N.C. State Bar No. 18884

/s/ Robert S. Wolf
Robert S. Wolf
MOSES & SINGER LLP
The Chrysler Building

20

405 Lexington Ave., 12th Floor
New York, NY 10174-1299
Phone:  (212) 554-7825
Fax:  (212) 554-7700

*Counsel for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that the foregoing **DEFENDANT'S REQUEST FOR DISCOVERY AND FOR DISCLOSURE OF ALL EXCULPATORY EVIDENCE AND INCORPORATED STATEMENT OF AUTHORITY** was filed with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all CM/ECF users who have made an appearance in this case.

This 13th day of November, 2019.

/s/ F. Hill Allen
F. Hill Allen
THARRINGTON SMITH, L.L.P.
P.O. Box 1151
Raleigh, NC 27602
Phone:  (919) 821-4711
Fax:  (919) 829-1583
hallen@tharringtonsmith.com
N.C. State Bar No. 18884
*Counsel for Defendant*

22