IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:18-CR-452-1-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) UNITED STATES' RESPONSE |
| | ) TO DEFENDANT'S MOTION |
| LEONID ISAAKOVICH TEYF, | ) FOR RECONSIDERATION OF |
| Defendant. | ) the ORDER at D.E. 343. |

The United States of America, by and through its attorney, the United States Attorney for the Eastern District of North Carolina, respectfully responds in opposition to the defendant's motion for reconsideration of an order compelling compliance with a grand jury subpoena dated February 22, 2019.

In response, it is stated unto the Court: a duly empaneled grand jury in the Eastern District of North Carolina issued a subpoenas duces tecum to Defendant for records required by Title 31, United States Code, Section 5314 and associated regulations. See D.E. 175-1. The defendant filed a motion to quash the subpoena. D.E. 175. The government filed a response, D.E. 181, and the matter was referred to United States Magistrate Judge Numbers for consideration. On April 10, 2019, the motion to quash was denied. D.E. 212. Now more than seven months later, the defendant continues to avoid responding to the duly issued subpoena. In part, he uses the same, unavailing arguments made in the motion to quash regarding his 5th amendment rights, which is contrary to Fourth Circuit precedent. He did also offer a new argument by supplement in August 2019, six months after the subpoena issued - and now relies on this argument in the main in the current motion for reconsideration - the argument that the government has abused the grand jury

process. To prevail on this claim, the defendant must show that an irregularity occurred, and must make this showing over a presumption of regularity. United States v. Moss, 756 F.2d 329, 332 (4th Cir. 1995), citing United States v. Woods, 544 F.2d 242, 250 (6th Cir. 1976). The claimed irregularity here is that the "sole or dominant purpose" of this subpoena was to "obtain . . . additional evidence against him." Defendant's Motion, D.E. 349 at 8.

The very timeline of events themselves respond adequately to this argument. The government points to the Order issued by United States Magistrate Judge Numbers, D.E. 343, at page 6-7. At the time of the issuance of the grand jury subpoena in February 2019, "there were no charges pending that involved foreign financial account records. Teyf conceded as much at the hearing on this motion." D.E. 343 at 6. The fact that in the intervening months, charges involving foreign bank accounts were returned against Teyf does not help his cause. "[T]he timing of the subpoena and the Fourth Superseding Indictment do not support Teyf's argument. The grand jury issued the subpoena three months before it issued the Fourth Superseding Indictment and set a response date about two months before the return of the Fourth Superseding Indictment. It is hard to conclude that the Government sought the subpoena for the sole or dominant purpose of obtaining evidence for pending charges when those charges would not be pending for months after the subpoena issued." D.E. 343 at 7. The question is not whether the response to the subpoena might support any pending charges, but whether obtaining the evidence was the "sole or dominant" purpose behind the subpoena. As the subpoena pre-existed the charges, such simply cannot be the case.

## III. CONCLUSION

For all the above-stated reasons, the defendant should be compelled to respond to the grand jury subpoena issued him on February 22, 2019.

Respectfully submitted this 26th day of November, 2019.

                      ROBERT J. HIGDON, JR.
                      United States Attorney

By:   */s/ Barbara D. Kocher*
      JASON M. KELLHOFER
      BARBARA D. KOCHER
      Assistant U.S. Attorney
      150 Fayetteville St., Suite 2100
      Raleigh, NC 27601
      Telephone: 919-856-4530
      Fax: 919-856-4487
      E-mail: jason.kellhofer@usdoj.gov
      OH Bar: 0074736
      E-mail: barb.kocher@usdoj.gov
      NC Bar: 16360

CERTIFICATE OF SERVICE

This is to certify that I have this 26th day of November, 2019, served a copy of the foregoing filing upon counsel for the defendant in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system that will send notification of such filing to:

F. Hill Allen
Tharrington Smith LLP

Robert S. Wolf
Moses & Singer LLP

                                 By: */s/ Barbara D. Kocher*
                                       BARBARA D. KOCHER
                                       Assistant U.S. Attorney
                                       310 New Bern Avenue, Suite 800
                                       Raleigh, NC 27601
                                       Telephone: 919-856-4530
                                       Fax: 919-856-4487
                                       E-mail: barb.kocher@usdoj.gov
                                       NC Bar: 16360