IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CR-00452-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LEONID ISAAKOVICH TEYF, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for reconsideration of the magistrate judge's November 5, 2019, order pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 59(a) of the Federal Rules of Criminal Procedure. (DE 349). The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons noted, defendant's motion is denied.

## BACKGROUND

This case has a lengthy and contentious procedural history, set forth fully in the court's prior orders. In the interest of judicial economy, the court recounts those facts pertinent to the instant motion.

On February 22, 2019, the grand jury issued a subpoena requiring defendant to produce the following:

> Any and all records in your possession, custody, or control that are required to be maintained pursuant to 31 C.F.R. § 1010.420 (formerly 31 C.F.R. § 103.32) for the past 5 years relating to foreign financial bank, securities, or other financial accounts in a foreign country for which you had/have a financial interest in, or signature or other authority over and are required by law to file a Report of Foreign Bank and Financial Account (FBAR). The records required to be maintained pursuant to 31 C.F.R. § 1010.420 (formerly 31 C.F.R. § 103.32) include records that contain the name in which each such account is maintained, the number or other designation of

such account, the name and address of the foreign bank or other person with whom such account is maintained, the type of such account, and the maximum value of each such account during the reporting period.

(Grand Jury Subpoena (DE 175-1) at 2, 4). On March 11, 2019, defendant filed a motion to quash the subpoena, arguing that it violated his Fifth and Sixth Amendment rights. The following month, the grand jury returned a third superseding indictment, adding several items of property to the indictment's notice of forfeiture. Shortly thereafter, the magistrate judge denied the motion to quash on April 10, 2019.

On May 7, 2019, the government filed motion to compel, informing the court that defendant refused to comply with the subpoena, continuing to assert a Fifth Amendment right against disclosure. Two days later, the government filed a fourth superseding indictment, adding five counts against defendant. On May 21, 2019, defendant responded in opposition, asserting that the court should give him more time to respond to the subpoena because of the amount of information produced by the government in discovery, the subpoena violates his Fifth Amendment privilege. After retaining new counsel, defendant filed supplemental response on August 16, 2019, arguing for the first time that the government was abusing the grand jury to bolster evidence of existing charges. One week later, the magistrate judge heard argument from the parties at hearing.

On November 5, 2019, the magistrate judge granted the government's motion to compel, holding that defendant's Fifth Amendment testimonial privilege had not been violated, and that the government did not abuse the grand jury process by seeking to enforce the grand jury's subpoena. The instant motion followed.

**DISCUSSION**

A.   Standard of Review

A district court may designate a magistrate judge to hear and decide any "pretrial matter not dispositive of a party's claim or defense." Fed. R. Crim. P. 59(a); see also 28 U.S.C. § 636(b)(1)(A). Upon timely objection by a party, the court must modify or set aside any part of a magistrate judge's order that is "clearly erroneous" or "contrary to law." Fed. R. Crim. P. 59(a). "A factual finding is clearly erroneous when [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" TFWS, Inc. v. Franchot, 572 F.3d 186, 196 (4th Cir.2009) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)). The "contrary to law" standard permits plenary review of legal conclusions. See PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010); Haines v. Liggett Grp. Inc., 975 F.2d 81, 91 (3d Cir. 1992). However, discretionary decisions related to discovery disputes and scheduling are accorded greater deference. See, e.g., Patrick v. PHH Mortg. Corp., 298 F.R.D. 333, 336 (N.D.W. Va. 2014); In re Outsidewall Tire Lit., 267 F.R.D. 466, 470 (E.D. Va. 2010).

B.  Analysis

  1.  Act of Production Doctrine

The Fifth Amendment to the United States Constitution guarantees that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The act of production doctrine extends a defendant's Fifth Amendment privilege to documentary evidence "only when the accused is compelled to make a [t]estimonial [c]ommunication that is incriminating." Fisher v. United States, 425 U.S. 391, 408 (1976). However, the required records doctrine limits the scope of the Fifth Amendment testimonial privilege, providing that "[w]hen a person assumes control over items that are the legitimate object of the government's noncriminal regulatory powers, the ability to invoke the privilege is reduced." Baltimore City Dep't of Soc.

3

Servs. v. Bouknight, 493 U.S. 549, 556–58 (1990) (collecting cases). For the required records doctrine to apply to a particular class of records,

> (1) the purposes of the United States' inquiry must be essentially regulatory; (2) information is to be obtained by requiring the preservation of records of a kind which the regulated party has customarily kept; and (3) the records themselves must have assumed public aspects which render them at least analogous to a public document.

United States v. Under Seal, 737 F.3d 330, 334 (4th Cir. 2013) (quoting Grosso v. United States, 390 U.S. 62, 67–68 (1968)).

In Under Seal, the United States Court of Appeals for the Fourth Circuit considered whether to quash a grand jury subpoena identical in substance to the one in the instant case, with the parties raising the same arguments as here. Id. at 332. Reviewing the factors discussed in Grosso at length, the court held that records a party must keep under the Bank Secrecy Act fall within the required records doctrine. Id. at 334–38. Thus, under controlling law, the required records doctrine precludes defendant's argument that the grand jury's subpoena in this instance implicates his Fifth Amendment rights.

Defendant argues that the United States Supreme Court's decision in United States v. Hubbell, 530 U.S. 27 (2000) "makes clear that the Supreme Court has never found the required records doctrine supersedes the action of production doctrine." (Def. App. (DE 349) at 16). A careful reading of Hubbell thoroughly dispels any such argument. Far from dismissing the applicability of the required records doctrine, the Court explains "the fact that incriminating evidence may be the byproduct of obedience to a regulatory requirement, such as filing an income tax return, maintaining required records, or reporting an accident, does not clothe such required conduct with the testimonial privilege." Hubbell, 530 U.S. at 35, n. 15 & 17 (citing Bouknight, 493 U.S. at 556; Shapiro v. United States, 335 U.S. 1 (1948)). For this reason, and for the reasons

4

fully articulated by the magistrate judge in holding defendant's testimonial privilege inapplicable to the subpoenaed documents, the magistrate judge's order is not contrary to law.

2. Grand Jury Abuse

The Fifth Amendment guarantees that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ." U.S. Const. amend. V. In discharging its constitutional responsibility, the grand jury must be "'free to pursue its investigations unhindered by external influence or supervision so long as it does not trench upon the legitimate rights of any witness called before it.'" United States v. Williams, 504 U.S. 36, 48–49 (1992) (quoting United States v. Dionisio, 410 U.S. 1, 17–18 (1973)). As such, "a grand jury subpoena issued through normal channels is presumed to be reasonable, and the burden of showing unreasonableness must be on the recipient who seeks to avoid compliance." United States v. R. Enterprises, Inc., 498 U.S. 292, 301 (1991); Dionisio, 410 U.S. at 16 (citing Stirone v. United States, 361 U.S. 212, 218 (1960)).

"A subpoena should [] only be quashed when [an] illegitimate purpose is the 'sole or dominant purpose of seeking the evidence.'" In re Grand Jury Subpoena, 175 F.3d 332, 340 (4th Cir. 1999) (quoting United States v. (Under Seal), 714 F.2d 347, 350 (4th Cir. 1983)). "For example, the government may not use the grand jury to improve its case in an already pending trial by preserving witness statements, locking in a witness's testimony, pressuring potential trial witnesses to testify favorably, or otherwise employing the grand jury for pretrial discovery." United States v. Alvarado, 840 F.3d 184, 189 (4th Cir. 2016) (quoting United States v. Moss, 756 F.2d 329, 331–32 (4th Cir. 1985) (collecting cases)).

However, "[w]hen there is a pending indictment, grand jury witnesses often have information pertinent to both already-indicted charges and new charges. The grand jury is not required to disregard the former when investigating the latter." Id. at 190. "The Government is allowed to make a good-faith inquiry into charges that are not covered in the indictment, 'even if it uncovers further evidence against an indicted person.'" United States v. Bros. Const. Co. of Ohio, 219 F.3d 300, 314 (4th Cir. 2000) (internal quotation marks omitted) (quoting Moss, 756 F.2d at 332)).

In the instant case, the disputed subpoena was issued on February 22, 2019, ordering defendant to produce his bank records not later than March 5, 2019. (See Grand Jury Subpoena (DE 175-1) at 2, 4). At hearing, defense counsel acknowledged that "[w]hen the subpoena was issued, there weren't the pending charges of failure to identify foreign bank accounts and the resulting tax fraud charges for — that go with those." (Transcript of Hearing ("Tr.") 17:17–20). On these facts, the court has little doubt that subpoena was issued for the purpose of investigating defendant's alleged crimes, rather than seeking discovery in anticipation of trial.

Defendant attempts to rebut the presumption of regularity by arguing that enforcement of the grand jury's subpoena no longer aids the grand jury in carrying out its duties. On May 9, 2019, over two and a half months after the subpoena issued, the grand jury returned a fourth superseding indictment. The new indictment added three counts of tax fraud against defendant for failure to report financial interest or authority over foreign financial accounts, in violation of 26 U.S.C. § 7206(1); and two counts against defendant for failure to file FinCen Form 114, "Report of Foreign Bank and Financial Accounts," in violation of 31 U.S.C. §§ 5314, 5322(b), and applicable regulations. (Fourth Superseding Indictment (DE 248) at 25–27). Defendant contends that

enforcing the subpoena after return of the fourth superseding indictment constitutes abuse of the grand jury process.

The government persuasively rebuts defendant's argument by pointing out there are additional charges the grand jury can seek with the information contained in the subpoena, notwithstanding the charges contained in the fourth superseding indictment. See Alvarado, 840 F.3d at 190. First, failure to file the reporting forms under the Bank Secrecy Act is a separate crime from failing to keep records. See 31 U.S.C. §§ 5314, 5322(b). Second, the grand jury's investigation into defendant failing to file appropriate forms reporting his foreign financial interests may extend to years beyond 2015 and 2016, the years already indicted by the grand jury. (See Fourth Superseding Indictment (DE 248) at 26–27; Tr. 16:11–24).

Defendant also argues that this case is identical to a grand jury abuse case decided by the United States Court of Appeals for the Second Circuit. See In re Grand Jury Subpoena Duces Tecum Dated January 2, 1985 (Simels), 767 F.2d 26 (2d Cir. 1985). In Simels, the court quashed a grand jury subpoena to defendant's attorney issued shortly after the government withdrew a prior trial subpoena seeking the same information, finding that "[t]he timing of the subpoena casts significant light on its purposes." 767 F.2d at 29. The government conceded that the trial subpoena "was served solely for evidentiary purposes," and the Second Circuit found no reason to believe that use of a grand jury subpoena "signified a shift in the uses to which the government intended to put the information sought." Id. at 29–30.

The court agrees with the magistrate judge that Simels is inapplicable to the instant case. Despite defendant's protestations to the contrary, the Second Circuit explicitly reasoned that the issuance of the grand jury subpoena shortly after the issuance of the trial subpoena seeking the

same information "cast[] significant light" on the purposes of the grand jury subpoena. <u>Id.</u> at 29. In the instant case, the government did not issue any trial subpoena for the information requested. Moreover, the grand jury subpoena in this case was issued well before any related charges were returned. (<u>See</u> Grand Jury Subpoena (DE 175-1) at 2; Fourth Superseding Indictment (DE 248) at 1). In <u>Simels</u>, the government expressly indicated that, when it issued the trial subpoena, the information sought was solely for evidentiary purposes. <u>Id.</u> Here, the government has pointed to several additional violations of federal law that the grand jury may consider based on the information contained in the subpoena. (Tr. 16:11–24).

Finally, defendant requests that he be allowed access to a transcript of the grand jury's proceedings. For the reasons set forth above, the court rejects defendant's request as substantially outweighed by the interest in maintaining the secrecy of grand jury proceedings. <u>See</u> <u>Douglas Oil Co. of California v. Petrol Stops Nw.</u>, 441 U.S. 211, 223 (1979) ("[D]isclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure."). The magistrate judge's holding that the government did not abuse the grand jury process by seeking to enforce the subpoena in the instant case is neither clearly erroneous nor contrary to law.

## CONCLUSION

Based on the foregoing, defendant's motion for reconsideration of the magistrate judge's November 5, 2019, order (DE 349) is DENIED. Defendant will make his first production of responsive documents not later than **December 10, 2019**, and he will complete the production in enough time to allow the parties to prepare for arraignment and trial. The court REINSTATES all other requirements and deadlines as provided by the magistrate judge's order.

SO ORDERED, this the 3rd day of December, 2019.

                                                LOUISE W. FLANAGAN
                                             United States District Judge