IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:18-CR-452-1-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | UNITED STATES' MOTION TO |
| | ) | SHOW CAUSE |
| LEONID ISAAKOVICH TEYF, | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorney, the United States Attorney for the Eastern District of North Carolina, respectfully moves for an order directing the defendant to show cause why he should not be held in contempt for failure to comply with the Orders at D.E. 343 and 355.

I. <u>STATEMENT OF THE CASE AND FACTS</u>

A duly empaneled grand jury in the Eastern District of North Carolina issued a subpoenas duces tecum to Defendant for records required by Title 31, United States Code, Section 5314 and associated regulations. (D.E. 175-1).

The defendant filed a motion to quash the subpoena (D.E. 175). The government filed a response (D.E. 181), and the matter was referred to United States Magistrate Judge Numbers for consideration. On April 10, 2019, the motion to quash was denied via D.E. 212. On May 7, 2019, the government filed a motion to compel response (D.E. 245), and after delay due to change in defense counsel, a hearing on the motion was held on August 23, 2019 (D.E. 321). On November 5, 2019, United States Magistrate Judge Numbers issued an order compelling response by defendant (D.E. 343) and defendant appealed that Order to this Court (D.E. 349). On December 3, 2019, the defendant's motion for reconsideration was

denied, and at D.E. 355, he was ordered to begin responsive production by December 10, 2019. .

On December 10, 2019, the defendant filed a response to that Order (D.E. 358). Therein, he indicated his intention to appeal the Order, claiming that his Fifth Amendment rights would be irrevocably harmed by complying with the Order in the interim (D.E. 358). At this time, no appeal has been filed. Respectfully, the Government requests that the defendant be ordered to show cause why he should not be held in contempt.

## II. ARGUMENT

**1. There is no Fifth Amendment right related to the documents required to be produced by the subpoena.**

Defendant refuses to comply with the Court's Order requiring production of documents under the duly-issued grand jury subpoena, "since doing so would effectively render any appeal in which [he] could assert his Fifth Amendment rights moot." D.E. 358. This claim ignores the findings of Court that, "under controlling law, the required records doctrine precludes defendant's argument that the grand jury's subpoena in this instance implicates his Fifth Amendment rights." D.E. 355 at 4. See, United States v. Under Seal, 737 F.3d 330, 334 (4th Cir. 2013) (quoting Grosso v. United States, 390 U.S. 62, 67–68 (1968)). There is no Fifth Amendment right against self-incrimination attached to these records, and defendant's continuing refusal to comply with multiple orders of the court is contemptuous of the Court's authority.

**2. Assuming, arguendo, there is a recognizable Fifth Amendment right attached to the requested records in contravention to the direct precedent of the Fourth Circuit, there are adequate protections in place.**

First, requiring the disclosure of the documents is not in and of itself violative of any Fifth Amendment right. Rather, it would be the use of the documents, either themselves or to lead to other incriminating evidence, that would threaten any applicable constitutional right. United States v. Hubbell, 530 U.S. 27, 120 S. Ct. 2037, 147 L. Ed. 2d 24, 38 (2000). To that end, following disclosure, the defendant would still have available remedies in the district court, to include a motion in limine.

Second, contrary to defendant's assertion that disclosing the documents would "effectively render any appeal . . .moot," the Fourth Circuit has held that "appellate courts can remedy the improper disclosure of privileged material … by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence." United States v. Myers, 593 F.3d 338, 346 (4th Cir. 2010). The post-conviction appeal is an effective review in a myriad of circumstances. See e.g., United States v. MacDonald, 435 U.S. 850, 98 S. Ct. 1547, 56 L. Ed. 2d 18 (1978) (following the denial of a motion to dismiss an indictment because of an alleged violation of the Sixth Amendment right to a speedy trial), Midland Asphalt Corp. v. United States, 489 U.S. 794, 109 S. Ct. 1494, 103 L. Ed. 2d 879 (1989) () (following an alleged violation of grand jury secrecy requirements arising from the Fifth Amendment), United States v. Myers, 593 F.3d at 346-47) (following a claim of attorney-client privilege applying to requested documents). Similarly, if documents are disclosed and used against this defendant

in violation of the Fifth Amendment, appeal following any conviction can set that wrong right, by vacating that judgment.

**3. The issue as to whether there is "just cause" for the defendant's failure has been fully litigated in this Court and defendant should be prohibited from relitigating this issue at any show cause hearing.**

Title 28 United States Code, Section 1826 allows the Court to hold a person in contempt if they refuse "without just cause shown to comply with an order of the court to . . . provide . . . information." 18 U.S.C. § 1826(a). Here, the defendant has moved to quash the subpoena and been denied, continued to refuse to comply with the subpoena, was subjected to two separate orders compelling response, and now informs the Court he has no intention of complying with those Orders. While a show cause hearing may be necessary for procedural due process, judicial efficiency would suggest the defendant be barred from presenting any of the issues and objections he has previously made to the subpoena. See, United States v. Rylander, 460 U.S. 752, 757 (1983).

[Remainder of page left intentionally blank]

## III. CONCLUSION

For all the above-stated reasons, the defendant should be ordered to show cause why he should not be held in contempt for his failure to respond to the grand jury subpoena issued him on February 22, 2019, in compliance with Order(s) of the Court at D.E. 343 and 355 which compelled him to so do.

Respectfully submitted this 3rd day of January, 2020.

        ROBERT J. HIGDON, JR.
        United States Attorney

By:   */s/ Barbara D. Kocher*
        JASON M. KELLHOFER
        BARBARA D. KOCHER
        Assistant U.S. Attorney
        310 New Bern Avenue, Suite 800
        Raleigh, NC 27601
        Telephone: 919-856-4530
        Fax: 919-856-4487
        E-mail: jason.kellhofer@usdoj.gov
        OH Bar: 0074736
        E-mail: barb.kocher@usdoj.gov
        NC Bar: 16360

CERTIFICATE OF SERVICE

This is to certify that I have this 3rd day of January, 2020, served a copy of the foregoing filing upon counsel for the defendant in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system that will send notification of such filing to:

F. Hill Allen
Tharrington Smith LLP

Robert S. Wolf
Moses & Singer LLP

By: */s/ Barbara D. Kocher*
BARBARA D. KOCHER
Assistant U.S. Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
E-mail: barb.kocher@usdoj.gov
NC Bar: 16360