IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-00452-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | **MOTION FOR EARLY DISCLOSURE** |
| v. | ) | **OF *BRADY/GIGLIO* MATERIAL AND** |
| | ) | **INCORPORATED MEMORANDUM** |
| LEONID ISAAKOVICH TEYF | ) | **OF LAW** |

NOW COMES Defendant Leonid Isaakovich Teyf, through undersigned counsel, and pursuant to Fed. R. Crim. P. 16 and the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *Kyles v. Whitley*, 514 U.S. 419 (1995), respectfully moves this Court for an order requiring the Government to immediately disclose to Defendant all *Brady/Giglio* material in its possession. This Motion seeks to ensure that all such information is produced in a timely manner well in advance of trial. The information sought includes, but is not limited to, the following:

1) any plea agreements between the Government and any witnesses in this case,

2) any agreements and/or recommendations for leniency, or agreements for immunity, between the Government and any of its witnesses,

3) any documents and/or other tangible items within the possession of the Government, including law enforcement reports, that are potentially exculpatory toward Defendant,

4) any witness statements, in any form, whether made by persons who will testify at trial or not, that are exculpatory in any way toward Defendant, including any prior inconsistent statement of any Government witness and any exculpatory statements made to the Government by persons who will not be testifying at trial,

5) any statement of any potential Government witness, in any form, that is inconsistent in any way (including omission) with any earlier or later statement provided by that potential witness to the Government,

6) notice of the provision of compensation, in any form or fashion, by the Government to any witness in this case,

7) notice of any benefit of any type offered to CS-1 and CS-2 used by the Government in this case, which did or could have the effect of inducing CS-1 or CS-2 to cooperate with the Government; and

8) the criminal records of any Government witnesses in this case.

In support of this Motion, Defendant shows the Court the following:

1. In the Fourth Superseding Indictment returned May 9, 2019, Defendant is charged with conspiracy to commit money laundering, money laundering, bribery of a public official, murder for hire, possession of a firearm with an obliterated serial number, conspiracy to harbor illegal aliens, visa fraud, making false statements on a tax return, and failing to file a report of foreign bank and financial accounts.

2. The Government's affirmative duty to disclose evidence favorable to a defendant can trace its origins to early 20th century strictures against misrepresentation, and is most prominently associated with the United States Supreme Court's decision in *Brady v. Maryland*, 373 U.S. 83 (1963). *Brady* held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. The Supreme Court later did away with the request requirement, and further held that for purposes of *Brady*, there is no distinction between exculpatory evidence and impeachment evidence – both must be disclosed by the Government prior to trial under *Brady*. *United States v. Bagley*, 473 U.S. 667, 682-85 (1985) (no specific request necessary, and "favorable" evidence under *Brady* includes not only evidence tending to exculpate defendant, but also any evidence adversely affecting the credibility of Government witnesses).

3. The duty of the prosecution is an "affirmative duty" to disclose *Brady* material to the defense. *Kyles v. Whitley*, 514 U.S. 419, 432 (1995). Thus, the Government has an affirmative duty to search all of the materials it has obtained in an investigation for *Brady* material, because an individual prosecutor has a duty to learn of the *Brady* material in the Government's possession:

> [T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.

*Kyles*, 514 U.S. at 437; *see also United States v. Beckford,* 962 F. Supp. 780, 785 (E.D. Va. 1997) ("In the discharge of its obligations under *Brady*, the Government must actively search out the requested material in its files and in the files of related agencies reasonably expected to have possession of such information").

4. *Brady* information should be disclosed to the defense as soon as it becomes known to the Government. *United States v. McVeigh*, 954 F. Supp. 1441, 1449 (D. Colo. 1997) (*Brady* material "should be given to the defense at it becomes known to the Government, since the information and material must be available to the defense in sufficient time to make fair use of it"). The fact that information subject to disclosure under *Brady* may also technically fall under the Jencks Act does not absolve the Government of its obligation to disclose the material to the defense under the mandate of *Brady* in time for its effective use at trial. *United States v. Williams,* 10 F.3d 1070, 1079 (4th Cir. 1993) (explaining that the Jencks Act "in no way impairs the government's constitutional obligations under *Brady v. Maryland*"). In other words, the Government cannot refuse to produce *Brady/Giglio* material on the grounds that it is also Jencks material. *See id.*

3

5. Defendant respectfully requests that the Government produce all *Brady/Giglio* material in its possession, well in advance of trial. Defendant files this Motion to ensure that he requests any and all *Brady/Giglio* material and seeks its production well in advance of trial so that he may properly investigate and develop any such evidence and to avoid any trial delay.

WHEREFORE, Defendant respectfully requests that this Motion be granted, and that the Court enter an order requiring the Government to produce immediately to the defense all *Brady/Giglio* material in its possession, and in any event not less than forty-five (45) days prior to trial.

This the 13th day of January, 2020.

/s/ F. Hill Allen
F. Hill Allen
THARRINGTON SMITH, L.L.P.
P.O. Box 1151
Raleigh, NC 27602
Phone: 919) 821-4711
Fax: 919) 829-1583
hallen@tharringtonsmith.com
N.C. State Bar No. 18884
*Counsel for Defendant*

Robert S. Wolf
MOSES & SINGER LLP
The Chrysler Building
405 Lexington Ave., 12th Floor
New York, NY 10174-1299
Phone: (212) 554-7825
Fax: (212) 554-7700
rwolf@mosessinger.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 13th day of January, 2020, I electronically filed the foregoing **MOTION FOR EARLY DISCLOSURE OF *BRADY/GIGLIO* MATERIAL AND INCORPORATED MEMORANDUM OF LAW** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

| | |
|---|---|
| Barbara D. Kocher | Jason M. Kellhofer |
| U.S. Attorney's Office | U.S. Attorney's Office |
| 150 Fayetteville Street, Suite 2100 | 150 Fayetteville Street, Suite 2100 |
| Raleigh, NC 27601 | Raleigh, NC 27601 |
| barb.kocher@usdoj.gov | jason.kellhofer@usdoj.gov |

                                     /s/ F. Hill Allen
                                     F. Hill Allen
                                     THARRINGTON SMITH, L.L.P.
                                     P.O. Box 1151
                                     Raleigh, NC 27602
                                     Phone:  (919) 821-4711
                                     Fax:  (919) 829-1583
                                     hallen@tharringtonsmith.com
                                     N.C. State Bar No. 18884
                                     *Counsel for Defendant*

2051463