IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CR-00452-FL-1
No. 5:18-CR-00452-FL-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LEONID ISAAKOVICH TEYF, and | ) | |
| TATYANA ANATOLYEVNA TEYF, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on defendant Leonid Teyf's renewed motion to suppress certain evidence and return seized and restrained property, in accordance with the Fourth, Fifth, and Sixth Amendments to the United States Constitution. (DE 370). This matter also comes before the court on defendant Tatyana Teyf's renewed motion to release seized assets pursuant to the Fifth and Sixth Amendments to the United States Constitution. (DE 371). The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons that follow, defendants' renewed motions are denied.

**STATEMENT OF THE CASE**

Defendant Leonid Teyf was indicted for conspiracy to commit money laundering, money laundering, bribery of a public official, murder for hire, possession of a firearm with an obliterated serial number, conspiracy to harbor illegal aliens, visa fraud, making false statements on a tax return, and failing to file a report of foreign bank and financial accounts. Defendant Tatyana Teyf was indicted for conspiracy to commit money laundering, money laundering, conspiracy to harbor

illegal aliens, making false statements on a tax return, and failing to file a report of foreign bank and financial accounts. In the fourth superseding indictment returned May 9, 2019, the government also noticed forfeiture of certain property in this case, including: four tracts of real property; 17 firearms; all related ammunition and accessories; six motor vehicles; artwork purchased on or about August 14, 2015, for $2,600,000.00; 25 bank accounts; miscellaneous jewelry; and sums of currency.

On March 15, 2019, defendant Leonid Teyf filed his first motion to suppress evidence obtained by seizure warrants issued December 5, 2018, pertaining to four motor vehicles and 22 bank accounts. The court denied the motion on November 7, 2019. (DE 344). The court held that the search warrants were facially valid; that defendant Leonid Teyf had not made the showing necessary to be entitled to a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978); that cars, artwork, and currency, seized from his residences located on New Market Way and Glenwood Avenue in Raleigh, North Carolina was within the scope of search warrants for those residences; and the government did not unlawfully restrain assets untainted by defendant Leonid Teyf's alleged bribery and kickback scheme.

Also on March 15, 2019, defendant Tatyana Teyf filed her motion for release of seized assets. Following hearing held on March 28, 2019, the court granted the motion as to certain jewelry seized at defendants' residence, and denied the motion in remaining part. The court memorialized its rulings in orders dated March 29, 2019, and April 22, 2019.

Defendant Leonid Teyf renewed his motion to suppress on January 12, 2020, again requesting that the court hold a Franks hearing to determine if probable cause supports the search warrants executed in the case. Defendant Tatyana Teyf renewed her motion for release of assets

on January 13, 2020, adopting as her own the arguments of defendant Leonid Teyf. Defendants' renewed motions rely exclusively upon one piece of evidence not previously considered by the court: a transcription of a February 2017 recorded telephone conversation between confidential source one ("CS-1"), the individual whose testimony underlies the officers' affidavits in support of the search warrants in this case; and confidential source two ("CS-2"), the individual involved in defendant Leonid Teyf's alleged scheme to murder or deport defendant Tatyana Teyf's ex-boyfriend A.G. (Audio Recording Transcript (DE 370-1)).

## STATEMENT OF FACTS

In the interest of judicial economy, the court incorporates by reference its statements of facts from prior orders and summarizes briefly the nature of CS-1's testimony as recounted in the officers' affidavits.

CS-1, whom the government asserts is reliable, claims that defendant Leonid Teyf used his position as a corporate official for a military contractor to obtain kickbacks from subcontractors. While working for defendant Leonid Teyf as security, CS-1 heard defendant Leonid Teyf discussing with individuals he hired how to transfer the kickback proceeds. CS-1 also met couriers at various locations around Russia to receive large sums of cash and deliver that cash to accountants specified by defendant Leonid Teyf. CS-1 estimated kickbacks of $70,000,000.00, $30,000,000.00, and $50,000,000.00 were paid to Russian Defense Minister Anatoliy Serdyukov, with defendant Leonid Teyf receiving the next largest share. Defendant Leonid Teyf's scheme eventually became public, and he paid off investigators to curtail the investigation. CS-1 would take money for defendant or sometimes provide escorts for others taking money on behalf of

3

defendant to Alfa Bank in Russia. While handling defendant's emails, CS-1 saw documents showing defendant transferred some of the money internationally.[1]

In February 2017, CS-1 engaged in a telephone conversation with CS-2. In that phone call, CS-2 attempted to obtain information from CS-1 regarding defendant Leonid Teyf's business dealings. CS-1 denied any knowledge of money laundering.

## DISCUSSION

"An accused is generally not entitled to challenge the veracity of a facially valid search warrant affidavit." United States v. Allen, 631 F.3d 164, 171 (4th Cir. 2011). However, the Fourth Amendment requires a hearing on the validity of a warrant "[w]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." Franks v. Delaware, 438 U.S. 154, 155–56 (1978).

Turning to the issue of intentionality, "the defendant must provide facts—not mere conclusory allegations—indicating that the officer subjectively acted with intent to mislead, or with reckless disregard for whether the statements would mislead, the magistrate." United States v. Moody, 931 F.3d 366, 370–71 (4th Cir. 2019) (citing United States v. Colkley, 899 F.2d 297, 301 (4th Cir. 1990)). "Allegations of negligence or innocent mistake are insufficient." Herring v. United States, 555 U.S. 135, 145 (2009) (quoting Franks, 438 U.S. at 171); United States v. Lull, 824 F.3d 109, 115 (4th Cir. 2016) (internal citations omitted). Because an officer's affidavit "cannot be expected to include . . . every piece of information gathered in the course of an

---

[1] The affiants relied upon financial records to trace large sums of money wired to both defendants under circumstances giving rise to an inference that such funds were proceeds of the kickback scheme.

investigation[,]" to show omissions are intentional the defendant must demonstrate "that the omission was designed to mislead or was made with reckless disregard of whether it would mislead." United States v. Tate, 524 F.3d 449, 455 (4th Cir. 2008) (internal citations omitted). "[T]he fact of an omission, standing alone, is not sufficient to demonstrate intent or reckless disregard." United States v. Shorter, 328 F.3d 167, 171 (4th Cir. 2003).

In Tate, the United States Court of Appeals for the Fourth Circuit found defendant made a substantial preliminary showing of an intentional omission. 524 F.3d at 456. There, the defendant proffered facts showing that officer omitted facts regarding where he searched defendant's trash without a warrant. Id. The circumstantial evidence of knowledge included prior affidavits by the same officer, wherein he swore that the trash was found in "a typical location for trash pickups and consistent to the location of neighbors." Id. The court inferred from the omission of that language in the disputed affidavit that the officer knowingly omitted the location of the trash container from the affidavit to mislead the judge. Id.

In Lull, the Fourth Circuit considered whether an officer's affidavit intentionally omitted key facts pertaining to the confidential informant's ("CI") reliability. In that case, the CI identified the defendant as a drug dealer after a controlled buy was immediately terminated and arrested for attempting to steal money given to him for the controlled buy. 824 F.3d at 111–13. The court found by a preponderance of the evidence that the officer omitted the CI's theft and arrest at least recklessly. Id. at 116–17. The key factors underpinning the court's holding were the immediate decision to arrest and terminate the CI, the officer's testimony that he "didn't think it would be an ethical thing to do, to use someone as a [CI] knowing full well [he] had stolen from" the Sheriff's

5

Office, the officer's decision to omit the information occurred shortly after the CI's arrest, and the obvious impact the theft had on the CI's credibility. Id. at 112–13, 116.

In the instant case, defendants fail to make a substantial showing of intentionality similar to Tate or Lull. The only evidence proffered in support of the renewed motion is the transcript of the February 2017 telephone conversation between CS-1 and CS-2. Defendants conclusively assert, without any factual support, that "[l]aw enforcement knew of the February 2017 recording because [CS-2] prepared it while under their supervision." (Mot. to Suppress (DE 370) at 8). This vague, unsupported assertion invites a speculative inference that the affiants consciously disregarded CS-1's denials in the February 2017 recording. Miller, 475 F.3d at 627.

Defendants also argue that the government failed to transcribe the recorded conversation between their two primary confidential sources. (Mot. to Suppress (DE 370) at 8). However, the government makes clear, with reference to specific bates numbers, that the recording was transcribed in February 2019 and first provided to defense counsel on March 8, 2019. (Gov. Resp. (DE 403) at 4, 6). The court finds defendants' argument regarding transcription unpersuasive.[2]

Stripping away defendants' speculation and unsupported assertions, what remains is the fact of an omission, which alone is insufficient to warrant hearing under Franks. Having determined that defendants have failed to make a substantial showing of intentionality, the court does not address materiality. Therefore, defendants may not challenge the facial validity of the search warrants.

---

[2] Indeed, the lack of transcription of a conversation in a foreign language at the time the affidavits were written would undermine, not support, an argument that law enforcement consciously disregarded CS-1's statements in the recordings.

## CONCLUSION

Based on the foregoing, and for the reasons set forth in the court's prior orders (DE 203, 230, 344), defendant Leonid Teyf's renewed motion to suppress certain evidence and return seized and restrained property (DE 370), and defendant Tatyana Teyf's renewed motion to release seized assets (DE 371), are DENIED.

SO ORDERED, this the 23rd day of January, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge