IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:18-CR-452-1-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) UNITED STATES' RESPONSE |
| | ) TO DEFENDANT'S MOTION |
| LEONID ISAAKOVICH TEYF, | ) TO DISMISS FOR GRAND |
| Defendant. | ) JURY ABUSE |

The United States of America, by and through its attorney, the United States Attorney for the Eastern District of North Carolina, respectfully responds in opposition to defendant's motion to dismiss the indictment against defendant Leonid Teyf for abuse of the grand jury process, and states unto the Court the defendant's motion should be denied.

I. STATEMENT OF THE CASE AND FACTS

The Court is well-familiar with the events underlying the defendant's motion. A duly empaneled grand jury in the Eastern District of North Carolina issued a subpoenas duces tecum to Defendant for records required by Title 31, United States Code, Section 5314 and associated regulations. See D.E. 175-1. The defendant filed a motion to quash the subpoena. D.E. 175. The government filed a response, D.E. 181, and the matter was referred to United States Magistrate Judge Numbers for consideration. On April 10, 2019, the motion to quash was denied. D.E. 212. More recently, the government moved to compel response (D.E. 245), defendant opposed that motion (D.E. 269 and 313), was ordered both by a United States Magistrate Judge (D.E. 343) and then this Court to respond (D.E. 355). In those various filings, defendant used the same arguments and law in his movement to quash the

subpoena at issue, to no avail. Now, based upon that same subpoena, he argues for even greater relief-dismissal of the entirety of the charges against him. D.E. 382. The defendant failed to state a claim for the lesser relief, and fails to do so currently on the greater. The motion should be denied.

## II. ARGUMENT

To prevail on a claim of grand jury abuse, the defendant must show that an irregularity occurred, and must make this showing over a presumption of regularity. United States v. Moss, 756 F.2d 329, 332 (4th Cir. 1995), citing United States v. Woods, 544 F.2d 242, 250 (6th Cir. 1976). Having failed to establish an irregularity sufficient to quash the subpoena, the defendant now suggests that the Court should review the grand jury proceedings, which will then provide insight as to "how the Government used the grand jury process to seek the return of the Third Superseding Indictment." D.E. 382 at 8. This is not an allegation of irregularity, but a request for a fishing expedition.

As the government has stated in previous filings, the very timeline of events themselves respond adequately to the argument of grand jury abuse. The government points to the Order issued by United States Magistrate Judge Numbers, D.E. 343, at page 6-7. At the time of the issuance of the grand jury subpoena in February 2019, "there were no charges pending that involved foreign financial account records. Teyf conceded as much at the hearing on this motion." D.E. 343 at 6. The fact that in the intervening months, charges involving foreign bank accounts were returned against Teyf does not help his cause. "[T]he timing of the subpoena and the Fourth Superseding Indictment do not support Teyf's argument. The grand jury issued the subpoena three months before it issued the

2

Fourth Superseding Indictment and set a response date about two months before the return of the Fourth Superseding Indictment. It is hard to conclude that the Government sought the subpoena for the sole or dominant purpose of obtaining evidence for pending charges when those charges would not be pending for months after the subpoena issued." D.E. 343 at 7. The question is not whether the response to the subpoena might support any pending charges, but whether obtaining the evidence was the "sole or dominant" purpose behind the subpoena. As the subpoena pre-existed the charges, such simply cannot be the case.

The defendant relies heavily on what he refers to as an "empty" Third Superseding Indictment, one that changed only the forfeiture allegations. According to the defendant, DOJ Policy sets out that changes to forfeiture allegations "should be made by means of a bill of particulars, not by returning to the Grand Jury for a Superseding Indictment." D.E. 382 at 7-8. The language about a bill of particulars, set out correctly in defendant's footnote 1 at page 8, appears in the Policy Manual in the section entitled "VII. Plea agreements Incorporating Forfeiture." That section lays out the procedure to follow to make certain a valid forfeiture results from the plea agreement, and only requires that the specific property be listed, as noted in defendant's footnote 1, "in the indictment, information, or in a subsequent bill of particulars." It does not require, as argued by defendant, that any allegation subsequent to the charge should be put in a bill of particulars, and "not by returning the Grand Jury." Defendant's argument on this point is not correct either as a matter of non-binding policy or law.

Defendant Teyf uses <u>United States v. R. Enterprises</u>, 498 U.S. 292 (1991) to argue that he is at a disadvantage in knowing the subject of the grand jury's

3

investigation following the Second Superseding Indictment, and to support his request for an <u>*in camera*</u> review of the grand jury proceeding. D.E. 9. He suggests, using language from <u>R Enterprises</u>, that the Court is called upon to craft appropriate procedures that balance the interests of the subpoena recipient against the strong governmental interest in maintaining secrecy. D.E. 382 at 9. The defendant skips, however, intervening language in the <u>R Enterprises</u> opinion. "Consequently, a grand jury subpoena issued through normal channels is presumed to be reasonable, and the burden of showing unreasonableness must be on the recipient who seeks to avoid compliance. Indeed, this result is indicated by the language of Rule 17(c), which permits a subpoena to be quashed only "on motion" and "if compliance would be unreasonable" (emphasis added). <u>United States v. R. Enterprises, Inc.,</u> 498 U.S. 292, 301 (1991). Only "where unreasonableness is alleged" would it be required for "the Government to reveal the general subject of the grand jury's investigation before requiring the challenging party to carry its burden of persuasion." <u>R Enterprises</u> 498 U.S. at 302. Here, the Fourth Superseding Indictment clearly indicates, through additional charges, the subject of the ongoing grand jury investigation. No review of the proceedings, in camera or otherwise, is needed to establish the grand jury began or continued investigating defendant for tax fraud and other financial crimes, as well as additional money laundering offenses, since they issued an indictment thereon. D.E. 248. And, as admitted by defendant, use of the grand jury to add additional crimes by an indicted defendant is entirely proper. D.E. 382 at 5-6.

## III. CONCLUSION

For all the above-stated reasons, the defendant's motion to dismiss the charges against him for grand jury abuse should be denied.

Respectfully submitted this 27th day of January, 2020.

        ROBERT J. HIGDON, JR.
        United States Attorney

By:   */s/ Barbara D. Kocher*
      JASON M. KELLHOFER
      BARBARA D. KOCHER
      Assistant U.S. Attorney
      150 Fayetteville St., Suite 2100
      Raleigh, NC 27601
      Telephone: 919-856-4530
      Fax: 919-856-4487
      E-mail: jason.kellhofer@usdoj.gov
      OH Bar: 0074736
      E-mail: barb.kocher@usdoj.gov
      NC Bar: 16360

## CERTIFICATE OF SERVICE

This is to certify that I have this 27th day of January, 2020, served a copy of the foregoing filing upon counsel for the defendant in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system that will send notification of such filing to:

F. Hill Allen
Tharrington Smith LLP

Robert S. Wolf
Moses & Singer LLP

                                      By: */s/ Barbara D. Kocher*
                                          BARBARA D. KOCHER
                                          Assistant U.S. Attorney
                                          310 New Bern Avenue, Suite 800
                                          Raleigh, NC 27601
                                          Telephone: 919-856-4530
                                          Fax: 919-856-4487
                                          E-mail: barb.kocher@usdoj.gov
                                          NC Bar: 16360