IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:18-CR-452-1-FL
NO. 5:18-CR-452-2-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | |
| v. | ) | UNITED STATES' OMNIBUS |
| | ) | RESPONSE TO DEFENDANTS' |
| LEONID ISAAKOVICH TEYF, | ) | MOTIONS TO DISMISS THE |
| TATYANA ANATOLYEVNA TEYF, | ) | MONEY LAUNDERING COUNTS |
| Defendants. | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds in opposition to defendants' motions to dismiss all money laundering counts of the indictment against defendants Leonid Teyf and Tatyana Teyf, and states unto the Court the defendants' motions should be denied.

I. STATEMENT OF THE FACTS AND ISSUES

The Fourth Superseding Indictment charges the above-captioned defendants as follows:

COUNT ONE

18. The grand jury realleges and incorporates by reference herein all of the allegations contained in paragraphs one (1) through sixteen (16) of the Introduction to the Indictment, and further alleges that:

19. Beginning on a date no later than on or about March 2, 2011, and continuing through the present, in the Eastern District of North Carolina and elsewhere, the defendants, LEONID ISAAKOVICH TEYF, TATYANA ANATOLYEVNA TEYF (also known as TATIANA TEYF), ALEXEY VLADIMIROVICH TIMOFEEV, and others known and unknown to the Grand Jury, knowingly combined, conspired and agreed among themselves to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of a specified unlawful

1

activity, that is, an offense against a foreign nation (Russia) involving bribery of a public official and the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and,

20. by knowingly engaging and attempting to engage in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, an offense against a foreign nation (Russia) involving bribery of a public official and the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official, in violation of Title 18, United States Code, Section 1957.

21. All in violation of Title 18, United States Code, Section 1956(h).

COUNTS TWO THROUGH TWENTY-SIX

22. The grand jury realleges and incorporates by reference herein all of the allegations contained in paragraphs one (1) through sixteen (16) of the Introduction to the Indictment, and further alleges that:

23. On or about the dates set forth below, in the Eastern District of North Carolina and elsewhere, the defendants, LEONID ISAAKOVICH TEYF, TATYANA ANATOLYEVNA TEYF (also known as TATIANA TEYF), ALEXEY VLADIMIROVICH TIMOFEEV, aiding and abetting each other, did knowingly engage and attempt to engage in the following monetary transactions by, through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the deposit, withdrawal, transfer, and exchange of U.S. currency, funds, and monetary instruments, such property having been derived from a specified unlawful activity, that is, an offense against a foreign nation (Russia) involving bribery of a public official and the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official:

[thereafter follows a chart setting forth the specific date, defendant, and transaction comprising each of counts two through twenty-six] . . .

COUNTS THIRTY-THREE THROUGH FORTY-THREE

64. The grand jury realleges and incorporates by reference herein all of the allegations contained in paragraphs one (1) through sixteen (16) of the Introduction to the Indictment, and further alleges that:

65. On or about the dates set forth below, in the Eastern District of North Carolina and elsewhere, the defendants, LEONID ISAAKOVICH TEYF and TATYANA ANATOLYEVNA TEYF (also known as Tatiana Teyf), did knowingly engage and attempt to engage in the following monetary transactions by, through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the deposit, withdrawal, transfer, and exchange of U.S. currency, funds, and monetary instruments, such property having been derived from a specified unlawful activity, that is, an offense against a foreign nation (Russia) involving bribery of a public official and the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official.

[thereafter follows a chart setting forth the specific date, defendant, and transaction comprising each of counts 33 through 43] . . .

D.E. 248.

The defendants allege these charges violate their 6th and 5th amendment rights, because they are not sufficiently apprised of the charges about which they must defend, and because the indictment fails to allege an essential element of the crime of money laundering, namely, the specific code of Russian law the government intends to prove was violated by criminal conduct there. D.E. 381 at 3; D.E. 385 by adoption. In their arguments, the defendants simultaneously appeal to inapplicable case law and refrain from applying the direct language of the controlling Fourth Circuit law that is directly on point, errors which result in an extrapolation directly contradictory to the controlling law.

II. ARGUMENT

A large portion of the defendants' arguments address the necessity of an

3
Case 5:18-cr-00452-FL   Document 416   Filed 01/27/20   Page 3 of 9

indictment which alleges the statutory basis of the "specified unlawful activity" in a money laundering charge. See D.E. 385 at 5 through 8. Defendants argue that in "essentially every case involving money laundering, the indictment identifies the statute corresponding to the specified unlawful activity," and then cite several cases in support, to include United States v. Cherry, 330 F.3d 658, 668 (4th Cir. 2003) (alleging "bank embezzlement under [Section] 656") and United States v. Smith, 44 F.3d 1259, 1263 (4th Cir. 1995)) (alleging "wire fraud, in violation of 18 U.S.C. § 1343"). D.E. 385 at 5-6. These cases, while mentioning the statute underlying the specified unlawful activity ["SUA"], are more importantly simply tracking the applicable language in the money laundering statute defining the applicable SUA. That is the requirement, and that requirement is fulfilled here.

Title 18, United States Code, Section 1956(c)(7) defines "specified unlawful activity" as meant in prosecutions under both 18 U.S.C. §§ 1956 and 1957. See 18 U.S.C. § 1957(f)(3). There in relevant part, SUA is defined to mean:

> (A) any act or activity constituting an offense **listed in section 1961(1)** of this title except an act which is indictable under subchapter II of chapter 53 of title 31;
>
> (B) with respect to a financial transaction occurring in whole or in part in the United States, an offense against a foreign nation involving—
>
>> . . . **(iv) bribery of a public official, or the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official;** . . .
>
> (D) an offense under section 32 (relating to the destruction of aircraft), section 37 (relating to violence at international airports), section 115 (relating to influencing, impeding, or retaliating against a Federal official by threatening or injuring a family member), . . . section 641 (relating to public money, property, or records), **section 656 (relating to theft, embezzlement, or misapplication by bank officer or employee),** section 657 (relating to lending, credit, and insurance institutions) . . .

18 U.S.C. §§ 1956(c)(7)(A), (B), and (D)(emphasis added).

Tracking 18 U.S.C. § 1956(c)(7)(A) one necessary further step to 18 U.S.C. § 1961(1), locates the reference to wire fraud as an SUA:

> . . .section 1028 (relating to fraud and related activity in connection with identification documents), section 1029 (relating to fraud and related activity in connection with access devices), section 1084 (relating to the transmission of gambling information), section 1341 (relating to mail fraud), **section 1343 (relating to wire fraud)**, section 1344 (relating to financial institution fraud) . . .

18 U.S.C. § 1961(1)(emphasis added).

Simply citing to cases that charge bank fraud and wire fraud as SUAs in order to make it appear that the statute underlying the SUA must be alleged (here, the underlying *Russian* statute) is an argument that ignores the plain language of the Fourth Circuit. "While it is necessary in order to state a money laundering offense to include [an allegation of the SUA], the requirement is merely a categorical delineation of the type of funds that are subject to a money laundering charge." United States v. Smith, 44 F.3d 1259, 1264-65 (4th Cir. 1995). "The core of money laundering, which distinguishes one such offense from another, is the laundering transaction itself. Because the requirement that the funds be illegally derived is not the distinguishing aspect and therefore does not lie at the core of the offense, details about the nature of the unlawful activity underlying the character of the proceeds not be alleged." Smith, 44 F.3d at 1265. The court in Smith noted five such categorical delineations in § 1956, which corresponds with §§ 1956(c)(7)(A), (B), (C), (D) and the section entitled "Environmental Crimes," corresponding to §§ 1956(c)(7)(E) through (G) .

The indictment in Smith alleged the SUA category of wire fraud. 18 U.S.C.

5

§ 1956(c)(7)(A) and 18 U.S.C. § 1961.  The indictment in <u>United States v. Cherry</u>, 330 F.3d 658, alleged the SUA category of the enumerated offenses in 18 U.S.C. § 1956(D), which includes bank embezzlement.  The indictment here alleges the category of SUA described in 18 U.S.C. § 1956(c)(7)(B), otherwise stating with specificity the dates, defendants, and specific transactions, the "core of the offense." <u>Smith</u>, 44 F.3d at 1265.

In the context of an alleged violation of a foreign law, the Ninth Circuit Court of Appeals in <u>United States v. Lazarenko</u>, 564 F.3d 1026, 1033-34 (2009) provides analysis consistent with other aspects of the law in this Circuit:

> Lazarenko seeks to import an additional element into these offenses, claiming that the Ukrainian law at issue is also an essential element because the government must prove a violation of Ukrainian law to sustain a conviction.
>
> Nothing in our case law supports requiring the government to plead a specific violation of foreign law in an indictment. Indeed, Lazarenko's challenge does not achieve novelty status simply because it involves foreign law. To analyze his claim, we look for guidance to our general precedent on indictments. For example, when bringing charges of money laundering, the government need not allege all the elements of the "specified unlawful activity," i.e., the underlying offense. Here, the violation of Ukrainian law is the specified unlawful activity.
>
> Nor can it be said that the omission of a citation to foreign law in the charges of wire fraud and interstate transportation of stolen property misled or prejudiced Lazarenko. The indictment provided detailed allegations regarding the basis for the charges, including dates, amounts, account numbers, and sources of the money. Significantly, the jury was instructed that it had to find a violation of Ukrainian law and was provided with the elements of the relevant Ukrainian statutes.

<u>Lazarenko</u>, 564 F.3d at 1033-34.

Thus, "details about the nature of the unlawful activity underlying the character of the proceeds need not be alleged," merely the categorical delineation of the SUA (<u>Smith</u> and <u>Lazarenko</u>).  The significant and required details are those

relating to each alleged transaction, such as "dates, amounts, and account numbers" (Lazarenko and Smith). It is "not necessary for the [money laundering charges] to have alleged the elements of the specified unlawful activity," be they foreign or domestic law. (Cherry, 330 F.3d at 668 and Lazarenko). The indictment here meets all the requirements of valid money laundering charges, and the defendants' motions to dismiss should be denied.

Regarding additional facts beyond those required by notice pleading, the government has in fact provided the defendants with the Russian statutes it believes were violated by defendant Leonid Teyf's alleged criminal conduct in Russia. The government provided to defendants a report from an expert in Russian law who will testify for the government. The report specifies the several Russian criminal codes applicable, including those addressing misappropriation, embezzlement, theft and bribery, in conjunction with criminal codes criminalizing co-participation, or aiding and abetting.

The defendants, simultaneously complaining of the significant level of detail in the introduction and the lack of detail in the charge, cannot have it both ways. Between the significantly detailed introduction to the indictment and the stated specifics of the actual transactions, the root of the charged criminal conduct, the government will not be able to "roam at large–to shift its theory of criminality." D.E. 381 at 8.

III. <u>CONCLUSION</u>

For all the above-stated reasons, the defendants' motions to dismiss the money laundering counts should be denied.

Respectfully submitted this 27th day of January 2020.

                              ROBERT J. HIGDON, JR.
                              United States Attorney

By:   */s/ Barbara D. Kocher*
       JASON M. KELLHOFER
       BARBARA D. KOCHER
       MATTHEW L. FESAK
       Assistant U.S. Attorney
       310 New Bern Avenue, Suite 800
       Raleigh, NC 27601
       Telephone: 919-856-4530
       Fax: 919-856-4487
       E-mail: jason.kellhofer@usdoj.gov
       OH Bar: 0074736
       E-mail: barb.kocher@usdoj.gov
       NC Bar: 16360
       E-mail: matthew.fesak@usdoj.gov
       NC Bar: 35276

## CERTIFICATE OF SERVICE

This is to certify that I have this 27th day of January 2020, served a copy of the foregoing filing upon counsel for the defendant in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system that will send notification of such filing to:

Joseph E. Zeszotarski, Jr.
For Tatiana Teyf
115 ½ West Morgan Street
Raleigh, NC 27601

David W. Long
For Tatiana Teyf
P.O. Box 1801
Raleigh, NC 27602-1801

F. Hill Allen
Tharrington Smith, L.L.P.
P.O. Box 1151
Raleigh, NC 27602

Robert S. Wolf
Moses & Singer, L.L.P.
405 Lexington Ave. 12th Floor
New York., NY 10174-1299

By: */s/ Barbara D. Kocher*
BARBARA D. KOCHER
Assistant U.S. Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
E-mail: barb.kocher@usdoj.gov
NC Bar: 16360