IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:18-CR-452-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LEONID ISAAKOVICH TEYF,<br>TATYANA ANATOLYEVNA TEYF,<br>a/k/a TATIANA TEYF,<br>Defendants. | **GOVERNMENT'S PROPOSED<br>VOIR DIRE** |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure and Local Criminal Rules 24.1 and 24.2(b), respectfully requests that in addition to its customary questionnaire, this Court include in its examination of prospective jurors the questions listed below:

1. Juror's knowledge of the case in which they may sit as jurors.

2. Relationship to or acquaintance with the defendant, his counsel, his attorney, the attorneys for the Government, and prospective witnesses for either party.

3. Has any juror, relative, or close friend of any juror, ever been arrested, charged, or convicted of any offense in either state or federal court? If so, what is your relationship to that person, what was the nature of the charge, in what county did it occur, and what year did it occur?

4. Has any juror, relative, or close friend of any juror ever been the subject of an investigation or a prosecution, audit, or administrative action by any agency of the United States Government, the United States Attorney's Office, the Federal Bureau of Investigation, the Internal Revenue Service, the Department of Homeland Security, or any other federal, state or local law enforcement agency? If so, do you feel that you, or that person, was treated fairly by the criminal justice system?

5. Has any juror, relative or close friend of any juror, ever been charged or convicted of any firearm offense in either state or federal court? If so, what was the nature of the charge, in what county did it occur, and what year did it occur? Do you feel you or the person were treated fairly?

6. Have you, or any of your relatives, or any close friends ever worked, in any capacity, as a defense attorney, with or for a defense attorney, or as an investigator working for a defense attorney?

7. Without inquiring into any juror's particular religious beliefs, does any juror have religious, moral, or philosophic views that would prevent him or her from sitting in judgment of another, or rendering a verdict in this case, either guilty or not guilty, based on the evidence and the Court's instructions on the law?

8. Have you or a member of your family been a party or witness in any litigation (excluding domestic relations, traffic, and probate)? Would anything about this experience prevent you from being fair and impartial in this case?

9. Have you ever served as a juror before, either in state or federal court? What type of case was heard? Were you the foreperson? Did that jury reach a verdict?

10. Does each juror agree and promise to follow the law as you are instructed by this Court even if you may disagree with the law or believe that the law should be changed?

11. Government agents will testify in this case. Is there anyone who believes that their testimony is entitled to more or less belief than any other witness merely because he or she works for the Government and carries a badge?

12. Has anyone had any legal training or have a relative or close friend who is either a member of the judiciary or a practicing attorney, paralegal, or law student?

13. Your duty as jurors is to judge guilt or innocence based on the evidence. It is my duty as judge to determine punishment if the defendant is found guilty. The law does not permit you to consider the issue of punishment because there are factors having nothing to do with this trial that will determine lenience or harshness. Is there anyone here who would consider punishment in his or her deliberations on the verdict?

14. Does any juror have hearing or vision problems, any other health problem, or problems at home that will make it difficult for you to serve as a member of this jury panel?

15. Does any juror have any strong feelings or views about immigration laws in this country?

16. This trial is expected to last 2-3 weeks. Do you have any reason why you could not serve on this jury for that length of time?

17. Is any juror riding with anyone who will be sitting in the courtroom during the trial?

18. Does any juror have any strong feelings or views about gun laws in this country?

19. Government anticipates that there will be evidence that one or more witnesses has performed duties as a confidential informant – that is, a person who acts as a cooperator with law enforcement. Does anyone feel that simply because a person is cooperating with law enforcement their testimony is entitled to more or less weight?

20. The Court will instruct you that you are to determine the credibility of a witness, that is, to believe all, a portion, or none of a witness's testimony. It is possible that some witnesses may testify who speak differently than you, or dress in a different manner. Can you listen to the content of their testimony and judge their credibility based on the Court's instructions and the content of what they say, and not as they appear? Some witnesses in this case may have been previously convicted of crimes. Would that fact alone prevent any juror from considering the witness's testimony?

21. Does any juror have any opinions or feelings about the criminal justice system, law enforcement, or incarceration that would affect your ability to follow the law as instructed by the Court?

22. Have you, or has any member of your family or a close friend or acquaintance, had personal interaction with the Internal Revenue Service? If so, please advise the Court of the nature of the experience.

23. The defendant in this case is charged with tax crimes, among other things.

a. Does any member of the jury panel have any strong feelings or opinions about the nature of this type of crime? If so, what are your feelings?
   b. Does any member of the jury panel believe they have any special experience with or knowledge of the federal income tax laws? If so, what type of experience or knowledge do you have? Where did you acquire it?

24. Does any member of the jury panel disagree with the Internal Revenue laws of the United States, such that you hold a personal belief that the United States should not regulate payment of income taxes or that the Internal Revenue Service should not investigate or audit taxpayers?

   c. Do any of you believe that the income tax laws of the United States are unconstitutional?
   d. Do you feel that it is wrong for the United States to try to make its citizens pay taxes?
   e. Do any of you disagree with the idea that everyone has a duty to obey the income tax laws, as well as all other laws, of this country?
   f. Do any of you feel that violations of income tax laws should not be prosecuted as crimes by the United States?
   g. Has anyone ever been a member of, received literature from, or attended meetings of any organization or group which promotes the view that federal taxation is unconstitutional or illegal?

25. Do you think you have read, seen, or heard something, either in the media or from another source, about the defendants in this case? If yes, what did you hear? Based on what you heard, have you formed any opinion about this case?

26. Is there anything about the subject matter of this case or issues raised in my questions posed to you that make you question whether you could be a fair and impartial juror? If yes, please explain.

Respectfully submitted, this 3rd day of February, 2020.

>ROBERT J. HIGDON, JR.
>United States Attorney
>
>BY: /s/ Barbara D. Kocher
>    BARBARA D. KOCHER
>    Assistant United States Attorney
>    Criminal Division
>    150 Fayetteville St.,
>    Suite 2100
>    Raleigh, North Carolina 27601
>    Telephone: 919-856-4530
>    Fax: 919-856-4487
>    Email: Barb.Kocher@usdoj.gov
>    N.C. State Bar No. 16360

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Government's Proposed Voir Dire has this, the 3rd day of February, 2020, been served upon the below party by ECF:

F. Hill Allen , IV
Tharrington Smith
150 Fayetteville Street
Suite 1800
Raleigh, NC 27601

Robert S. Wolf
Moses & Singer
405 Lexington Avenue, 12th Floor
New York, NY 10174

Joseph E. Zeszotarski , Jr.
For Tatiana Teyf
Gammon, Howard & Zeszotarski, PLLC
115 1/2 West Morgan St.
Raleigh, NC 27601
919-521-5878

David William Long
For Tatiana Teyf
Poyner Spruill LLP
301 Fayetteville St., Suite 1900
Raleigh, NC 27601

ROBERT J. HIGDON, JR.
United States Attorney

/s/ Barbara D. Kocher
BARBARA D. KOCHER
Assistant United States Attorney
150 Fayetteville St.  Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4828
E-mail:  Barb.Kocher@usdoj.gov
N.C. State Bar No. 16360