IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-00452-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **DEFENDANT LEONID TEYF'S** |
| | ) | **PROPOSED JURY INSTRUCTIONS** |
| LEONID ISAAKOVICH TEYF | ) | |

Defendant Leonid Isaakovich Teyf, through undersigned counsel, hereby submits the

following proposed instructions for the jury in this matter. In addition, Mr. Teyf hereby requests

leave to request and offer such additional instructions as may become appropriate during the

course of trial.


Respectfully submitted, this the 3rd day of February, 2020.

/s/ F. Hill Allen
F. Hill Allen
THARRINGTON SMITH, L.L.P.
P.O. Box 1151
Raleigh, NC 27602
Phone: (919) 821-4711
Fax: (919) 829-1583
hallen@tharringtonsmith.com
N.C. State Bar No. 18884
*Counsel for Defendant*

/s/ Robert S. Wolf
Robert S. Wolf
MOSES & SINGER LLP
The Chrysler Building
405 Lexington Ave., 12th Floor
New York, NY 10174-1299
Phone: (212) 554-7825
Fax: (212) 554-7700
rwolf@mosessinger.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2020, I electronically filed the foregoing **DEFENDANT LEONID TEYF'S PROPOSED JURY INSTRUCTIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ F. Hill Allen
F. Hill Allen
THARRINGTON SMITH, L.L.P.
P.O. Box 1151
Raleigh, NC 27602
Phone: (919) 821-4711
Fax: (919) 829-1583
hallen@tharringtonsmith.com
N.C. State Bar No. 18884
*Counsel for Defendant*

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1
## INTRODUCTION TO THE FINAL CHARGE—PROVINCE OF THE
## COURT AND OF THE JURY

Members of the Jury:

Now that you have heard all of the evidence to be received in this trial and each of the arguments of counsel, it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of the law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court; just as it would be a violation of your sworn

3

duty as the judges of the facts to base your verdict upon anything but the evidence received in the case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial, you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

Authority:  O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (6th Edition 2008) §12.01.

4

<u>DEFENDANT'S PROPOSED INSTRUCTION NO. 2</u>

The defendant in this matter, Leonid Isaakovich Teyf, is charged with various crimes about which I will instruct you shortly. Each charge is called a "count," contained in a charging instrument called an "indictment." Leonid Teyf has pled NOT GUILTY, and DENIES the allegations in the indictment.

The indictment in this case is the formal method of accusing the defendant of a crime and placing the defendant on trial. It is not evidence against the defendant and does not create any inference of guilt.

Authorities: Federal Criminal Jury Instructions of the Seventh Circuit [Indictment Not Evidence].

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3
## CAUTION – CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

Authority: Fifth Circuit Pattern Jury Instructions 2019, § 1.21.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4
## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

I instruct you that you must presume the defendant, Leonid Teyf, to be innocent of the crimes charged. Thus, the defendant, although accused of a crime in the indictment, begins the trial with a "clean slate"—with no evidence against him. The indictment, as you already know, is not evidence of any kind. Mr. Teyf is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant, Leonid Teyf.

The burden is always upon the government to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense— the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that Leonid Teyf has committed each and every element of the offenses charged in the indictment, you must find him not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

Authority:  O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (6th Edition, 2008) § 12.10.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4.A
## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

Authority:  Fifth Circuit Pattern Jury Instructions 2019, § 1.05.

Case 5:18-cr-00452-FL   Document 432   Filed 02/03/20   Page 9 of 74

DEFINITION OF "REASONABLE DOUBT"

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

Authorities: §11.14 Devitt and Blackmar, v. 1, pp. 310-311 [Burden of Proof – Reasonable Doubt] (excerpt).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5
## JUDGING THE EVIDENCE

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always assumed by the government.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (6th Edition, 2008) § 12.02.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6
## INFERENCES FROM EVIDENCE
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (6th Edition, 2008) §§ 12.05 and 12.04.

12

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7
## THE DEFENSE

Defendant, Leonid Teyf, has pleaded "Not Guilty" to the charges contained in the indictment. This plea of not guilty puts in issue each of the essential elements of the offense as described in these instructions and imposes on the government the burden of establishing each of these elements by proof beyond a reasonable doubt.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (6th Edition, 2008) §19.01 (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8
## NO INFERENCE OF GUILT FROM DEFENDANT'S DECISION NOT TO TESTIFY

Mr. Teyf has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that he did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

Authority: First Circuit Pattern Jury Instructions (Criminal Cases), Modern Federal Jury Instructions—Criminal § 3.03 (Lexis, 2010) (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8.A

Mr. Teyf has testified in this case. You should judge the testimony of him in the same manner as you judge the testimony of any other witness.

Authority: §15.12 Devitt and Blackmar, v. 1, p. 528 [Credibility of Witnesses – The Defendant as a Witness].

14

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9</u>
<u>INDICTMENT IS NOT EVIDENCE</u>

An indictment is nothing more than a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crimes charged. Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

Defendant, Leonid Teyf, has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (6th Edition, 2008) § 13.04 (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10
## THE GOVERNMENT AS A PARTY

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

The question before you can never be: will the government win or lose the case. The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

Authority: Modern Federal Jury Instructions—Criminal § 2.01 (Lexis, 2010), Form Instruction 2-5 (modified).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 11
## OBJECTIONS AND RULINGS

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Authority: 1-2 Modern Federal Jury Instructions -- Criminal, Instruction No. 2-8 [Conduct of Counsel].

Case 5:18-cr-00452-FL   Document 432   Filed 02/03/20   Page 17 of 74

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12
## CREDIBILITY OF WITNESSES—GENERALLY

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance, and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation that a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistences or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent mis-recollection, like failure of recollection, is a common experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

You will then be in a position to decide whether the government has proven the charge beyond a

reasonable doubt.

Authority:  O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (6th Edition, 2008)
§15.01.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13
CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the defendant should be weighed, and his credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more

20

witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Authority:  Fifth Circuit Pattern Jury Instructions 2019, § 1.09.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14
## BIAS AND HOSTILITY

In connection with your evaluation of the credibility of the witnesses, you should

specifically consider the evidence of resentment or anger which some government witnesses may

have towards the defendant.

Evidence that a witness is biased, prejudiced, or hostile toward the defendant requires

you to view that witness's testimony with caution, to weigh it with care, and subject it to close

and searching scrutiny.

Authority:  Modern Federal Jury Instructions—Criminal § 7.01 (Lexis, 2010), Form Instruction
7-2.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15
## INTEREST IN OUTCOME

In evaluating credibility of witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

Authority: Modern Federal Jury Instructions—Criminal § 7.01 (Lexis, 2010), Form Instruction 7-3.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16
ACCOMPLICE – CO-DEFENDANT – PLEA AGREEMENT

In this case the government called as one of its witnesses an alleged accomplice, named as a co-defendant in the indictment, with whom the government has entered into a plea agreement. This agreement provides for_____ (*e.g., the dismissal of some charges and a binding [non-binding] recommendation for a favorable sentence*). Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

Authority:  Fifth Circuit Pattern Jury Instructions 2019, § 1.16.

Case 5:18-cr-00452-FL   Document 432   Filed 02/03/20   Page 24 of 74

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17
CREDIBILITY OF WITNESSES—INFORMANT

The testimony of an informant, someone who provides evidence against someone else for money or to escape punishment for his or her own misdeeds or crimes or for other personal reason or advantage, must be examined and weighed by the jury with greater care than the testimony of a witness who is not so motivated.

_____ may be considered to be informants in this case.

The jury must determine whether the informer's testimony has been affected by self-interest, or by the agreement he or she has with the government, or his own or her own interest in the outcome of this case, or by prejudice against the defendant.

Authority:  O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (6th Edition, 2008) § 15.02.

Case 5:18-cr-00452-FL   Document 432   Filed 02/03/20   Page 25 of 74

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18</u>
<u>ACCOMPLICE – INFORMER - IMMUNITY</u>

The testimony of an alleged accomplice, and/or the testimony of one who provides evidence against a defendant as an informer for pay, for immunity or leniency from punishment, or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by these circumstances, by the witness's interest in the outcome of the case, by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

Authority:  Fifth Circuit Pattern Jury Instructions 2019, § 1.15.

This instruction has been cited with approval. *See United States v. Hoffman,* 901 F.3d 523, 547 (5th Cir. 2018); *United States v. Zavala,* 541 F.3d 562, 578 (5th Cir. 2008); *United States v. Garcia Abrego,* 141 F.3d 142, 153 (5th Cir. 1998).

"[T]he credibility of the compensated witness, like that of the witness promised a reduced sentence, is for a properly instructed jury to determine." *United States v. Villafranca*, 260 F.3d 374, 379 (5th Cir. 2001) (citing *United States v. Cervantes-Pacheco*, 826 F.2d 310, 315 (5th Cir. 1987)) (error to refuse a specific cautionary instruction on the credibility of a compensated witness and instead give a general instruction on witness credibility, unless testimony is thoroughly corroborated). It is not error to refuse to give a specific instruction as to the suspect credibility of a compensated witness where the jury is given an instruction substantially similar to the first sentence of this instruction. *See United States v. Narviz-Guerra*, 148 F.3d 530, 538 (5th Cir. 1998). The court must give specific instructions to the jury about the credibility of paid witnesses. *See Villafranca*, 260 F.3d at 379–80; *see also United States v. Dimas*, 108 F. App'x 927, 927–28 (5th Cir. 2004).

26

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19
## IMPEACHMENT BY FELONY CONVICTION—NON-DEFENDANT

You have heard the testimony of a witness who was previously convicted of a crime, punishable by more than one year in jail (or involving dishonesty or false statement). This prior conviction was put into evidence for you to consider in evaluating the witness's credibility. You may only consider the fact that the witness who testified is a convicted felon in deciding how much or his or her testimony to accept and what weight, if any, it should be given.

Authority: Modern Federal Jury Instructions—Criminal § 7.01 (Lexis, 2010), Form Instruction 7-12.

Case 5:18-cr-00452-FL   Document 432   Filed 02/03/20   Page 27 of 74

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20
## IMPEACHMENT BY PRIOR CONVICTION (WITNESS OTHER THAN DEFENDANT)

You have been told that the witness, _____, was convicted in _____ of

_____ . A conviction is a factor you may consider in deciding whether to believe that

witness, but it does not necessarily destroy the witness's credibility. It has been brought to your

attention only because you may wish to consider it when you decide whether you believe the

witness's testimony. It is not evidence of anything else.

Authority:  Fifth Circuit Pattern Jury Instructions 2019, § 1.13

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21
LAW ENFORCEMENT WITNESS

You have heard the testimony of a law enforcement official. The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of a witness not employed in law enforcement.

At the same time, it is quite legitimate for counsel to try to attack the credibility of a law enforcement witness or other witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

Authority: Modern Federal Jury Instructions—Criminal § 7.01 (Lexis, 2010), Form Instruction 7-16 (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22
## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Authority: Modern Federal Jury Instructions—Criminal § 7.01 (Lexis, 2010) Form Instruction 7-19.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO 22.A
## IMPEACHMENT BY PRIOR INCONSISTENCY

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

Authority: Fifth Circuit Pattern Jury Instructions 2019, § 1.11.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23
## IMPEACHMENT BY EVIDENCE OF UNTRUTHFUL CHARACTER

You have heard the testimony of _____. You also heard testimony from others concerning their opinion about whether that witness is a truthful person [or the witness's reputation, in the community where the witness lives, for telling the truth]. It is up to you to decide from what you heard here whether _____ was telling the truth in this trial. In deciding this, you should bear in mind the testimony concerning the witness's [reputation for] truthfulness as well as all other instructions you have been given.

Authorities: Fifth Circuit Pattern Jury Instructions 2019, § 1.14; Fed. R. Evid. 404(a)(3), 405, 608(a).

32

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 24
## WITNESSES USING OR ADDICTED TO DRUGS

There has been evidence introduced at the trial that the government (or defendant) called as a witness a person who was using (or addicted to) drugs when the events he or she observed took place or who is now using drugs. I instruct you that there is nothing improper about calling such a witness to testify about events within his or her personal knowledge.

On the other hand, his or her testimony must be examined with greater scrutiny than the testimony of any other witness. The testimony of a witness who was using drugs at the time of the events he or she is testifying about, or who is using drugs (or an addict) at the time of his or her testimony may be less believable because of the effect the drugs may have on his or her ability to perceive or relate the events in question.

If you decide to accept his or her testimony, after considering it in light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.

Authority: Modern Federal Jury Instructions—Criminal § 7.01 (Lexis, 2010), Form Instruction 7-9.1.

Case 5:18-cr-00452-FL   Document 432   Filed 02/03/20   Page 33 of 74

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 24.A
## WITNESS USE OF ADDICTIVE DRUGS

The testimony of a witness who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

Authority:  Fifth Circuit Pattern Jury Instructions 2019, § 1.17.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 25
### EXPERT OPINION TESTIMONY

During the trial you heard the testimony of _____ (*name of expert*) who expressed opinions concerning _____ (*subject matter*). If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Authority: Fifth Circuit Pattern Jury Instructions 2019, § 1.18.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 26
## TRANSCRIPT OF FOREIGN LANGUAGE TAPE-RECORDED CONVERSATION

Among the exhibits admitted during the trial were recordings that contained conversations in the Russian language. You were also provided English transcripts of those conversations. The transcripts were provided to you by the government [defendant] so that you can consider the content of the conversations on the recordings. Whether a transcript is an accurate translation, in whole or in part, is for you to decide. You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.

In considering whether the transcript[s] accurately describes the meaning of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.

[In this case there are two transcripts because there is a difference of opinion as to what is said on the tape. You may disregard any portion of either or both transcripts if you believe they reflect something different from what you hear on the tape. It is what you hear on the tape that is evidence, not the transcripts.]

Authority:  Fifth Circuit Pattern Jury Instructions 2019, § 1.49.

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 27
### SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (*testimony, books, records, and other documents*) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that has been admitted.

Authority:  Fifth Circuit Pattern Jury Instructions, § 1.50.

Case 5:18-cr-00452-FL   Document 432   Filed 02/03/20   Page 37 of 74

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 28
SUMMARIES AND CHARTS RECEIVED IN EVIDENCE PURSUANT TO
FEDERAL RULE OF EVIDENCE 1006

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve.

[The charts and summaries include inferences or conclusions drawn from the records underlying them. It is up to you to determine if these inferences or conclusions are accurate.]

[The underlying records are the best evidence of what occurred.]

Authority:  Fifth Circuit Pattern Jury Instructions 2019, § 1.51.

38

SUMMARY WITNESS TESTIMONY AND CHARTS BASED ON OTHER EVIDENCE

Summary testimony by a witness [and charts or summaries prepared or relied upon by the witness] have been received into evidence for the purpose of explaining facts disclosed by testimony and exhibits which are also in evidence in this case. If you find that such summary testimony [and charts] correctly reflect the other evidence in the case, you may rely upon them. But if and to the extent that you find they are not in truth summaries of the evidence in the case, you are to disregard them. The best evidence of what occurred are the underlying records themselves.

Authority: Fifth Circuit Pattern Jury Instructions 2019, § 1.52.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 30
DEFINITION OF KNOWINGLY

The word "knowingly," as that term has been used from time to time in these

instructions, means that the act was done voluntarily and intentionally, not because of mistake or

accident.

Authorities:  Fifth Circuit Pattern Jury Instructions 2019, § 1.41; *Rehaif v. United States,* 139 S. Ct. 2191 (2019); *United States v. Ahmad*, 101 F.3d 386, 390 (5th Cir. 1996) (in instructing on a statute which punishes "otherwise innocent conduct," the knowledge requirement applies to each element).  *Morissette v. United States*, 72 S. Ct. 240 (1952); *Elonis v. United States*, 135 S. Ct. 2001 (2015) (for cases when a statute contains no mens rea, judges are cautioned to nevertheless consider whether scienter should be inferred).

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 31</u>
<u>DEFINITION OF WILLFULLY</u>

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

Authorities:  Fifth Circuit Pattern Jury Instructions 2019, § 1.43.

"Willfully" connotes a higher degree of criminal intent than knowingly. "Knowingly" requires proof of knowledge of the facts that constitute the offense. *See Bryan v. United States*, 118 S. Ct. 1939, 1945 (1998). "Willfully" requires proof that the defendant acted with knowledge that his or her conduct violated the law. *See United States v. Ratzlaf*, 114 S. Ct. at 657; *United States v. Fountain*, 277 F.3d 714 (5th Cir. 2001).

In *Cheek v. United States*, 111 S. Ct. 604 (1991), the Supreme Court defined "willful" for prosecutions under the Internal Revenue Code. Because of the complexity of the tax laws, "willful" criminal tax offenses are treated as an exception to the general rule that "ignorance of the law or a mistake of law is no defense to criminal prosecution." *Id*. at 609. "Congress has accordingly softened the impact of the common-law presumption by making specific intent to violate the law an element of certain federal criminal tax offenses." *Id*. "The standard for the statutory willfulness requirement is the 'voluntary, intentional violation of a known legal duty.'" *Id*. at 610 (quoting *United States v. Pomponio*, 97 S. Ct. 22, 23 (1976), and *United States v. Bishop*, 93 S. Ct. 2008, 2017 (1973)). The *Cheek* Court reversed a conviction because the trial court instructed the jury that the defendant's good faith belief that he was not violating the law must have been objectively reasonable. *Id*.; *See also United States v. Simkanin*, 420 F.3d 397, 409–410 (5th Cir. 2005) (no error where court instructed the jury that "to act willfully means to act voluntarily and deliberately and intending to violate a known legal duty"); *United States v. Townsend*, 31 F.3d 262, 267 (5th Cir. 1994) (stating that "[t]he U.S. Supreme Court has recognized that the term 'willfully' connotes a voluntary, intentional violation of known legal duty" in a case involving evasion of federal excise taxes); *United States v. Charroux*, 3 F.3d 827, 831 (5th Cir. 1993) (defining willfulness as "'voluntary, intentional violation of a known legal duty'" in a gasoline excise tax evasion case).  In *United States v. Masat*, the Fifth Circuit stated that in a tax evasion case, "willfulness simply means a voluntary, intentional violation of a known legal duty") 948 F.2d 923, 931–32 (5th Cir. 1991).

41

**COUNT 1:  CONSPIRACY TO COMMIT MONEY LAUNDERING, 18 U.S.C. § 1956(h)**

Count 1 of the indictment charges that, from March 2, 2011, continuing to the present, in the Eastern District of North Carolina and elsewhere, the Defendant conspired with Tatyana Teyf, Alexey Timofeev, and others to commit money laundering, involving criminally derived proceeds, that is, proceeds derived from an alleged criminal offense against Russia, bribery of Russian Minister of Defense Serdyukov.

Title 18, United States Code, Section 1956(h), makes it a crime for anyone to conspire to commit money laundering.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to commit the crime of knowingly conducting financial transactions, affecting interstate and foreign commerce, with the proceeds of a criminal offense against Russia, that is, the bribery of Russian Defense Minister Serdyukov, and (a) the transactions were designed in whole or in part to conceal the nature, location, source, ownership, and control of the proceeds, in violation of 18 U.S.C. 1956(a)(1)(B)(i), or (b) the proceeds were of a value greater than $10,000.00, in violation of 18 U.S.C. 1957.

*Second*: That the defendant knew the unlawful purpose of the agreement; and

*Third*:  That the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove an overt act in furtherance of the conspiracy.

The government need not prove that the alleged conspirators entered into any formal agreement nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

Authority: Fifth Circuit Pattern Jury Instructions 2019, § 2.76C

**COUNTS 2-26, 33-43: ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY, 18 U.S.C. § 1957**

Counts 2-26 and 33-43 charge Defendant with knowingly engaging in monetary transactions on various specific dates between 2014 and 2018, by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property, that is, property derived from an alleged criminal offense against Russia, bribery of the Russian Minister of Defense, Serdyukov, all in violation of 18 U.S.C. 1957.

Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: that the defendant knowingly engaged in a monetary transaction;

*Second*: that the monetary transaction was of a value greater than $10,000;

*Third*: that the monetary transaction involved criminally derived property;

*Fourth*: that criminally derived property was derived from specified unlawful activity, that is, that is, a Russian criminal offense involving the bribery of Russian Defense Minister Serdyukov;

*Fifth*: that the defendant knew that the monetary transaction involved criminally derived property; and

*Sixth*: that the monetary transaction took place within the United States.

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

44

The government is not required to prove that the defendant knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense. The government must prove, however, that the defendant knew that the involved property was obtained or derived from the commission of a crime.

In this case, you must find the defendant not guilty unless you are convinced that the Government has proved beyond a reasonable doubt that the property involved in the financial transactions alleged in Counts 2-16 and 33-43 constituted proceeds of a criminal offense that occurred in Russia, that is, the bribery of Russian Defense Minister Serdyukov.

Authorities:  Fifth Circuit Pattern Jury Instructions 2019, § 2.77 (adapted); *United States v. Singh*, 518 F.3d 236, 246, 248 (4th Cir. 2008); *United States v. Vinson*, 852 F.3d 333, 356 (4th Cir. 2017).

**COUNTS 2-26 and 33-43: AIDING AND ABETTING ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY, 18 U.S.C. § 2, 18 U.S.C. § 1957**

Counts 2-26 charge Defendant with aiding and abetting Tatyana Teyf, and Alexey Timofeev in knowingly engaging in monetary transactions, on various specific dates between 2014 and 2018, by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property, that is, property derived from an alleged criminal offense against Russia, bribery of the Russian Minister of Defense, Serdyukov, in violation of 18 U.S.C. §§ 1957 and 2.

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless

you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the offense of engaging in monetary transactions with property derived from specified unlawful activity, that is, a Russian criminal offense involving the bribery of Russian Defense Minister Serdyukov, in violation of 18 U.S.C. 1957**,** was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*: That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

Authority: Fifth Circuit Jury Pattern Instructions 2019, § 2.04 (adapted).

**COUNTS 2-26 and 33-43:  ALL MONEY LAUNDERING CHARGES**

For all of the money laundering charges, Counts 1-26 and 33-43, to find the defendant guilty of a crime, you must find in addition to all other elements of the offense that underlying specified criminal activity occurred in Russia.  This underlying criminal activity is alleged to be bribery of Russian Minister of Defense Serdyukov.  Therefore, in order for the defendant guilty of any of the money laundering charges, you must find proof beyond a reasonable doubt that the alleged underlying criminal activity in Russia in fact occurred and that the defendant knew that the proceeds here at issue derived from that criminal activity.

Authority: *United States v. Santos*, 553 U.S. 507, 510–11, 128 S. Ct. 2020, 2023, 170 L. Ed. 2d 912 (2008); *United States v. Singh*, 518 F.3d 236, 246, 248 (4th Cir. 2008); *United States v. Butler*, 211 F.3d 826, 829 (4th Cir. 2000).

**COUNT 27: BRIBING A PUBLIC OFFICIAL, 18 U.S.C. § 201(b)(1)**

Count 27 charges that, on or about May 23, 2018, in the Eastern District of N.C., the Defendant corruptly gave, offered and promised a thing of value, $10,000.00, to a public official, an employee of the U.S. Department of Homeland Security,  with intent to induce the official to do an act in violation of his official duty, that is to cause an individual to be deported from the United States, in violation of 18 U.S.C. 201(b)(1).

Title 18, United States Code, Section 201(b)(1), makes it a crime for anyone to bribe a public official.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant directly or indirectly gave, offered, or promised something of value to an employee of the United Stated Department of Homeland Security, a public official; and

*Second*: That the defendant did so corruptly with intent to influence an official act by the public official in violation of his lawful duty.  The defendant only needs to have promised something of value to the public official, he need not succeed in influencing that person.

The term "public official" means Member of Congress, Delegate, or Resident Commissioner, either before or after such official has qualified, or an officer or employee of or person acting for or on behalf of the United States, or any department, agency, or branch of Government thereof, including the District of Columbia, in any official function, under or by authority of any such department, agency, or branch of Government, or a juror.

 The term "official act" means any decision or action on any matter, question, cause, suit, proceeding, or controversy, which may at any time be pending, or which may by law be brought

before any public official, in such official's official capacity, or in such official's place of trust or profit.

An act is "corruptly" done if it is done intentionally with an unlawful purpose.

Authority:  Fifth Circuit Pattern Jury Instructions 2019, § 2.09A.

**COUNT 28: USE OF INTERSTATE COMMERCE FACILITIES IN THE COMMISSION OF MURDER-FOR-HIRE, 18 U.S.C. § 1958**

Count 28 charges Defendant with, on or about June 20, 2018, knowingly using or causing another to use a facility of interstate commerce, to wit, a cellular telephone, with the intent that the murder of A.G. be committed in violation of the laws of North Carolina as consideration for an agreement to pay things of pecuniary value, to wit: a sum of currency.

Title 18 United States Code 1958 makes it illegal to use or cause another to use a facility of interstate commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for a promise or agreement to pay anything of pecuniary value.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*, that Defendant used a facility of interstate commerce, a cellular telephone, on or about June 20, 2018;

*Second*, that Defendant did so on this date with the intent that the murder for hire of A.G. be committed as consideration for an agreement to pay a sum of  U.S. currency.

"Interstate commerce" means commerce or travel between one state, territory, or possession of the United States and another state, territory, or possession of the United States.

Before you may find the defendant guilty of this charge, the Government must prove beyond a reasonable doubt that on or about June 20, 2018, at the time he used the cellular telephone as alleged in this Count 28, Defendant intended that the murder for hire of A.G. be committed.

Authorities:  Fifth Circuit Pattern Jury Instructions 2019, § 2.74 (modified); 18 U.S.C. § 1958; *U.S. v. Driggers*, 559 F.3d 1021 (9th Cir. 2009).

51

**COUNT 29: POSSESSION OF FIREARM WITH ALTERED, REMOVED OR OBLITERATED SERIAL NUMBER, 18 U.S.C. § 922(k), 924(A)(1)(b)**

Count 29 charges Defendant with knowingly possessing a firearm that had been shipped and transported in interstate commerce from which the manufacturer's serial number had been removed, altered and obliterated.

Title 18 Sections 922(k) and 924(A)(1)(b) make it illegal for any person to knowingly transport, ship, or receive in interstate or foreign commerce any firearm which has had the manufacturer's serial number removed, obliterated, or altered and has at any time been shipped or transported interstate commerce.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That Defendant knowingly possessed a firearm;

*Second*: That the firearm had a manufacturer's serial number which had been removed, altered, and obliterated;

*Third*: That the defendant knew the serial number had been removed, altered, and obliterated; and

*Fourth*: That the firearm had at any time been shipped or transported in interstate commerce.

Authorities: Fifth Circuit Pattern Jury Instructions 2019, § 2.102; *U.S. v. Hooker*, 997 F.2d 67, 71-71 (5th Cir. 1993).

<u>DEFINITION OF POSSESSION</u>

"Possession" as that term is used in these instructions, may be one of two kinds: actual possession or constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

Authorities: Fifth Circuit Pattern Jury Instructions 2019, § 1.31.

**COUNT THIRTY:  ENCOURAGING AN ALIEN TO COME TO, ENTER, OR RESIDE IN THE UNITED STATES, 8 U.S.C. § 1324(a)(1)(A)(iv)**

Count 30 charges that, from on or about October 28, 2014 and continuing through October 28, 2018, in the Eastern District of North Carolina and elsewhere, Defendant and Tatyana Teyf, Alexey Timofeev, Olesya Timofeeva, and others encouraged and induced alien(s), that is, Alexey Timofeev and Olesya Timofeeva, to come to, enter, or reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, or residence was or would be in violation of law.

Title 8, United States Code, Section 1324(a)(1)(A)(iv), makes it a crime for anyone to encourage or induce an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming, entry, or residence is or will be in violation of law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the aliens, Alexey Timofeev and Olesya Timofeeva, came to, entered or resided in the United States in violation of law;

*Second*: That the defendant encouraged or induced the aliens to come to, enter, or reside in the United States; and

*Third*:  That the encouragement or inducement provided by defendant was substantial, more than *de minimis*; that is, it was not just general advice, but was affirmative assistance that made the alien more likely to enter or remain than s/he otherwise might have been;

*Fourth*: That the defendant knew or acted in reckless disregard of the fact that such coming to, entry, or residence was or would be in violation of law.

*Fifth*:  That the defendant acted willfully in furtherance of the aliens' violation of law.

54

A person acts with "reckless disregard" when he is aware of, but consciously disregards, facts and circumstances indicating that the alien's coming to, entry or residence is or will be in violation of law.

An alien is any person who is not a natural-born or naturalized citizen of the United States.

In order for the defendant's inducement or encouragement to be a violation of law, there must be a direct and substantial relationship between the inducement and encouragement and the alien's coming to, entry, or residence in the United States. In other words, the act of encouraging or inducing must be more than merely incidental to a furtherance of the alien's violation of law.

Proof of violation of 8 USC § 1324(a)(1)(A) requires proof beyond a reasonable doubt of "guilty knowledge"; that is, proof that the defendant knew that he was violating a legal duty.

Authorities: Fifth Circuit Pattern Jury Instructions, §§ 2.01B, 2.01C (modified); *United States v. Oloyede*, 982 F.2d 133, 137 (4th Cir. 1992); *United States v. Hendricks*, 2000 U.S.App.Lexis 6139, *7-10 (4th Cir. 2000); *United States v. Tracy*, 456 Fed. Appx. 267 (4th Cir. 2011); *DelRio-Mocci v. Connolly Properties*, 672 F.3d 241 (3d Cir. 2012); *U.S. v. Henderson*, 857 F.Supp. 191 (D. Mass. 2012); *U.S. v. Lopez*, 590 F.3d 1238, 1249-53 (11yh Cir. 2002); *United States v. Fujii*, 301 F.3d 535, 540 (7th Cir. 2002); United States v. Romero-Cruz, 201 F.3d 374, 378 (5th Cir. 2000); *United States v. Carmona-Ramos*, 638 F. App'x 355 (5th Cir. 2016) (includes a "willfulness" element, citing *Romero-Cruz*);*United States v. Williams*, 132 F.3d 1055, 1059 (5th Cir. 1999); *United States v. Diaz*, 936 F.2d 786, 788 (5th Cir. 1991); *United States v. Morales-Rosales*, 838 F.2d 1359, 1361 (5th Cir. 1988), *overruled on other grounds by United States v. Longoria*, 298 F.3d 367, 372 n.6 (5th Cir. 2002) (en banc).

**COUNT THIRTY:  CONSPIRACY TO ENCOURAGE AN ALIEN TO COME TO, ENTER, OR RESIDE IN THE UNITED STATES, 8 U.S.C. §§ 1324(a)(1)(A)(iv) and 1324(a)(1)(A)(v)(I)**

Count 30 of the indictment charges that, from October 28, 2014, to October 28, 2018, in the Eastern District of North Carolina and elsewhere, the Defendant conspired with Tatyana Teyf, Alexey Timofeev, and Olesya Timofeeva, and others, to encourage and induce alien(s), that is, Alexey Timofeev and Olesya Timofeeva, to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence was in violation of law.

Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(A)(v)(I) make it a crime for anyone to conspire to encourage or induce an alien to come to enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  Mere presence at the scene of an alleged transaction or event, mere association with others who conducted the alleged activity, mere similarity of conduct among various persons and the fact that they may have associated with each other or assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way which advances some object or purpose of a conspiracy, does not thereby become a conspirator.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.  However, the Government must prove beyond a reasonable doubt that the defendant understands the unlawful nature of the scheme alleged in the indictment to be the conspiracy, and knowingly and intentionally joins in that plan or scheme, before you may find the defendant guilty of a conspiracy.

56

You may find that a defendant was a member of the conspiracy only from evidence of his own acts and statements.

For you to find the defendant guilty of Count 30, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First,* that a conspiracy or agreement to encourage or induce an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law was entered into by two or more persons at or about the time alleged in the indictment.

In this regard, you are instructed that to prove the crime of encouraging or inducing an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of the law as alleged in the indictment, the Government must prove beyond a reasonable doubt all of the following: (a) That the aliens, Alexey Timofeev and Olesya Timofeeva, came to, entered or resided in the United States in violation of law; (b) That the defendant encouraged or induced the aliens to come to, enter, or reside in the United States; (c) That the encouragement or inducement provided by defendant was substantial, more than *de minimis*; that is, it was not just general advice, but was affirmative assistance that made the alien more likely to come to, enter or remain than s/he otherwise might have been; (d) That the defendant knew or acted in reckless disregard of the fact that such coming to, entry, or residence was or would be in violation of law; and (e) That the defendant acted willfully in furtherance of the aliens' violation of law, meaning that the defendant knew that he was violating the law in his actions. These are the elements that the Government must prove as to the underlying offense of encouraging or inducing an alien to come to, enter, or

reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of the law under 8 USC § 1324(a)(1)(A).

*Second*, that the defendant acted willfully, in that he acted in violation of a legal duty known to him;

*Third,* that the defendant knowingly and voluntarily joined the conspiracy; and

*Fourth*, that the defendant or a coconspirator engaged in at least one overt act in furtherance of the conspiracy in the Eastern District of North Carolina.

An alien is any person who is not a natural-born or naturalized citizen of the United States.

In order for the defendant's inducement or encouragement to be a violation of law, there must be a direct and substantial relationship between the inducement and encouragement and the alien's coming to, entry, or residence in the United States. In other words, the act of encouraging or inducing must be more than merely incidental to a furtherance of the alien's violation of law.

Proof of violation of 8 USC § 1324(a)(1)(A) requires proof beyond a reasonable doubt of "guilty knowledge"; that is, proof that the defendant knew that she was violating a legal duty.

Authorities: Fifth Circuit Pattern Jury Instructions, §§ 2.76, 2.01B, 2.01C (modified); *United States v. Oloyede*, 982 F.2d 133, 137 (4th Cir. 1992); *United States v. Hendricks*, 2000 U.S.App.Lexis 6139, *7-10 (4th Cir. 2000); *United States v. Tracy,* 456 Fed. Appx. 267 (4th Cir. 2011); *DelRio-Mocci v. Connolly Properties,* 672 F.3d 241 (3d Cir. 2012); *U.S. v. Henderson*, 857 F.Supp. 191 (D. Mass. 2012); *U.S. v. Lopez*, 590 F.3d 1238, 1249-53 (11yh Cir. 2002); *United States v. Fujii*, 301 F.3d 535, 540 (7th Cir. 2002); United States v. Romero-Cruz, 201 F.3d 374, 378 (5th Cir. 2000); *United States v. Carmona-Ramos*, 638 F. App'x 355 (5th Cir. 2016) (includes a "willfulness" element, citing *Romero-Cruz*);*United States v. Williams*, 132 F.3d 1055, 1059 (5th Cir. 1999); *United States v. Diaz*, 936 F.2d 786, 788 (5th Cir. 1991); *United States v. Morales-Rosales*, 838 F.2d 1359, 1361 (5th Cir. 1988), *overruled on other grounds by United States v. Longoria*, 298 F.3d 367, 372 n.6 (5th Cir. 2002) (en banc).

**COUNT 30: AIDING AND ABETTING - ENCOURAGING AN ALIEN TO COME TO, ENTER, OR RESIDE IN THE UNITED STATES, 8 U.S.C. §§ 1324(a)(1)(A)(iv) and 1324(a)(1)(A)(v)(II)**

Count 30 charges that, from on or about October 28, 2014 and continuing through October 28, 2018, in the Eastern District of North Carolina and elsewhere, Defendant and Tatyana Teyf, Alexey Timofeev, Olesya Timofeeva, and others aided and abetted one another in encouraging and inducing alien(s), that is, Alexey Timofeev and Olesya Timofeeva, to come to, enter, or reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law.

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless

you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the offense of encouraging and inducing an alien to come to, enter or reside in the United States, knowing and in reckless disregard of the fact that that such coming to, entry or residence was in violation of law, in violation of 18 U.S.C. § 1324(a)(1)(A)(iv), was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*: That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

Authority: Fifth Circuit Pattern Jury Instructions 2019, §§ 2.01C, 2.04 (modified).

**COUNT 31:  USE OR POSSESSION OF FRAUDULENT IMMIGRATION DOCUMENTS, 18 U.S.C. § 1546(a)**

Count 31 charges Defendant with, on or about August 10, 2018, using and possessing an immigrant visa which defendant knew to be procured by means of a false claim and statement, in that the defendant falsely claimed on an I-140 application that he was entering the United States to be a multinational executive employee of Delta Plus, LLC, making $110,000 annually, and possessing and using the resulting visa at Raleigh-Durham International Airport.

Title 18, United States Code, Section 1546(a), makes it a crime for anyone to use and possess any immigrant visa knowing that it was procured by means of a false statement.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly used and possessed an immigrant visa;

*Second*:  That the immigrant visa was procured by means of a false statement; and

*Third*: That the defendant knew the immigrant or nonimmigrant visa was procured by means of a false statement; and

*Fourth*: That the defendant used the immigrant for entry into or as evidence of an authorized stay or employment in the United States.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.  You must find the defendant not guilty of this charge unless you are convinced the Government has proved beyond a reasonable doubt that defendant engaged in each of the elements of this offense knowingly.

Authority:  Fifth Circuit Pattern Jury Instructions 2019, § 2.67B (modified).

## COUNTS 44-46: FALSE STATEMENTS ON INCOME TAX RETURN, 26 U.S.C. § 7206(1)

Counts 44-46 charge Defendant with making false statements on tax returns on or about September 13, 2013, April 9, 2015, and August 31, 2016, in that he denied having a financial interest in or signature authority over a financial account located in a foreign country, when in fact he knew he did have such an interest in a foreign account.

Title 26, United States Code, Section 7206(1), makes it a crime for anyone willfully to make a false material statement on an income tax return.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant signed an income tax return that contained a written declaration that it was made under penalties of perjury;

*Second:* That in this return the defendant falsely stated that he did not have a financial interest in or signature authority over a financial account located in a foreign country, when in fact he knew he did have such an interest in a foreign account.

*Third:* That the defendant knew the statement was false;

*Fourth*: That the false statement was material; and

*Fifth:* That the defendant made the statement willfully, that is, with intent to violate a known legal duty.

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

A statement is "material" if it has a natural tendency to influence, or is capable of influencing, the Internal Revenue Service in investigating or auditing a tax return or in verifying or monitoring the reporting of income by a taxpayer.

If the defendant acted in good faith, then he lacked the intent necessary to prove the offense of willfully making a false statement on a tax return as charged in Counts 44-46. The defendant acted in good faith if, at the time, he honestly believed that he was complying with the law when he signed the tax returns at issue in Counts 44-46.

The defendant does not have to prove his good faith. Rather, the Government must prove beyond a reasonable doubt that the defendant acted with the intent necessary to violate the statute at issue in Counts 44-46; that is, that he knowingly and willfully made a false statement on a tax return.

Authority: Fifth Circuit Pattern Jury Instructions 2019, §§ 2.104A, 1.43; Seventh Circuit Pattern Jury Instruction § 6.10.

**COUNT 48: WILLFUL FAILURE TO FILE REPORT OF FOREIGN BANK AND FINANCIAL ACOCUNTS, 31 U.S.C. §§ 5314, 5322(b), 31 C.F.R. §§1010.350, 1010.306(c)**

Count 48 charges that on or about June 30, 2015, defendant willfully failed to file a report with the Financial Crimes Enforcement Network ("FINCEN") disclosing his financial interest in, and other authority over, an account ending in 3381 at Alfa Bank in Russia, in which he had a financial interest that exceeded $10,000.00 during calendar year 2014, in violation of Title 31 U.S.C § 5314 and 5322(b), and Title 31 C.F.R. §§ 103.24, and 103.27(c) and (d).

Title 31 U.S.C. § 5322(b), and Title 31 CFR §§ 103.24, and 103.27(c) and (d) [re-codified at 31 CFR §§ 1010.350 and 1010.306(c)] make it a crime for any person to fail to file a report with FINCEN on or before June 30 of each calendar year with respect to foreign financial accounts exceeding $10,000.00 maintained during the previous calendar year.

Before you may find the defendant guilty of this charge, the government must prove beyond a reasonable doubt:

*First*,  that on or about June 30, 2015, defendant was a resident of the United States, as defined in 26 U.S.C. § 7701(b)(1)(A); that is, that he: (1) was lawfully admitted for permanent residence at any time during calendar year 2015; or (2) was substantially present during calendar year 2015, that is, that he (a) was present in the United States on at least 31 days during 2015 and (b) the sum of the number of days on which he was present during 2015 and the 2 preceding calendar years (when multiplied by the applicable multiplier determined under the following table) equals or exceeds 183 days:

Applicable Multipliers:
Current year:  1
First Preceding year: 1/2
Second Preceding year:  1/6

or (3) meets the requirements of first year election under 26 U.S.C. § 7701(b)(4).

64

*Second*, that during calendar year 2014, defendant had a financial interest in, and other authority over, an account ending in 3381 at Alfa Bank in Russia;

*Third*, that during 2014, this account ending in 3381 at Alfa Bank in Russia exceeded $10,000 in value; and

*Fourth*, that on or about June 30, 2015, defendant willfully failed to file a report with FINCEN disclosing his interest in the account ending in 3381 at Alfa Bank in Russia; and

*Fifth*, that defendant willfully failed to file this report while violating another law of the United States or as part of a pattern of any illegal activity involving more than $100,000 in a 12-month period.

Because one element of this offense is that defendant acted "willfully," the defendant is not guilty of this charge unless the Government proves beyond a reasonable doubt that he failed, on June 30, 2015, to a file a report with FINCEN, relating to account 3381 at Alfa Bank in Russia voluntarily and purposely, that is, that he acted with the specific intent to do something he knew was unlawful; that is to say, that he acted with bad purpose either to disobey or disregard the law.

A defendant does not act "willfully" unless he acts with knowledge that his conduct violated the law. Thus, the defendant is not guilty of this charge if he failed to file this report with FINCEN on June 30, 2015 because he was ignorant or unaware of the law requiring that it be filed. The defendant is not guilty of this charge unless he acted with knowledge of his legal duty, on June 30, 2015, to file a report with FINCEN related to account 3381 at Alfa Bank in Russia, and with the specific intent to violate this known legal duty.

For purposes of this charge, the word "account" means a bank account, securities account, or other financial account including (a) an account with a person that is in the business

of accepting deposits as a financial agency; (b) an account that is an insurance or annuity policy with a cash value; (c) an account with a person that acts as a broker or dealer for futures or options transactions in any commodity on or subject to the rules of a commodity exchange or association, or (d) an account with a mutual fund or similar pooled fund or other investment fund.

For purposes of this charge, a person has a "financial or other interest" in an account if he is the owner of record or holder of legal title, or if another person is acting as agent, nominee, attorney or in some other capacity on his behalf with respect to the account, or if he had signature authority over the account.

A person does not act willfully if he believes in good faith that he is acting within the law, or that his actions comply with the law. Therefore, if the defendant actually believed that he was not required to file the FINCEN report, then he did not willfully fail to file it as alleged in Count 48. This is so even if the defendant's belief was not objectively reasonable, as long as he held the belief in good faith. However, you may consider the reasonableness of the defendant's belief, together with all the other evidence in the case, in determining whether the defendant held that belief in good faith.

Authorities: Fifth Circuit Pattern Jury Instructions 2019, § 1.43; 31 U.S.C § 5314 and 5322(b); Seventh Circuit Pattern Jury Instruction § 6.11; 31 CFR § 1010.350; 31 CFR § 1010.306(c); 26 U.S.C. § 7701(b)(1)(A); 26 U.S.C. § 7701(b)(4);

"Willfully" connotes a higher degree of criminal intent than knowingly. "Knowingly" requires proof of knowledge of the facts that constitute the offense. *See Bryan v. United States*, 118 S. Ct. 1939, 1945 (1998). "Willfully" requires proof that the defendant acted with knowledge that his or her conduct violated the law. *See United States v. Ratzlaf*, 114 S. Ct. at 657; *United States v. Fountain*, 277 F.3d 714 (5th Cir. 2001).

In *Cheek v. United States*, 111 S. Ct. 604 (1991), the Supreme Court defined "willful" for prosecutions under the Internal Revenue Code. Because of the complexity of the tax laws, "willful" criminal tax offenses are treated as an exception to the general rule that "ignorance of the law or a mistake of law is no defense to criminal prosecution." *Id*. at 609. "Congress has

accordingly softened the impact of the common-law presumption by making specific intent to violate the law an element of certain federal criminal tax offenses." *Id*. "The standard for the statutory willfulness requirement is the 'voluntary, intentional violation of a known legal duty.''' *Id*. at 610 (quoting *United States v. Pomponio*, 97 S. Ct. 22, 23 (1976), and *United States v. Bishop*, 93 S. Ct. 2008, 2017 (1973)). The *Cheek* Court reversed a conviction because the trial court instructed the jury that the defendant's good faith belief that he was not violating the law must have been objectively reasonable. *Id*.; *See also United States v. Simkanin*, 420 F.3d 397, 409–410 (5th Cir. 2005) (no error where court instructed the jury that "to act willfully means to act voluntarily and deliberately and intending to violate a known legal duty"); *United States v. Townsend*, 31 F.3d 262, 267 (5th Cir. 1994) (stating that "[t]he U.S. Supreme Court has recognized that the term 'willfully' connotes a voluntary, intentional violation of known legal duty" in a case involving evasion of federal excise taxes); *United States v. Charroux*, 3 F.3d 827, 831 (5th Cir. 1993) (defining willfulness as "'voluntary, intentional violation of a known legal duty''' in a gasoline excise tax evasion case). In *United States v. Masat*, the Fifth Circuit stated that in a tax evasion case, "willfulness simply means a voluntary, intentional violation of a known legal duty") 948 F.2d 923, 931–32 (5th Cir. 1991).

**COUNT 49: WILLFUL FAILURE TO FILE REPORT OF FOREIGN BANK AND FINANCIAL ACOCUNTS, 31 U.S.C. §§ 5314, 5322(b), 31 C.F.R. §§1010.350, 1010.306(c)**

Count 49 charges that on or about June 30, 2016, defendant willfully failed to file a report with the Financial Crimes Enforcement Network ("FINCEN") disclosing his financial interest in, and other authority over, accounts ending in 1081, 3381, 5709, and 8721 at Alfa Bank in Russia, in which he had a financial interest that exceeded $10,000.00 during calendar year 2015, in violation of Title 31 U.S.C § 5314 and 5322(b), and Title 31 C.F.R. §§ 103.24, and 103.27(c) and (d).

Title 31 U.S.C. § 5322(b), and Title 31 CFR §§ 103.24, and 103.27(c) and (d) [re-codified at 31 CFR §§ 1010.350 and 1010.306(c)] make it a crime for any person to fail to file a report with FINCEN on or before June 30 of each calendar year with respect to foreign financial accounts exceeding $10,000.00 maintained during the previous calendar year.

Before you may find the defendant guilty of this charge, the government must prove beyond a reasonable doubt:

*First*, that on or about June 30, 2016, defendant was a resident of the United States, as defined in 26 U.S.C. § 7701(b)(1)(A); that is, that he: (1) was lawfully admitted for permanent residence at any time during calendar year 2016; or (2) was substantially present during calendar year 2016, that is, that he (a) was present in the United States on at least 31 days during 2016 and (b) the sum of the number of days on which he was present during 2016 and the 2 preceding calendar years (when multiplied by the applicable multiplier determined under the following table) equals or exceeds 183 days:

Applicable Multipliers:
Current year: 1
First Preceding year: 1/2
Second Preceding year: 1/6

or (3) meets the requirements of first year election under 26 U.S.C. § 7701(b)(4).

*Second*, that during calendar year 2015, defendant had a financial interest in, and other authority over, accounts ending in 1081, 3381, 5709, and 8721 at Alfa Bank in Russia;

*Third*, that during 2015, each of the accounts, ending in 1081, 3381, 5709, and 8721, separately, at Alfa Bank in Russia, exceeded $10,000 in value; and

*Fourth*, that on or about June 30, 2016, defendant willfully failed to file a report with FINCEN disclosing his interest in the accounts ending in 1081, 3381, 5709, and 8721 at Alfa Bank in Russia; and

*Fifth*, that defendant willfully failed to file this report while violating another law of the United States or as part of a pattern of any illegal activity involving more than $100,000 in a 12-month period.

Because one element of this offense is that defendant acted "willfully," the defendant is not guilty of this charge unless the Government proves beyond a reasonable doubt that he failed, on June 30, 2016, to a file a report with FINCEN, relating to accounts 1081, 3381, 5709, and 8721 at Alfa Bank in Russia voluntarily and purposely, that is, that he acted with the specific intent to do something he knew was unlawful; that is to say, that he acted with bad purpose either to disobey or disregard the law.

A defendant does not act "willfully" unless he acts with knowledge that his conduct violated the law. Thus, the defendant is not guilty of this charge if he failed to file this report with FINCEN on June 30, 2016 because he was ignorant or unaware of the law requiring that it be filed. The defendant is not guilty of this charge unless he acted with knowledge of his legal duty, on June 30, 2016, to file a report with FINCEN related to accounts 1081, 3381, 5709, and 8721 at Alfa Bank in Russia, and with the specific intent to violate this known legal duty.

69

For purposes of this charge, the word "account" means a bank account, securities account, or other financial account including (a) an account with a person that is in the business of accepting deposits as a financial agency; (b) an account that is an insurance or annuity policy with a cash value; (c) an account with a person that acts as a broker or dealer for futures or options transactions in any commodity on or subject to the rules of a commodity exchange or association, or (d) an account with a mutual fund or similar pooled fund or other investment fund.

For purposes of this charge, a person has a "financial or other interest" in an account if he is the owner of record or holder of legal title, or if another person is acting as agent, nominee, attorney or in some other capacity on his behalf with respect to the account, or if he had signature authority over the account.

A person does not act willfully if he believes in good faith that he is acting within the law, or that his actions comply with the law. Therefore, if the defendant actually believed that he was not required to file the FINCEN report, then he did not willfully fail to file it as alleged in Count 49. This is so even if the defendant's belief was not objectively reasonable, as long as he held the belief in good faith. However, you may consider the reasonableness of the defendant's belief, together with all the other evidence in the case, in determining whether the defendant held that belief in good faith.

Authorities: Fifth Circuit Pattern Jury Instructions 2019, § 1.43; 31 U.S.C § 5314 and 5322(b); Seventh Circuit Pattern Jury Instruction § 6.11; 31 CFR § 1010.350; 31 CFR § 1010.306(c); 26 U.S.C. § 7701(b)(1)(A); 26 U.S.C. § 7701(b)(4); *see also* authorities listed as to preceding Count.

70

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 33
## VERDICT—ELECTION OF FOREPERSON—DUTY TO DELIBERATE—UNANIMITY—
## COMMUNICATION WITH THE COURT

Upon retiring to your jury room to begin deliberations, you will elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself or herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you, you are the sole judges of the facts.

A verdict form has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts, date, and sign the form, and then return with your verdicts to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open court.

Bear in mind also that you are never to reveal to any person—not even to the Court— how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (6th Edition, 2008) § 20.01 (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 34
## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

73

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security office.  I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

Authority: Fifth Circuit Pattern Jury Instructions 2019, § 1.26.