IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-00452-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>LEONID ISAAKOVICH TEYF )  | **DEFENDANT LEONID TEYF'S MOTION FOR SEVERANCE OF DEFENDANTS**<br>**Rule 14 Fed. R. Crim. Pro.**<br>**(and Incorporated Memorandum of Law)**<br>**(UNDER SEAL)** |

Defendant Leonid Teyf, through undersigned counsel, and pursuant to Fed. R. Crim. Pro. 14, moves to sever his trial from that of his co-defendant Tatyana Teyf. In support of this motion, Leonid hereby adopts and incorporates by reference the reasons and authorities cited in Defendant Tatyana Teyf's Motion to Sever Pursuant to Rule 14 and Incorporated Memorandum of Law. Tatyana seeks to file her Rule 14 motion and incorporated memorandum under seal, in that it "concerns her personal health information." Accordingly, Defendant Leonid Teyf also requests permission to file this motion under seal. In further support, Defendant shows the Court:

### Introduction

Defendants Tatyana Teyf ("Tatyana") and Leonid Teyf ("Leonid") are charged together in the fourth superseding indictment with conspiracy to commit money laundering and money laundering (Counts 1-26, 33-43), immigration fraud (Count 30), filing false tax returns (Counts 44-47), and failure to file FINCEN reports of foreign bank and financial accounts (Counts 48-49). Leonid alone is charged, in Counts 27-29, with three offenses relating to the alleged attempted deportation and murder for hire of A.G. (bribery of an employee of the Department of Homeland Security, using a cellular phone in the attempted commission of a murder for hire, and possession of a firearm with an obliterated serial number).

Leonid has moved separately, pursuant to Rules 8 and 14, for a *severance of counts*; that is, that he be granted a trial on the three murder for hire counts (the "MFH" counts) that is separate from his trial on all other counts in the indictment. In that motion, Leonid argues that the MFH counts are improperly joined for trial with the other counts of the Indictment, because they are not part of a common scheme or logically connected, and that he would be prejudiced by a joint trial on all the counts.[1]

Here, Leonid moves, pursuant to Rule 14, for a *severance of defendants* on the money laundering, immigration fraud, FINCEN, and tax charges (Counts 1-26, 30, 33-43, and 44-49) – that is, on all of the non-MFH counts. That is, he moves that the Court order that he be tried separately from Tatyana on all non-MFH counts. Leonid concedes that, as to these non-MFH counts, he and Tatyana are properly joined for trial, pursuant to Rule 8. However, Tatyana has announced an intent to introduce certain evidence relating to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, in her defense. Because this evidence would be highly and unfairly prejudicial to Leonid, and because its introduction at his trial would deprive him of his Sixth Amendment right to a fair trial, and Fifth Amendment right to due process, he moves that his and Tatyana's trials on Counts 1-26, 30, 33-43, and 44-49 be severed. A separate trial should be ordered for each of these defendants on these Counts.

I. ARGUMENT

Tatyana, in her Motion to Sever Pursuant to Rule 14, indicates that she will seek to introduce evidence of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. See Defendant Tatyana Teyf's Motion to Sever Pursuant to Rule 14 and

---

[1] Also by separate Motion to Sever Pursuant to Rule 8, Tatyana asks the Court to order separate trials for her and Leonid, (i,e., to *sever counts*) for the reason that the MFH and non-MFH counts do no arise out of a common plan or scheme and are not connected in any manner. Leonid hereby adopts and incorporates by reference the arguments and authorities in Tatyana's Motion to Sever Pursuant to Rule 8 and Incorporated Memorandum of Law.

2

Incorporated Memorandum of Law, filed January 13, 2020 (hereinafter "Tatyana's Rule 14 Motion"). She will introduce evidence of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Tatyana's Rule 14 Motion, at p. 3. Tatyana asserts that the evidence will be offered ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and not in the position to have any knowledge of any alleged illegal activity by Leonid, if it did happen." She argues the evidence will rebut a willful blindness argument and is admissible as proof of her state of mind. *Id.* at 4. Tatyana also asserts that she will offer ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Any such evidence, if allowed, will create a grave risk of unfair prejudice to Leonid and has no probative value on the offenses with which he is charged. In her Motion, Tatyana concedes that the evidence will be "highly prejudicial to Leonid at trial."

Joinder of these defendants for trial, on the money laundering, tax, FINCEN, and immigrations charges, is proper pursuant to Rule 8(a) of the Federal Rules of Criminal Procedure, because it is alleged that they participated in the same acts and transactions, and in a conspiracy, together. *U.S. v. Dinkins*, 691 F.3d 358, 368 (4th Cir. 2012). But even where defendants are properly joined for trial pursuant to Rule 8, Rule 14 requires severance of defendants "if it appears that a defendant . . . is prejudiced by joinder of . . . defendants . . . for trial together." Prejudice exists where joinder is likely to infringe on a defendant's right to a fair trial. *U.S. v. LaRouche*, 896 F.2d 819 (4th Cir. 1990). Mutually antagonistic, conflicting, or irreconcilable defenses may be so prejudicial, in some circumstances, as to mandate severance. *Zafiro v. U.S.*, 506 U.S 534, 538, 113 S.Ct. 933, 937, 122 L.Ed.2d 317 (1993). If there is serious risk that a joint trial would compromise a specific trial right of one of the defendants, or would prevent the jury from making

3

a reliable judgment about guilt or innocence, the court should grant a severance. *Id.* Such a risk can occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted in a joint trial. *Id.* In *Zafiro,* the Supreme Court stated, "[t]he risk of prejudice will vary with the facts in each case, and district courts may find prejudice in situations not discussed here." *Id.* When the risk of prejudice is high, it is more likely that separate trials are necessary, but in some cases less drastic measures, such as limiting instructions, will suffice to cure any risk of prejudice. *Id.*

Courts have recognized the importance of severance in cases involving married codefendants. *See, e.g., U.S. v. Blunt,* 903 F.3d 119 (3d Cir. 2019) (court reversed convictions of husband and wife for failure to sever cases, because of prejudices resulting to husband from wife's testimony and because wife was forced to waive spousal privilege and testify adversely to her spouse in presenting her own defense.) Here, the unfair prejudice flowing to Leonid from the introduction of this evidence would be extreme, even though he and Tatyana are no longer married;

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *See Blunt,* 930 F.3d at 126-28.

Evidence of ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, would be inadmissible in a separate trial of Leonid on any of the charged offenses. Any such conduct is not connected or relevant to the alleged money laundering, tax, immigration fraud, FINCEN, or murder for hire charges. Rather, evidence of this type of conduct would suggest an alleged prior bad act by Leonid and would reflect poorly on his character in the eyes of the jury. The evidence would be excluded, in a separate trial of Leonid, pursuant to Rule 404(b), as its only purpose would be to show a "crime, wrong or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance

4

with the character." The risk of unfair prejudice is great. The jury may be tempted to believe that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. These are not proper issues for a jury to consider as evidence of the money laundering, tax, immigration, FINCEN violations or murder for hire charges. Any limiting instruction would be insufficient to cure the problem.

This is especially problematic where the evidence will be offered ▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Tatyana's Rule 14 Motion, at p. 3. Defendant will be denied the right to confront the original proponent of ▆▆▆▆ in violation of his constitutional rights. *See Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

As described in *Zafiro*, this evidence would have strong likelihood of preventing the jury from making a reliable judgment about guilt or innocence. Additionally, in presenting this type of evidence in her trial, Tatyana would be presenting a defense that is antagonistic, conflicting, and irreconcilable with Leonid's defense. Allowing Tatyana to present this evidence in a joint trial with Leonid would violate his Sixth Amendment right to a fair trial and Fifth Amendment right to due process.

## II. CONCLUSION

For the foregoing reasons, the trial of Defendant Leonid Teyf should be severed from that of Defendant Tatyana Teyf. Defendants should be afforded separate trials in this matter.

5

Case 5:18-cr-00452-FL    Document 383 *SEALED*    Filed 01/13/20    Page 5 of 7
Case 5:18-cr-00452-FL    Document 447    Filed 02/06/20    Page 5 of 7

Respectfully submitted, this the 13th day of January, 2020.

/s/ F. Hill Allen
F. Hill Allen
THARRINGTON SMITH, L.L.P.
P.O. Box 1151
Raleigh, NC 27602
Phone: (919) 821-4711
Fax: (919) 829-1583
hallen@tharringtonsmith.com
N.C. State Bar No. 18884
*Counsel for Defendant*

/s/ Robert S. Wolf
Robert S. Wolf
MOSES & SINGER LLP
The Chrysler Building
405 Lexington Ave., 12th Floor
New York, NY 10174-1299
Phone: (212) 554-7825
Fax: (212) 554-7700
rwolf@mosessinger.com
*Counsel for Defendant*

6

Case 5:18-cr-00452-FL   Document 383 *SEALED*   Filed 01/13/20   Page 6 of 7
Case 5:18-cr-00452-FL   Document 447   Filed 02/06/20   Page 6 of 7

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of January, 2020, I electronically filed the foregoing **DEFENDANT LEONID TEYF'S MOTION FOR SEVERANCE OF DEFENDANTS, Rule 14, Fed. Rules Crim. Pro. (and Incorporated Memorandum of Law) (UNDER SEAL)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record and, in addition, have served a copy by email on the following:

Barbara D. Kocher
barb.kocher@usdoj.gov

Jason M. Kelihofer
jason.kellhofer@usdoj.gov

David W. Long
dlong@poynerspruill.com

Joseph E. Zeszotarski
jzeszotarski@ghz-law.com

/s/ F. Hill Allen
F. Hill Allen
THARRINGTON SMITH, L.L.P.
P.O. Box 1151
Raleigh, NC 27602
Phone: (919) 821-4711
Fax: (919) 829-1583
hallen@tharringtonsmith.com
N.C. State Bar No. 18884
*Counsel for Defendant*

7

Case 5:18-cr-00452-FL   Document 383 *SEALED*   Filed 01/13/20   Page 7 of 7
Case 5:18-cr-00452-FL   Document 447   Filed 02/06/20   Page 7 of 7