IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CR-00452-FL-1
No. 5:18-CR-00452-FL-2

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| LEONID ISAAKOVICH TEYF, and | ) |
| TATYANA ANATOLYEVNA TEYF, | ) |
| | ) |
| Defendants. | ) |

This matter comes before the court on defendants' motions to sever trial of defendant Leonid Teyf from trial of defendant's former wife, defendant Tatyana Teyf (collectively, "defendants"). Now before the court are 1) defendant Tatyana Teyf's motion to sever pursuant to Rule 8 of the Federal Rules of Criminal Procedure; 2) defendant Tatyana Teyf's alternative motion to sever pursuant to Rule 14 of the Federal Rules of Criminal Procedure; and 3) defendant Leonid Teyf's motion to sever pursuant to Rule 14 of the Federal Rules of Criminal Procedure. (DE 372, 376, 383).[1] Also before the court is 4) defendant Leonid Teyf's motion pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure to sever counts 27–29 of the fourth superseding

---

[1] On February 3, 2020, the court ordered the parties to submit proposed redacted versions of certain of their motions to sever and responsive briefing. (Order (DE 421) at 1). On February 6, 2020, the court entered into the public record redacted versions of defendant Tatyana Teyf's motion to sever pursuant to Rule 14 (DE 446) and defendant Leonid Teyf's motion to sever pursuant to Rule 14 (DE 447). Where the government represented to the court that no redactions to its response (DE 418) are needed, the court unsealed the government's response to these motions. The redacted motions omit information concerning defendant Tatyana Teyf's personal health information. (Order (DE 421) at 1). At the suggestion of counsel for defendant Leonid Teyf, the redacted motions, including that of defendant Tatyana Teyf, also exclude certain personal information regarding defendants' children. See Fed. R. Crim. P. 49.1.

indictment pertaining to bribery of a public official, murder for hire, and possession of a firearm with an obliterated serial number for separate trial. (DE 388). For the reasons that follow, defendant Leonid Teyf will be tried separately from defendant Tatyana Teyf. However, the court declines to try counts 27–29 separately from the other counts against defendant Leonid Teyf.

## BACKGROUND

Defendant Leonid Teyf was indicted for conspiracy to commit money laundering, money laundering, bribery of a public official, murder for hire, possession of a firearm with an obliterated serial number, conspiracy to harbor illegal aliens, visa fraud, making false statements on a tax return, and failing to file a report of foreign bank and financial accounts. Defendant Tatyana Teyf was indicted for conspiracy to commit money laundering, money laundering, conspiracy to harbor illegal aliens, making false statements on a tax return, and failing to file a report of foreign bank and financial accounts.

On September 10, 2019, the court entered scheduling order in the instant case setting this matter for joint trial of all defendants pleading not guilty on March 16, 2020. As of the date of this order, defendants Leonid Teyf and Tatyana Teyf have pleaded not guilty. Defendant Alexei Izrailevich Polyakov was sentenced on August 21, 2019. Defendants Alexey Vladimirovich Timofeev and Olesya Yuryevna Timofeeva are scheduled to be arraigned during the term of court in New Bern commencing February 11, 2020.

On January 13, 2020, defendants filed motions arguing they will be unfairly prejudiced if they are required to try their cases together. On January 27, 2020, the government filed its response, concurring in this argument.

Separately, defendant Leonid Teyf filed motion to sever trial of his alleged financial crimes from trial of bribery of a public official, in violation of 18 U.S.C. § 201 ("Count 27"), use of interstate commerce facilities in the commission of a murder for hire, in violation of 18 U.S.C. § 1958 ("Count 28"), and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) ("Count 29") (collectively, "MFH counts").  The government responded in opposition, arguing that these counts bear a logical relationship to the other offenses, and that defendant will not be unfairly prejudiced by a single trial of all counts for which he has been indicted.

**COURT'S DISCUSSION**

A.      Motion to Sever Trial of Defendants (DE 376, 383)

"If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).  "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of [the defendant], or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993); United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984) ("A defendant making a motion for severance pursuant to Rule 14 has the burden of demonstrating a strong showing of prejudice.").

At trial, defendant Tatyana Teyf asserts she will seek to admit evidence of the intimate details of her personal relationship with defendant Leonid Teyf.  While such evidence may be admissible in defendant Tatyana Teyf's case to disprove knowledge or intent,[2] all parties agree

---

[2]      The court reserves ruling on any issues of admissibility for trial.

that introducing it at a joint trial will unfairly prejudice defendant Leonid Teyf. In addition, the parties agree issues of privilege may jeopardize a fair trial.

Accordingly, defendants' motions to sever under Rule 14 are granted. Defendants Leonid Teyf and Tatyana Teyf will be tried separately. Where defendant Tatyana Teyf's trial has been severed, the court denies as moot her motion to sever under Rule 8.

B.     Motion to Sever MFH Counts (DE 388)

   1.     Propriety of Joinder

An indictment may charge a defendant in separate counts with two or more offenses if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Rule 8(a) 'permit[s] very broad joinder' because of the efficiency in trying the defendant on related counts in the same trial." United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005) (internal citations omitted). "But even the less rigorous requirements of Rule 8(a) 'are not infinitely elastic,' . . . and so 'cannot be stretched to cover offenses . . . which are discrete and dissimilar and which do not constitute parts of a common scheme or plan.'" United States v. Mackins, 315 F.3d 399, 412 (4th Cir. 2003) (internal citations omitted). In ruling on a motion to sever under Rule 8(a), the court may consider the allegations in the indictment and the evidence to be produced at trial. See United States v. Hawkins, 776 F.3d 200, 208 n.4 (4th Cir. 2015); Cardwell, 433 F.3d at 385 n.1.

In determining what constitutes a common plan or scheme under Rule 8, the court "interprets 'connected transactions' flexibly, as 'implying a connection of logical relationship.'" United States v. Hirschfeld, 964 F.2d 318, 323 (4th Cir. 1992) (internal citations omitted); United

States v. Jamar, 561 F.2d 1103, 1106 (4th Cir. 1977). "Joined offenses have a logical relationship to one another for Rule 8(a) purposes, 'when consideration of discrete counts against the defendant paints an incomplete picture of the defendant's criminal enterprise.'" United States v. McLaurin, 764 F.3d 372, 385 (4th Cir. 2014) (quoting Cardwell, 433 F.3d at 385, 387 (holding joinder of felon in possession of a firearm and murder for hire offenses permissible where, after defendant's arrest, defendant told police officers he would have started a gunfight if he had known they were coming to arrest him)); see, e.g., United States v. Clark, 928 F.2d 639, 644 (4th Cir. 1991) (holding tax and drug offenses connected where evidence about the drug transactions would have been admissible in the tax case to prove income and show its probable source); United States v. Cole, 857 F.2d 971, 973 (4th Cir. 1988) (holding drug conspiracy and alien smuggling charges connected where the indictment alleged that defendant's smuggling of aliens was a means by which the drug conspiracy acquired new workers); United States v. Eades, 615 F.2d 617, 624 (4th Cir.), on reargument, 633 F.2d 1075, 1078 (4th Cir. 1980) (permitting joinder of assault and theft charges where repeated unauthorized entries into the same area of the Naval Academy with such close proximity in time established the existence of a common scheme or plan).

Turning to the instant case, the court first observes the temporal overlap between the alleged crimes. Each of the substantive money laundering counts results from specific financial transactions taking place in the United States between February 3, 2014 and January 9, 2019. (Fourth Superseding Indictment (DE 248) ¶ 65). The MFH charges allegedly occurred on May 23, 2018, and June 20, 2018. (Id. ¶¶ 25–29). Spatially, all defendant Leonid Teyf's crimes occurred in the United States, yet all the crimes share a nexus with defendant Leonid Teyf's activities in Russia.

Most importantly, the counts are connected by defendant Leonid Teyf's alleged conduct. The government argues that defendant Leonid Teyf carried out his financial crimes by coercing numerous individuals, including CS-1, to perpetrate the kickback scheme and help launder proceeds on his behalf. The MFH counts follow the same pattern, where defendant Leonid Teyf allegedly pressured others, including CS-2, to arrange the death of A.G., defendant Tatyana Teyf's boyfriend and the son of defendants' housekeeper. While the criminal ends sought to be achieved by defendant Leonid Teyf differ, the means by which the crimes allegedly were carried out bear a logical relationship to each other.

Defendant Leonid Teyf's reliance upon Hawkins does not avail him. In Hawkins, the United States Court of Appeals for the Fourth Circuit held that a carjacking offense and felon in possession of a firearm offense were not "similar offenses." Hawkins, 776 F.3d at 207–09. The court specifically found that the government failed to demonstrate "a logical and close connection" between the two offenses. Id. at 207–08. In this case, there is a logical and close connection between counts based on the manner in which defendant had the offenses carried out. The MFH counts are properly joined with defendant Leonid Teyf's alleged financial crimes for trial.

2.   Risk of Prejudice

As explained above, "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts." Fed. R. Crim. P. 14(a). A severance under Rule 14 may be justified if "the jury may conclude that the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition." United States v. Foutz, 540 F.2d 733, 736 (4th Cir. 1976). This risk of prejudice "is greatly diminished where . . . evidence of the joined crimes 'would be mutually admissible for

6

legitimate purposes in separate trials for each offense.'" Cole, 857 F.2d at 974; Foutz, 540 F.2d at 736. "Complete, mutual admissibility, however, is not a requirement for a valid joinder of offenses." Jamar, 561 F.2d at 1108 n.8. "[S]ubstantial, direct evidence of guilt is [also] an important factor in considering the extent to which [defendant] might have been prejudiced by any improper inferences the jury" might draw from joined counts. Jamar, 561 F.2d at 1107.

"When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice. Zafiro, 506 U.S. at 539 (1993) (citing Richardson v. Marsh, 481 U.S. 200, 211 (1987)); Cardwell, 433 F.3d at 388 (finding the court's instruction to consider each count separately prevented actual prejudice to defendant).

As discussed above, the murder for hire counts and the money laundering counts are mutually admissible to prove common plan or scheme. While defendant Leonid Teyf is correct that the MFH counts served a different end than the money laundering counts, the offenses are mutually admissible to establish defendant's modus operandi. See, e.g., United States v. Siegel, 536 F.3d 306, 318 (4th Cir. 2008); United States v. Tanner, 61 F.3d 231, 237 (4th Cir. 1995). In addition, the risk of prejudice is appropriately cured in this instance by instructing the jury that they are to consider each count separately. See Weeks v. Angelone, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions."). Where defendant Leonid Teyf has failed to make the "strong showing" of prejudice necessary to warrant severance of counts 27–29, Goldman, 750 F.2d at 1225, his motion to sever is denied.

## CONCLUSION

Based on the foregoing, defendant Tatyana Teyf's first motion to sever (DE 372) is DENIED AS MOOT. Defendants' motions to sever trial of defendant Leonid Teyf and defendant Tatyana Teyf (DE 376, 383) are GRANTED. Defendant Leonid Teyf's motion to sever counts 27–29 of the fourth superseding indictment (DE 388) is DENIED.

Defendant Leonid Teyf's trial will commence March 16, 2020, as previously noticed. At pretrial conference on February 10, 2020, which both defendants are required to attend with counsel, the court will consider and decide upon a date for trial of defendant Tatyana Teyf, following that of defendant Leonid Teyf.

SO ORDERED, this the 6th day of February, 2020.

LOUISE W. FLANAGAN
United States District Judge