IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CR-00452-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) ORDER |
| LEONID ISAAKOVICH TEYF, | ) |
| Defendant. | ) |

This matter comes before the court on the government's motion to compel production of expert reports pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C). (DE 496). Defendant timely responded to the motion. The issues raised are fully briefed, and in this posture are ripe for ruling. For the reasons that follow, the government's motion is granted.

**BACKGROUND**

Defendant Leonid Teyf was indicted for conspiracy to commit money laundering, money laundering, bribery of a public official, murder for hire, possession of a firearm with an obliterated serial number, conspiracy to harbor illegal aliens, visa fraud, making false statements on a tax return, and failing to file a report of foreign bank and financial accounts. On September 10, 2019, the court entered an order directing defendant to provide expert reports not later than January 13, 2020. (DE 334). On January 14, 2020, the court extended defendant's deadline to disclose expert notices and reports until February 5, 2020. (DE 398).

On February 5, 2020, defendant filed notice of expert testimony, including:

1) Robert Wilson ("Wilson"), Forensic Accounting Expert. Mr. Wilson will testify as to the tracing analysis and other forensic techniques necessary to support the

money laundering charges in this case. His testimony will apply specialized knowledge to the facts of this case, and will include an assessment as to the lack of any basis for tracing the applicable incoming wire transfers to the proceeds of any unlawful activity. Mr. Wilson will further testify about various legitimate uses of offshore companies and accounts, including but not limited to: reduction of financial risk given unreliable bank protections in certain countries; established banking expertise; confidentiality; and financial efficiency. Mr. Wilson will also rebut testimony offered at trial by the Government's expert, Drew Holiner, as appropriate.

2) Gennady Esakov ("Esakov"), Russian Criminal Law Expert. Mr. Esakov will testify as to the necessary legal and factual bases for prosecuting the crimes, including bribery, under Russian law testified to by Drew Holiner. Mr. Esakov will also testify in regard to the lack of any evidence of an investigation or criminal proceedings in Russia with respect to the relevant allegations against Mr. Teyf, and the consequences and impact of the lack of such evidence on the determination of whether the offense of bribery occurred under applicable Russian law. His testimony will apply specialized knowledge to the facts of this case. He will also rebut Mr. Holiner's expected testimony at trial, including, but not limited to, testimony that the alleged conduct of Mr. Teyf (if proven) would violate various identified provisions of the Russian Criminal Code.

(DE 444).

The government filed the instant motion March 4, 2020, seeking to compel disclosure of expert reports regarding Wilson and Esakov. The government represents it has received nothing more from defendant regarding the two expert witnesses at issue other than the notice of expert witnesses above and the qualifications of these two witnesses. (Mot. to Compel (DE 496) at 1–2).

In response, defendant agrees to serve a further written summary as to expert Robert Wilson by 5:00 p.m. on March 5, 2020, which the court assumes has now been provided. Defendant asserts it is unclear what expert opinions Esakov ultimately will give at trial to rebut the government's Russian law expert, Drew Holiner ("Holiner"). Defendant also advised in his response and at pretrial conference on February 10, 2020, that he anticipates filing a motion to exclude Holiner's testimony pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S.

2

137 (1999), or similar case law.  Defendant notes that the government has provided a report as to Holiner.

**COURT'S DISCUSSION**

Where defendant requests expert discovery from the government and the government complies, defendant is required to disclose "to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial . . . ."  Fed. R. Crim. P. 16(b)(1)(C).  "This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."  Id.; United States v. Johnson, 219 F.3d 349, 358 (4th Cir. 2000).  For failure to comply with this rule, the court may: "(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances."  Fed. R. Crim. P. 16(d)(2); see United States v. McLean, 715 F.3d 129, 143 (4th Cir. 2013) (upholding the court's order allowing the government to voir dire the expert witness at trial to remedy defendant's failure to provide adequate disclosures under Rule 16).

A party's description of expert testimony that does not describe the expert's opinions beyond stating the conclusion he had reached and does not give the reasons for those opinions is insufficient under Rule 16.  McLean, 715 F.3d at 143 (holding Rule 16 not satisfied where defendant failed to clarify the meaning of the expert witness's testimony regarding "interventional cardiology standard of care" and the bases and reasons for the expert witness's opinions); United States v. Holmes, 670 F.3d 586, 599 (4th Cir. 2012) (holding defendant's brief synopsis of an expert witness's opinion or the witness's curriculum vitae provided the bases and reasons for his

3

proposed testimony regarding false confessions); United States v. Barile, 286 F.3d 749, 758 (4th Cir. 2002) (holding Rule 16 not satisfied where defense counsel sent a letter to the government that defendant's expert witness was "expected to testify about the lack of materiality of alleged misrepresentations").

Defendant has already agreed to produce by March 5, 2020, at 5:00 p.m. a report on Wilson's anticipated testimony. Thus, the government's motion to compel is denied as moot in this part.

As to Esakov, the court grants the government's motion. Defendant asserts that he does not know what opinions Esakov can be expected to offer in rebuttal. The court is unpersuaded by this argument, where the government has provided an expert report detailing Holiner's anticipated expert testimony. Moreover, the notice provided to the government regarding Esakov's testimony simply does not disclose Esakov's opinions and give the reasons for those opinions with sufficient specificity to satisfy Rule 16.

## CONCLUSION

Based on the foregoing, the government's motion to compel expert reports (DE 496) is GRANTED IN PART and DENIED IN PART AS MOOT. Not later than 5:00 p.m. on Tuesday, March 10, 2020, defendant is ORDERED to provide report of Gennady Esakov in compliance with Federal Rule of Criminal Procedure 16(b)(1)(C).

SO ORDERED, this the 9th day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge