IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-00452-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | **DEFENDANT LEONID TEYF'S** |
| v. | ) | **PROPOSED SUPPLEMENTAL JURY** |
| | ) | **INSTRUCTIONS** |
| LEONID ISAAKOVICH TEYF | ) | |

Defendant Leonid Isaakovich Teyf, through undersigned counsel, hereby submits the following proposed supplemental instructions for the jury in this matter, in light of recent *Brady*, *Giglio*, and *Jencks* disclosures made by the Government. Mr. Teyf hereby reserves the right to offer additional proposed instructions as may become appropriate during the course of trial.

Respectfully submitted, this the 9th day of March, 2020.

/s/ F. Hill Allen
F. Hill Allen
THARRINGTON SMITH, L.L.P.
P.O. Box 1151
Raleigh, NC 27602
Phone: (919) 821-4711
Fax: (919) 829-1583
hallen@tharringtonsmith.com
N.C. State Bar No. 18884
*Counsel for Defendant*

/s/ Robert S. Wolf
Robert S. Wolf
MOSES & SINGER LLP
The Chrysler Building
405 Lexington Ave., 12th Floor
New York, NY 10174-1299
Phone: (212) 554-7825
Fax: (212) 554-7700
rwolf@mosessinger.com
*Counsel for Defendant*

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 35
## DEFENSE OF ENTRAPMENT

The defendant asserts that he was a victim of entrapment.

A person may not be convicted of a crime if that person was entrapped by the government to do the acts charged.

A person is entrapped when that person has no previous intent or disposition or willingness to commit the crime charged and is induced or persuaded by law enforcement officers, or by their agents, to commit the offense.

A person is not entrapped when that person has a previous intent or disposition or willingness to commit the crime charged and law enforcement officers, or their agents, merely provide what appears to be an opportunity to commit the offense.

In determining the question of entrapment, the jury should consider all of the evidence received in this case concerning the intentions and disposition of the defendant before encountering the law enforcement officers, or their agents, as well as the nature and the degree of the inducement or persuasion provided by the law enforcement officers, or their agents.

If you should find beyond a reasonable doubt from the evidence in the case that, before anything at all occurred respecting the alleged offense involved in this case, the defendant was ready and willing to commit the crime charged in the indictment, whenever opportunity was afforded, and that government officers or their agents did no more than offer the opportunity, then you should find that the defendant is not a victim of entrapment.

On the other hand, if the evidence in the case should leave you with a reasonable doubt whether the defendant had the previous intent or purpose to commit the offense charged, apart from the inducement or persuasion of some officer or agent of the government, then it is your duty to find the defendant not guilty.

The burden is on the government to prove beyond a reasonable doubt that the defendant was not entrapped.

You are instructed that a paid informer is an "agent" of the government for purposes of this instruction.

Authority: Fifth Circuit Pattern Jury Instructions 2019, § 1.30 and O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (6th ed. 2008, Volume 2B) (2020 Update), Instruction § 64:18 (modified).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 36
## ADVICE OF COUNSEL, ACCOUNTANT, OR PROFESSIONAL

If before taking or failing to take any action, the Defendant, while acting in good faith and for the purpose of securing advice on the lawfulness of his future conduct, obtained advice of an attorney, accountant, or professional whom he considered to be competent, and made a full and accurate report or disclosure to this attorney, accountant, or professional of all material facts of which he had knowledge or had the means of knowing, and then acted strictly in accordance with the advice of his attorney, accountant, or professional, then Defendant would not be willfully or deliberately doing wrong in taking or omitting some act the law requires, as those terms are used in these instructions.

Whether the Defendant acted in good faith for the purpose of truly seeking guidance as to questions about which he was in doubt, and whether he made a full and complete report or disclosure to his attorney, accountant, or professional, and whether he acted strictly in accordance with the advice received, are all questions for you to determine.

Authority: O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (5th ed. 2000, Volume 1A, Instruction § 19.07; *United States v. Powell*, 680 F.3d 350, 356 (4th Cir. 2012) *United States v. Witasick*, 2009 WL 2512423 at *12 (W.D. Virginia Aug. 18, 2009).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 37
VIDEOTAPED DEPOSITION AS SUBSTANTIVE EVIDENCE

When a person is unavailable to testify at trial, the videotaped deposition of that person may be used at the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The videotaped deposition of [*name of each witness to be provided*], which was taken on [*applicable date to be provided*] is about to be presented to you. You should consider videotaped deposition testimony in the same way that you consider the testimony of the other witnesses who have appeared before you, as I have and will instruct you further.

You are not to speculate as to why their testimony has been provided in this manner as it is not relevant to your consideration.


Authority: Rule 15, Federal Rules of Criminal Procedure; Ninth Circuit Pattern Criminal Instructions § 2.5.

## CERTIFICATE OF SERVICE

       I hereby certify that on this 9th day of March, 2020, I electronically filed the foregoing **DEFENDANT LEONID TEYF'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                 /s/ F. Hill Allen
                                                 F. Hill Allen
                                                 THARRINGTON SMITH, L.L.P.
                                                 P.O. Box 1151
                                                 Raleigh, NC 27602
                                                 Phone: (919) 821-4711
                                                 Fax: (919) 829-1583
                                                 hallen@tharringtonsmith.com
                                                 N.C. State Bar No. 18884
                                                 *Counsel for Defendant*