Attachment 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-00452-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **ADDITIONAL EXPERT DISCLOSURE** |
| v. | ) | **BY DEFENDANT** |
| | ) | |
| LEONID ISAAKOVICH TEYF | ) | |

Defendant Leonid Isaakovich Teyf, through undersigned counsel, previously identified Robert Wilson, a forensic accounting expert, to testify concerning the tracing analysis and other forensic techniques necessary to support the money laundering changes in this case, and specifically identified topics about which Mr. Wilson would testify, including an assessment as to the lack of any basis for tracing the wire transfers at issue to the proceeds of any alleged unlawful activity, and legitimate uses of offshore accounts and companies, such as reducing financial risk given unreliable bank protections in certain countries, established banking expertise, and financial efficiency.

Defendant Teyf contends that the previously provided summary is sufficient and appropriate under Rule 16 of the Federal Rules of Criminal Procedure, particularly in light of Drew Holiner's reliance on clearly inadmissible evidence in the summary of his testimony, dated December 9, 2019, provided by the Government. However, the following additional specifics as to opinions and bases and reasons therefor is provided concerning Robert Wilson's potential testimony, which may be presented subject to the actual testimony of fact witnesses called by the Government and Mr. Holiner. Mr. Wilson may be called upon to testify as to (i) the manner in which money laundering is investigated, including specific types of information that are

generally reviewed, (ii) the nature of evidence that is generally required to reliably conclude that money laundering has occurred, and (iii) how a claim of money laundering is generally established.

Additionally, if called to testify, Mr. Wilson would state that in order to conclude that money laundering had occurred, there should be legally sufficient evidence that (i) the funds in question were derived from criminal activity and could not have come from alternate sources, (ii) the defendant knew that the funds were the proceeds of criminal activity, and (iii) the defendant knowingly made transactions with these funds in a manner of attempting to conceal their source or that were otherwise improper.   Based on his experience as a forensic accountant, to establish money laundering, a detailed flow of funds must be established, which would identify: (i) the originating bank account (including, at least, the bank's name and location, the name of the account holder, the account number, and currency of funds in the account (together, the "Account Information")) and or other source of funds (such as cash or other property); (ii) each intermediary bank account (with Account Information) through which the funds flowed or were comingled with other funds setting out the opening and closing balances and co-mingling of funds and transfers; (iii) the value and date of each such transaction; (iv) the bank account in the United States to which the funds were transferred (with Account Information)..  The flow of funds would generally be presented in a spreadsheet, table or diagram that would trace the funds showing the link from criminal activity to the transactions in question.

Further, Mr. Wilson would expect information and documentation as to who issued the instructions to move the funds from the Russian bank accounts through intermediary bank accounts to bank accounts in the United States, (iv) an analysis of the companies, entities or individuals involved in the intermediary transfers and evidence of alleged illicit purposes of the

2

transfers, and (v) analysis of alternative sources of Defendant's Teyf's assets. Purported indicia of money laundering alonewithout actual evidence, is insufficient proof of money laundering. For instance, there are numerous legitimate purposes for the use of "offshore" companies and "offshore" accounts, including in Cyprus,the British Virgin Islands and other jurisdictions. Among other things, such companies and accounts are often used to (i) protect the funds, and generally reducing the risk of keeping funds in economically or politically unstable countries or non-democratic countries such as Russia, (ii) maintain the privacy and/or confidentiality of lawful activities of companies and individuals, (iii) address differences in laws in different countries, including corporate structures and activity that are permitted in some countries, but not others, (iv) take lawful advantage of different exchange and currency controls, (v) benefit from the protection of liability of individuals and investors provided in certain countries, (vi) obtain better banking and financial services that have developed in certain countries and (vii) lawfully reduce the tax burden of individuals and companies. Similarly, the use of a lawfully established entities, such as single purpose entities, should not be presumed to be problematic or evidence of money laundering without evidence of how the entity was improperly used.

      This the 5th day of March, 2020.

/s/ F. Hill Allen
F. Hill Allen
THARRINGTON SMITH, L.L.P.
P.O. Box 1151
Raleigh, NC 27602
Phone: 919) 821-4711
Fax: 919) 829-1583
hallen@tharringtonsmith.com
N.C. State Bar No. 18884
*Counsel for Defendant*

Robert S. Wolf

3

MOSES & SINGER LLP
The Chrysler Building
405 Lexington Ave., 12th Floor
New York, NY 10174-1299
Phone: (212) 554-7825
Fax: (212) 554-7700
rwolf@mosessinger.com
*Counsel for Defendant*

4

Case 5:18-cr-00452-FL   Document 522-2   Filed 03/10/20   Page 5 of 6

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 5th day of March, 2020, I electronically served a copy of the foregoing by email and hand delivery upon:

| | |
|---|---|
| Barbara D. Kocher | Jason M. Kellhofer |
| U.S. Attorney's Office | U.S. Attorney's Office |
| 150 Fayetteville Street, Suite 2100 | 150 Fayetteville Street, Suite 2100 |
| Raleigh, NC 27601 | Raleigh, NC 27601 |
| barb.kocher@usdoj.gov | jason.kellhofer@usdoj.gov |

                        /s/ F. Hill Allen
                        F. Hill Allen
                        THARRINGTON SMITH, L.L.P.
                        P.O. Box 1151
                        Raleigh, NC 27602
                        Phone: (919) 821-4711
                        Fax: (919) 829-1583
                        hallen@tharringtonsmith.com
                        N.C. State Bar No. 18884
                        *Counsel for Defendant*