IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:18-CR-452-1-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) UNITED STATES' EXPEDITED MOTION |
| | ) FOR ADMINISTRATIVE |
| | ) TELECONFERENCE |
| LEONID ISAAKOVICH TEYF, | ) |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby requests the Court urgently set an administrative conference to discuss the impact of this morning's order at D.E. 524, which severed Counts 27 through 29 and ordering trial to continue next week as to the remaining counts.

The government's primary purpose for the requested conference is to pose its request to proceed next week on Counts 27-29 and to later schedule trial for the remaining counts. In support, the government provides the following information and potential items for discussion:

1. At present, the Order severing Counts 27 through 29 would reduce the government's witness list for the remaining counts by one (1) witness for next week.

2. Upon receipt of the Order, the government immediately began reorganizing its evidence. As a result, the government recognized a number of issues that will require a number of evidentiary rulings. For example,

    a. Presentation by certain government witnesses and cross examination of those witnesses is likely to require the Government to utilize the severed counts and their underlying facts to provide

context.

b. As an example, one of the Government witnesses is testifying pursuant to a plea agreement that required the witness to plead guilty to aiding and abetting the defendant in bribing a government official.

c. He and another witness / co-operating defendant had an unlawful part in these severed counts, and their plea agreement benefits given include non-prosecution for that conduct.

d. Monies paid to at least one of the government's sources was for services in regard to the severed counts and took into account the degree of risk he had put himself in as well as why continuing assistance after December 2018 was even needed - thus leaving an unfair impression of why the witness was paid if not addressed.

e. A number of witnesses have strong safety concerns and fear of defendant, some of which emanates from the severed counts.

f. Evidence pertinent to the financial crimes, such as the Defendant's use of coded conversations, is known to witnesses due to the severed counts.

g. Government witnesses have contradictory statements first made to law enforcement and explanation will require disclosing their reasons for being untruthful which include concerns in relation to the severed counts.

h. Any inference by defense as to the lack of recorded information as

to money laundering, or lack of reason for recordings of money laundering conversations, or anything that draws in an inference that the government went after a mouse with an elephant gun will fairly call for response from the government.

    i. The transcripts heretofore in process to be used as exhibits will need to be substantially modified. The transcripts in their entirety had been prepared for admission, with parts designated for use. The severance Order requires the government re-think and re-do those transcripts, to seek to admit only references appropriate for money laundering, visa fraud, illegal acts with immigration, and the tax and FBAR charges.

3. These issues and others similar to them would best be served by allowing forethought and planning on both the parties and the Court to ensure a fair trial to both the defendant and the government. The government would request the Court reverse the order of trials, with Counts 27 – 29 going first, thus removing for the moment the larger more time-consuming issues. This would allow all witnesses to be fully cross-examined without posing issues of prejudice to the government, which would emanate from the reverse. Such would also provide the Court the opportunity to hear the evidence that is much of the government's 404(b) evidence and allow a ruling thereon as would apply to the remaining counts. Finally, reversal of trial order would also allow time for the government and defense to consider the more weighty, prejudicial, and concerning issues of paragraphs briefly noted above.

Attempt to reach local counsel for defendant for his position on this motion was made, but was unsuccessful.

Respectfully submitted this 11th day of March, 2020.

                                        ROBERT J. HIGDON, JR.
                                      United States Attorney

By:   */s/ Barbara D. Kocher*
       JASON M. KELLHOFER
       BARBARA D. KOCHER
       Assistant U.S. Attorney
       150 Fayetteville St. Suite 2100
       Raleigh, NC 27601
       Telephone: 919-856-4530
       Fax: 919-856-4487
       E-mail: jason.kellhofer@usdoj.gov
       OH Bar: 0074736
       E-mail:barb.kocher@usdoj.gov
       NC Bar: 16360

CERTIFICATE OF SERVICE

This is to certify that I have this 11th day of March 2020, served a copy of the foregoing filing upon counsel for the defendant in this action by filing with the CM/ECF, which will cause electronic service upon counsel of record.

By: */s/ Barbara D. Kocher*
JASON M. KELLHOFER
Assistant U.S. Attorney
150 Fayetteville St. Suite 2100
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
E-mail: jason.kellhofer@usdoj.gov
OH Bar: 0074736