IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CR-00452-FL-1

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LEONID ISAAKOVICH TEYF, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on its own initiative regarding certain filings made by the government.

On February 18, 2020, the government filed a motion for entry of protective order concerning disclosure of certain information related to its confidential source, a/k/a "Snowman" or "CS-2". (DE 473). In support of its motion, the government filed an ex parte, in camera addendum on the public docket, even though the document was captioned as under seal. (DE 475). In its memorandum opinion granting the government's request for protective order, the court pointed out the error:

> Though the government properly captioned its ex parte filing as "under seal," it failed to use the correct event on CM/ECF designating the document as a proposed sealed filing, making the document accessible to the public for a total of two days. The court corrected the government's oversight on its own initiative, upon realizing the government's mistake. It would behoove the government to more carefully inspect its filings at the outset.

(Mem. Op. (DE 493) at 2 n.2).

The court's warning apparently fell on deaf ears. On March 9, 2020, the government filed a motion in limine pertaining to cross-examination of the same individual regarding information

subject to the court's protective order. (DE 505). Again, the filing was captioned to be under seal, and again the document was placed on the public docket. The plea agreement attached in support of the motion, which was also on the public docket, contains some of the very information the government seeks to shield from public disclosure and moves to exclude from trial.

In an effort to remedy this apparent failure, the government moved to withdraw its motion and filed the same motion under seal. (DE 506, 508). However, no motion to seal DE 505 was made. The court granted the motion to withdraw DE 505. On March 9, 2020, the clerk sealed DE 505 at the government's request.

Absent a motion for appropriate relief, the court will not correct the government's failure merely at the government's request. Within 14 days of this order, the government is DIRECTED to file an appropriate motion to seal DE 505. If the government fails to do so, the court will unseal DE 505.

The government's repeated failure to protect the privacy interests of its confidential informant, even despite this court's earlier warning, warrants admonishment of the government's attorneys in this case. The clerk is DIRECTED to also serve a copy of this order on Robert J. Higdon, Jr., United States Attorney for the Eastern District of North Carolina.

SO ORDERED, this the 12th day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge