IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:18-CR-00452-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **GOVERNMENT'S PROPOSED** |
| | ) | **FORFEITURE JURY** |
| v. | ) | **INSTRUCTIONS (COUNTS 27-29)** |
| | ) | |
| LEONID TEYF, ET AL. | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, submits the following proposed jury instructions relating to the criminal forfeiture alleged in the Forfeiture Notice of the Superseding Criminal Indictment. These instructions are applicable in the event that the Defendant, Leonid Teyf, is convicted on any of the offenses charged in Counts 27-29 of the Fourth Superseding Indictment.

Respectfully submitted this 12th day of March, 2020.

           ROBERT J. HIGDON, JR.
           United States Attorney

      By: */s/ Matthew L. Fesak*
        JASON M. KELLHOFER
        BARBARA D. KOCHER
        MATTHEW L. FESAK
        Assistant U.S. Attorney
        150 Fayetteville St. Suite 2100
        Raleigh, NC 27601
        Telephone: 919-856-4530
        E-mail: jason.kellhofer@usdoj.gov
        OH Bar: 0074736
        E-mail: barb.kocher@usdoj.gov
        NC Bar: 16360
        E-mail: matthew.fesak@usdoj.gov
        NC Bar: 35276

1

# UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 1
## (INTRODUCTION)

Ladies and Gentlemen of the Jury, in view of your verdict, you have one more task to perform before you are discharged. What you must now do is render special verdicts concerning property that the government has alleged is subject to forfeiture to the United States.

"Forfeiture" means to be divested or deprived of the ownership of something as a penalty for committing a crime.

There are two separate statutes providing for the forfeiture of property in this case: one based on certain offenses such as bribery and murder-for-hire, and one based on crimes involving firearms. With respect to the first of these, federal law provides that any property which constitutes or is derived from proceeds traceable to certain offenses such as bribery and murder-for-hire is subject to forfeiture. Finally, federal law provides that any firearms and ammunition used in or involved in a crime are subject to forfeiture.

As to each item of property for which the government seeks forfeiture, you must determine whether that property is connected to the underlying crime in the way the statute provides. I will define these terms for you in a moment.

The items that the government is seeking to forfeit, which includes currency and firearms, will be listed for you on a special verdict form, which I will give you before you retire to consider your verdict.

| | |
|---|---|
| Authority: | 18 U.S.C. § 981(a)(1)(C) ("The following property is subject to forfeiture to the United States: . . . (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.") |
| | 18 U.S.C. § 924(d)(1) ("Any firearm or ammunition involved in or used in any knowing violation of subsection … (k) of section 922, …, or any violation of any other criminal law of the United States, …, shall be subject to seizure and forfeiture….") |
| | 28 U.S.C. § 2461(c) ("If a forfeiture of property is authorized in connection with a violation of an Act of Congress, and any person is charged in an indictment or information with such violation but no specific statutory provision is made for criminal forfeiture upon conviction, the Government may include the forfeiture in an indictment or information in accordance with the Federal Rules of Criminal Procedure, and upon conviction, the court shall order the forfeiture of the property in accordance with the procedures set for in section 413 of the Controlled Substances Act (21 U.S.C. § 853), other than subsection (d) of that section.") |
| | Fed. R. Crim. P. 32.2(b)(1) ("As soon as practicable after entering a guilty verdict . . . on any count in an indictment . . . with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute.") |
| | Fed. R. Crim. P. 32.2(b)(5)(B) ("If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.") |

3

Case 5:18-cr-00452-FL   Document 528   Filed 03/12/20   Page 3 of 14

# UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 2

## (FINDING OF GUILT IS CONCLUSIVE)

I instruct you that your previous finding that the defendant is guilty is final, conclusive, and binding. Because you are bound by your previous finding that the defendant is guilty, I direct you not to discuss in your forfeiture deliberations whether the defendant is guilty or not guilty of the offenses for which you have already found him guilty.

Authority: United States v. Warshak, 631 F.3d 266, 331 (6th Cir. 2010) (affirming district court's refusal to let defendant introduce evidence tending to show his conduct was not illegal; in the forfeiture phase the legality of the conduct is "no longer a live issue"; the only question is the nexus between the conduct and the offense).

# UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 3

## (GOVERNMENT'S BURDEN OF PROOF)

With one important exception, all of my previous instructions will continue to apply to your deliberations. As to the exception, I instruct you that the government's burden of proof is not beyond a reasonable doubt.

Instead, in this phase of the trial, the government's burden of proof is by the preponderance of the evidence. Preponderance of the evidence is a lesser standard than beyond a reasonable doubt. To prove something by a preponderance of the evidence is to prove that it is more likely true than not true. While deliberating, you may consider any evidence offered by the parties at any time during this trial.

Otherwise, all of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, your duty to deliberate, and the necessity of a unanimous verdict, will continue to apply with respect to your verdicts regarding forfeiture.

Authority:    United States v. Tanner, 61 F.3d 231, 234-35 (4th Cir. 1995), cert. denied, 116 S.Ct. 925 (1996) (preponderance); Libretti v. United States, 516 U.S. 29, 39 (1995) (§ 853 - criminal forfeiture is part of sentencing); United States v. Bornfield, 145 F.3d 1123, 1134 (10th Cir. 1998), cert. denied, 120 S.Ct. 986 (2000) (§ 982 - preponderance); United States v. Myers, 21 F.3d 826, 829 (8th Cir. 1994), cert. denied, 115 S.Ct. 742 (1995) (§ 982 and § 853 - preponderance); United States v. Rutgard, 116 F.3d 1270, 1293 (9th Cir. 1997) (§ 982 - preponderance).

United States v. Bornfield, 145 F.3d 1123, 1134 (10th Cir. 1998), cert. denied, 120 S.Ct. 986 (2000) (quoting jury

5

instruction that while deliberating on forfeiture "you may consider any evidence offered by the parties before your previous deliberations")

# UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 4

## (DUTY NOT TO CONSIDER CERTAIN ISSUES TO BE DECIDED BY THE COURT)

I further instruct you that what happens to property, if any, that is declared forfeited is exclusively a matter for the court to decide.

You should not consider what might happen to the property in determining whether the property is subject to forfeiture. You should disregard claims, if any, that other persons may have to the property. The interests that other persons may have in the property, if any, will be taken into account by the court at a later time.

Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the court at a later time.

You are also not to consider whether the property is presently available. That matter also will be considered solely by the court in imposing sentence.

Your sole concern now is to determine whether the requisite connection, as I am about to describe to you, exists between the property that the government alleges should be forfeited and the criminal offenses for which you have already found the defendant guilty.

Authority: Fed. R. Crim. P. 32.2(b)(2) (deferring third-party claims until an ancillary proceeding) and 32.2(c)(1) (no ancillary proceeding required if the forfeiture consists only of a money judgment); 21 U.S.C. § 853(k) (barring intervention by third parties in forfeiture proceedings) & § 853(n)(setting up an exclusive procedure for the court to address third party claims post-trial).

United States v. Cox, 575 F.3d 352, 358 (4th Cir. 2009) ("Rule 32.2 requires the issuance of a preliminary order of forfeiture when the proper nexus is shown, *whether or not* a third party claims an interest in the property") (emphasis in original); United States v. Andrews, 530 F.3d 1232, 1236 (10th Cir. 2008) (when the court determines the forfeitability of the property pursuant to Rule 32.2(b)(1), it does not – "and indeed may not" – determine the rights of third parties in the property; the ownership issue is deferred to the ancillary proceeding); United States v. Nava, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that questions of ownership "were not before them"; therefore, jury's return of special verdict of forfeiture says nothing about the ownership of the property).

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 5**

(18 U.S.C. § 981; DEFINITIONS)

Section 981(a)(1)(C) of Title 18 of the United States Code provides, in part, that anyone convicted of a violation of 18 U.S.C. § 201, the bribery statute, or 18 U.S.C. § 1958, the murder-for-hire statute, shall forfeit to the United States "any property, real or personal, which constitutes or is derived from proceeds traceable to" the offense.

I instruct you that "proceeds" means property of any kind obtained, directly or indirectly, as the result of the commission of the offense, and any property traceable thereto. In other words, "proceeds" means money or other property that would not have been obtained or retained but for the commission of the crime. "Proceeds" means gross proceeds, meaning they are not limited to the net gain or profit realized from the offenses, and the defendant is not entitled to have expenses deducted from this figure.

Property "traceable to" the proceeds of an offense includes property that was acquired or maintained with the proceeds. Property remains forfeitable as "proceeds" even if it changes form from one thing to another – for example, if cash proceeds are used to purchase some other form of property – or if it has changed or appreciated in value since the time it was initially acquired.

The government alleges that certain properties are forfeitable because they constitute proceeds of the bribery offense charged in Count 27 and the murder-for-

9

hire offense charged in Count 28 of the Fourth Superseding Indictment. These properties are set out in a Special Verdict Form which I will give you before you retire to deliberate. As to each property you must determine whether or not the applicable connection exists.

    Authority:    18 U.S.C. § 981(a)(1)(C); Id. § 981(a)(2)(A) (gross proceeds forfeitable with respect to any offense "involving illegal goods, illegal services, unlawful activities, and telemarketing and health care fraud schemes"); United States v. Farkas, 2011 WL 5101752, at *3 (E.D. Va. Oct. 26, 2011) (adopting the "but for" test for proceeds), aff'd 474 F. App'x 349, 359-60 (4th Cir. 2012); United States v. Real Property Located at 22 Santa Barbara Dr., 264 F.3d 860, 869 (9th Cir. 2001) (appreciation); United States v. Jackson, 718 F. Supp. 1288, 1291 (N.D.W.V. 1989) (changed form).

# UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 6

## (18 U.S.C. § 924; DEFINITIONS)

Section 924(d)(1) of Title 18 of the United States Code provides, in part, that anyone convicted of certain federal crimes involving the use or possession of a firearm or ammunition shall forfeit to the United States "any firearm or ammunition involved in or used in" the offense.

These words must be construed according to their ordinary meaning.

The ordinary meaning of "involved" is to be included or have a part in the crime, to relate closely to the criminal conduct, or to require as a necessary accompaniment of the criminal conduct.

The ordinary meaning of "use" is to utilize or employ in accomplishing the crime.

In either case, the property must have more than an incidental or fortuitous connection to criminal activity.

The government alleges that certain properties are forfeitable because they constitute firearms or ammunition involved in or used in the murder-for-hire offense charged in Count 28 and/or the possession of a firearm with an obliterated serial number offense charged in Count 29 of the Fourth Superseding Indictment. These properties are set out in a Special Verdict Form which I will give you before you retire to deliberate. As to each property you must determine whether or not the applicable connection exists.

11

Authority: 18 U.S.C.§ 924(d)(1); United States v. Cheeseman, 600 F.3d 270 (3d Cir. 2010).

# UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 7
(SPECIAL VERDICT FORM)

A Special Verdict Form has been prepared for you. The Special Verdict Form lists the property which the government asserts is forfeitable pursuant to each statute previously discussed. You will decide the question of whether the requisite connection, as I just described to you, exists between the property that the government alleges should be forfeited and each offense for which you have already found the defendant guilty.

First, you will be asked to determine what property, if any, constitutes or is derived from proceeds traceable to the offenses charged in Counts 27 and 28 of the Fourth Superseding Indictment.

Finally, you will be asked to determine what firearms and ammunition, if any, were involved in the offenses charged in Counts 28 and 29.

The same property can be forfeitable for more than one reason. You must indicate on the special verdict form every reason for which you find a given property forfeitable. The Court will consider any issue relating to double counting during sentencing.

You will now take the Special Verdict Form to the jury room and, when you have reached unanimous agreement, you will have your foreperson write your verdicts, date and sign the form, and then return with your verdicts to the courtroom.

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 12th day of March, 2020, served a copy of the foregoing Government's Proposed Forfeiture Jury Instructions upon counsel for the defendant electronically via ECF:

F. Hill Allen, IV
Tharrington Smith
150 Fayetteville Street, Suite 1800
Raleigh, NC 27601
Email: hallen@tharringtonsmith.com

Robert S. Wolf
Michael M. Rosenberg
Moses & Singer
405 Lexington Avenue, 12th Floor
New York, NY 10174
Email: rwolf@mosessinger.com
*Counsel for Defendant Leonid I. Teyf*

By: */s/ Matthew L. Fesak*
JASON M. KELLHOFER
BARBARA D. KOCHER
MATTHEW L. FESAK
Assistant U.S. Attorney
150 Fayetteville St. Suite 2100
Raleigh, NC 27601
Telephone: 919-856-4530
E-mail: jason.kellhofer@usdoj.gov
OH Bar: 0074736
E-mail: barb.kocher@usdoj.gov
NC Bar: 16360
E-mail: matthew.fesak@usdoj.gov
NC Bar: 35276