# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

No. 5:18-CR-00452-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LEONID ISAAKOVICH TEYF, | ) | |
| | ) | |
| Defendant. | ) | |

This case, wherein trial was set September 10, 2019, to commence March 16, 2020, came before the court for administrative hearing March 12, 2020, at the government's request, to consider the order of trial where certain counts recently were severed upon defendant's motion. [DE 525]. The court memorializes herein certain conference findings and conclusions.

## BACKGROUND

On March 11, 2020, the court ordered trial of counts 27–29 of the Fourth Superseding Indictment ("MFH counts") severed from trial of the remaining counts against defendant, upon defendant's motion. The court directed that trial of the remaining counts against defendant commence on March 16, 2020, as originally scheduled, with the MFH counts to be tried later. The government immediately requested administrative conference to consider whether the MFH counts should be tried beginning March 16, 2020, and the remaining counts tried later. The court agreed to conference by telephone, which was set for this morning.

Defendant's scattershot opposition to the MFH counts being tried first, as stated at conference, rested on desire to adhere to the court's original schedule, concern about continued

maintenance of a freeze on defendant's assets, the seriousness of the MFH counts, and fear of the effects of that virus now identified as Covid-19. Defendant, through counsel, also alluded to the benefits of not commencing any trial until March 18, 2020, to permit the parties to reach some agreed upon decisions on certain evidentiary issues. Defendant's opposition ultimately crystalized in a request for a 30-day hold on any trial setting.

The court concluded the conference to permit the parties a brief period of time to discuss issues between themselves, to see if any agreements could be reached. This respite proved unproductive. Conference with the court resumed at 12 noon, after brief break, with the government desirous of trial on the MFH counts beginning March 16, 2020, and defendant insistent on delay.

## COURT'S DISCUSSION

Defendant's motion for reconsideration, while well-taken, was not filed until March 5, 2020, which occasioned the fact of severance so close to trial.[1] The question of what to try first in an already complicated case necessarily then raised itself. The government has pointed out grave issues concerning if the court's order of trial announced yesterday were to prevail.

The MFH counts long have been a part of this case. The government's reasons why the MFH counts should first be tried are well-considered ones. When asked to identify any issue which must be resolved prior to trial of the MFH counts, defendant was unable to identify any specific one. While defendant did refer to a motion by the government under seal, filed March 9,

---

[1] The court denied defendant's original motion to sever on February 6, 2020. Defendant was heard to complain of the decision at pretrial conference on February 10, 2020. The court inquired if a motion then was being made seeking the court to reconsider its decision. Counsel indicated he was not then moving for the court to reconsider the motion to sever. Not quite a month later, on March 6, 2020, just days prior to commencement of trial, defendant filed his motion, raising substantially the same arguments as those made at pretrial conference the month before.

2020, as raising issue which must be decided before opening statements are given, the court disagreed that decision thereon must emanate on such a schedule. The MFH counts as determined at conference today will be tried first, followed by trial of the remaining counts against defendant, to commence on a date to be determined.

Defendant's thoughts turned towards Covid-19 as conference continued. The court declined to suspend trial activities for a month as requested by defendant. The court is not aware of any person having been diagnosed with the virus in any county from which the jury pool will be formed. Procedures are in place anyway for any potentially ill juror to seek dispensation. The court undertook meeting today with representatives of General Services Administration (GSA), about the need for enhanced building cleaning, especially during trial, and discussed also with its Clerk of Court need for a sizeable supply of hand sanitizer to be readily available during this period.

Trial on the MFH counts is expected to last around four days, making for a much shorter trial than what is anticipated as necessary for the other counts against defendant. A trial of three weeks' length originally was contemplated when the trial was first set on all counts. Expected duration of trial on the MFH counts is more accommodating of any uncertainties of this time.

Counsel for defendant was given, however, over the government's opposition, an additional day to prepare for trial. Trial on the MFH counts now will commence March 17, 2020. Upon its conclusion the court will address scheduling of trial on the other counts, and take into consideration the defendant's request for a further continuance.

## CONCLUSION

For the reasons stated herein, trial of counts 27–29 of the Fourth Superseding Indictment will commence on Tuesday, March 17, 2020, at 9:00 a.m.

SO ORDERED, this the 12th day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge