IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:18-CR-452-1-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | UNITED STATES |
| ) | RESPONSE TO COURT ORDER |
| ) | AT DE 535 |
| ) | |
| LEONID ISAAKOVICH TEYF, ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, now provides response to the Court's Order at DE 535.

## BACKGROUND

As set forth within the Court's Order at DE 532, conference took place on March 12, 2020, amongst counsel and the Court. At this conference, defendant requested a continuance of 30 days based on concerns of juror inability to focus on trial matters due to concerns of the Covid-19 matter. The government objected to this concern as a basis for continuance and asserted that the *voir dire* process could ensure a fair trial. The Court concluded that a continuance was not in the best interest of justice and also took additional steps as outlined within DE 532 to frame its opinion that trial could safely continue next week.

After the Court had issued its ruling, the Chief Judge for the Eastern District of North Carolina issued a standing order (20-SO-4), which set forth stringent limitations as to who might enter any U.S. Courthouse within the Eastern District of North Carolina. This includes persons who have traveled to certain countries or regions within the last 14 days, have had close contact with such persons, who have

been asked to self-quarantine by health providers, who have been diagnosed with Covid-19 or been around such persons, or have a fever, cough, or shortness of breath. Per the standing order, "these restrictions will remain in place temporarily until it is determined to be safe to remove them."

In light of the issuance of the standing order, this Court directed by text order at DE 535 that all that counsel in this case certify by 2pm on March 13, 2020, that both counsel, anyone working with counsel who will need to enter the courthouse, and any anticipated witness be 1) knowledgeable of the standing order's terms; 2) compliant at present with terms permitting entry into the United States Courthouse at New Bern; and 3) cognizant of the continuing obligation to monitor and report should any issue bearing on entry arise prior to any scheduled courthouse visit.

Upon consideration of the standing order and initial attempts to ensure compliance, as well as discussion with defense counsel, the government withdrew its prior objection to defense counsel's previously sought continuance. See DE 536.

## RESPONSE

The government had intended that its filing earlier today at DE 536 to be responsive to the court's order at DE 535; however, to ensure a proper response, the government has just completed contact with all but one witness and thus now states:

Counsel for the government has had overseas travel within the last month wherein there was close contact with individuals from Japan.[1] Counsel has additionally been in close contact with friends, co-workers, and family members within the past 14 days who have been ill with at least one or more symptoms that

---

[1] This was not within the 14 day period specified by the Standing Order but is provided in an abundance of caution.

would include coughing and or fever. Counsel is not however exhibiting any symptoms of illness.

Support personnel for the Government have traveled internationally, but not to locations presently listed within the Standing Order. They are unware of being around any individuals who may have been ill.

At least one Government witness had had travel to Japan within the past 14 days. That witness has not felt well, but that has been attributed to sinus infection. This witness was not tested specifically for Covid-19, but received a virus test which returned negative.

Another witness has noted coughing, but is attributing this to sinus infection.

Another witness for the government next week is a prisoner and the government has not yet been able to determine who he has been in contact with.

With exception of the witness who is a prisoner, the government has informed all witnesses of the standing order and the necessity of being in compliance. The remaining witnesses state they believe themselves to be in compliance and understand that they are to immediately notify the government should they believe they are not longer in compliance with the standing order's requirements for entry into a courthouse within the Eastern District of North Carolina.

ROBERT J. HIGDON, JR.
United States Attorney

By: */s/ Jason M. Kellhofer*
JASON M. KELLHOFER
BARBARA D. KOCHER
Assistant U.S. Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
E-mail: jason.kellhofer@usdoj.gov
OH Bar: 0074736
E-mail:barb.kocher@usdoj.gov
NC Bar: 16360

## CERTIFICATE OF SERVICE

This is to certify that I have this 13th day of March 2020, served a copy of the foregoing filing upon counsel for the defendant in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to:

| | |
|---|---|
| F. Hill Allen | Robert S. Wolf |
| Tharrington Smith, L.L.P. | Moses & Singer, L.L.P. |
| P.O. Box 1151 | 405 Lexington Ave. 12th Floor |
| Raleigh, NC 27602 | New York., NY 10174-1299 |

By: */s/ Jason M. Kellhofer*
JASON M. KELLHOFER
Assistant U.S. Attorney
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
E-mail: jason.kellhofer@usdoj.gov
OH Bar: 0074736