IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:18-CR-452-1-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | UNITED STATES' RESPONSE TO |
| | ) | DEFENDANT'S MOTION IN |
| | ) | LIMINE (D.E. 568) |
| LEONID ISAAKOVICH TEYF, | ) | |
| Defendant. | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds in opposition to defendant's omnibus motion in limine to exclude evidence from trial.

In the main, defendant uses the motion in limine to contest further the evidence noticed by the government in its 404(b) filing and supplement. See D.E. 472 and 559. The government incorporates by reference and relies upon these prior filings in response to defendant's designated Motions in Limine 3, 4, 5, 6, and 7 within D.E. 568.

As to Motion in Limine 2, the government does not intend to offer evidence of the Utah charges, or evidence singular to the money laundering counts at the trial on Counts 27 through 29. Likewise, the government does not intend to offer evidence of Teyf's bribery activity related to the former Russian Defense Minister.

As to Motion in Limine 1, defendant asserts under FRE 402 that Teyf's ownership or possession of any weapon other than the firearm specific to Count 29 "is simply irrelevant to whether he intended to kill A.G. (Count 27)…" See D.E. 568 at 3. Moreover, defendant asserts that under FRE 403, this evidence would be highly prejudicial as it lacks any relevance. Id. In addition, referencing FRE 404(b),

1

Case 5:18-cr-00452-FL   Document 579   Filed 05/01/20   Page 1 of 3

defendant asserts that TEYF's gun ownership would also be "quintessential character evidence forbidden by Rule 404(b))." What the defendant fails to acknowledge is a recording in which TEYF explicitly refers to ALL of his guns when contemplating the means by which A.G. could be murdered and that he will check to determine if they could be used; or a follow up recording in which TEYF explicitly informs the assassin-to-be that TEYF's firearms cannot be used because each can be traced back to him. The relevance is apparent. The prejudice is high, as evidence indicating one had knowledge his acts were illegal should be, but it is certainly not unfair in light of the extreme probative value. Rule 404(b) is inapplicable.

For these reasons, the defendant's motion in limine (D.E. 568) should be denied.

Respectfully submitted this 1st day of May, 2020.

        ROBERT J. HIGDON, JR.
        United States Attorney

By:   */s/ Barbara D. Kocher*
      JASON M. KELLHOFER
      BARBARA D. KOCHER
      Assistant U.S. Attorney
      150 Fayetteville St., Suite 2100
      Raleigh, NC 27601
      Telephone: 919-856-4530
      Fax: 919-856-4487
      E-mail: jason.kellhofer@usdoj.gov
      OH Bar: 0074736
      E-mail: barb.kocher@usdoj.gov
      NC Bar: 16360

## CERTIFICATE OF SERVICE

This is to certify that I have this 1st day of May 2020, served a copy of the foregoing filing upon counsel for the defendant in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF system that will send notification of such filing to:

F. Hill Allen
Tharrington Smith, L.L.P.
P.O. Box 1151
Raleigh, NC 27602

Robert S. Wolf
Moses & Singer, L.L.P.
405 Lexington Ave. 12th Floor
New York., NY 10174-1299

By: */s/ Barbara D. Kocher*
BARBARA D. KOCHER
Assistant U.S. Attorney
150 Fayetteville St., Suite 2100
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
E-mail: barb.kocher@usdoj.gov
NC Bar: 16360