UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-00452-FL(3)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | STIPULATED JUDICIAL ORDER |
| v. ) | O F  R E M O V A L |
| ) | A# 210 021 799 |
| LEONID ISAAKOVICH TEYF ) | |

Upon the Application of the United States; upon the Factual Allegations in Support of Judicial Order of Removal; upon the statement and consent of defendant Leonid Isaakovich Teyf and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native of Belarus and a citizen of Belarus, Israel, and Russia.

3. The defendant entered the United States at New York, New York, as a nonimmigrant visitor for pleasure on April 11, 2010.

4. The defendant became a permanent resident in the United States on August 29, 2011.

5. At the time the defendant adjusted his status to a permanent resident he was an alien who was inadmissible at the time of entry or adjustment of status, as an alien who by fraud or willfully misrepresented a material fact sought to procure or procured a visa, other documentation, or admission into the United States.

1

Specifically, the defendant knowingly and willfully caused the filing of a petition for a nonimmigrant worker (I-129) on his behalf through Delta Plus, LLC, d/b/a Doctors Express as a L-1A "multinational executive or manager" when in fact the defendant knew he had no intention of being employed by Delta Plus LLC, d/b/a Doctors Express. On December 28, 2010, the defendant, through Delta Plus, LLC, d/b/a Doctors Express filed an application to register permanent residence and adjust status (I-485) concurrently with a Form I-140; both applications were approved on August 29, 2011. At the time the defendant submitted the I-485 he knowingly made material misrepresentations regarding his employment on the Form I-129 and Form I-140 visa applications. The defendant thereafter adjusted his status to that of a permanent resident and failed to disclose the prior material misrepresentations on the visa application. The defendant traveled and presented the fraudulently obtained permanent resident documentation in order to gain admission to the United States.

6. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Eastern District of North Carolina, of Counts Twenty-Seven, Thirty-One, and Forty-Four of the Indictment, charging bribery Title 18, United States Code, Section 201(b)(1)(A), visa fraud, in violation of Title 18 United States Code, Section 1546(a), and false statements on tax returns, in violation of Title 26, United States Code, Section 7206(1).

7. The maximum term of imprisonment for a violation of Title 18, United States Code, Section 201(b)(1)(A) is 15 years. The maximum term of imprisonment for a violation of Title 18, United States Code, Section 1546(a) is 10 years, the

maximum term of imprisonment for a violation of Title 26 United States Code, Section 7206(1) is three (3) years. Given that the defendant pleaded guilty pursuant to a plea agreement to Counts Twenty-Seven, Thirty-One, and Forty-Four of the Indictment the maximum sentence faced by the defendant for having violated Counts Twenty-Seven, Thirty-One, and Forty-Four of the Indictment is 28 years' imprisonment.

8. The defendant is, and at sentencing will be, subject to removal from the United States pursuant to: (1) Section 237(a)(1)(A) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1227 (a)(1)(A), as an alien who, at the time of entry or adjustment of status, was within one or more classes of aliens inadmissible by the law existing at such time, to wit: Section 212(a)(6)(C)(i) of the INA, as amended, 8 U.S.C. § 1182(a)(6)(C)(i) as an alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this Act; and (2) Section 237(a)(2)(A)(iii) of the INA, as amended, 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who is not a native or citizen of the United States, who is a native of Belarus and citizen of Belarus, Israel, and Russia, and who was convicted of an aggravated felony at any time after admission, to wit: Section 101(a)(43)(P) of the INA, as amended, 8 U.S.C. § 1101(a)(43)(P); and (3) Section 237(a)(3)(B)(iii) of the INA, as amended, 8 U.S.C. § 1227(a)(3)(B)(iii), as an alien who at any time has been convicted of a violation of, or an attempt or conspiracy to violate, 18 U.S.C. § 1546(a); and (4) Section 237(a)(2)(A)(ii), as amended, 8 U.S.C. § 1227(a)(2)(A)(ii), as an alien who at any time after admission is convicted of two or

more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct.

9. The defendant has waived his right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

10. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Sections 237(a)(1)(A), 237(a)(2)(A)(iii), 237(a)(3)(B)(iii), and 237(a)(2)(A)(ii) of the INA, as amended, 8 U.S.C. §§ 1227(a)(1)(A), 1227(a)(2)(A)(iii), 1227(a)(3)(B)(iii), 1227(a)(2)(A)(ii) and Section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant is ordered removed from the United States to: in the first instance, Belarus, or upon refusal of Belarus to accept him, in the alternative Israel, or upon refusal of Israel to accept him, in the alternative Russia promptly upon his completion of a term of imprisonment, if any.

IT IS SO ORDERED this 9th day of _____, 2021.

LOUISE W. FLANAGAN
United States District Judge